**No. 25-1644**

In the United States Court of Appeals
for the Third Circuit

BETTE EAKIN, *et al.*,
*Plaintiff-Appellees*

*v.*

ADAMS COUNTY BOARD OF ELECTIONS, *et al.*,
*Defendant-Appellees*

REPUBLICAN NATIONAL COMMITTEE, et al.,
*Intervenor-Defendant-Appellants.*

**On Appeal from the United States District Court for the Western District of Pennsylvania**
**No. 1:22-cv-340 (Baxter, J.)**

# INTERVENOR-DEFENDANTS-APPELLANTS' UNOPPOSED MOTION TO EXPEDITE

Thomas E. Breth
Thomas W. King, III
DILLON MCCANDLESS KING COULTER & GRAHAM
128 W Cunningham Street
Butler, PA 16001
tbreth@dmkcg.com
tking@dmkcg.com

Kathleen A. Gallagher
GALLAGHER FIRM
436 Seventh Avenue
30th Floor
Pittsburgh, PA 15219
Phone: 412-308-5512
kag@gallagherlawllc.com

John M. Gore
E. Stewart Crosland
Louis J. Capozzi, III
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com
lcapozzi@jonesday.com

*Counsel for Intervenor-Appellants*

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 27 and Local Appellate Rule 4.1, Intervenor-Appellants Republican National Committee, National Republican Congressional Committee, and Republican Party of Pennsylvania ("Appellants") respectfully request that the Court expedite the briefing, argument, and disposition of this appeal concerning the constitutionality of Pennsylvania's longstanding requirement that voters date their absentee and mail-in ballot envelopes.

Expedition is needed to ensure clear and stable rules in advance of Pennsylvania's 2025 general election. Pennsylvanians begin casting absentee and mail-in ballots on September 16—about five months from today. At some reasonable point before that date, "the rules [for the election] should be clear and settled." *Democratic Nat'l Comm. v. Wis. State. Leg.*, 141 S. Ct. 28, 31 (2020) (Kavanaugh, J., concurral); *see Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006) (per curiam); *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 589 U.S. 423, 424 (2020) (per curiam).

Moreover, it would be highly prejudicial to Appellants, their candidates and voters, and all Pennsylvanians to withhold review until after the 2025 general election in which Pennsylvanians will cast their ballots for a host of offices, including statewide judicial offices. The General Assembly's date requirement has governed Pennsylvania's elections for decades. It has even governed recent

elections despite serial litigation challenging it in state and federal court. *See, e.g.*, *Ball v. Chapman*, 289 A.3d 1 (Pa. 2023); *Baxter v. Philadelphia Bd. of Elections*, 325 A.3d 645 (Pa. 2024).

The District Court previously enjoined enforcement of the date requirement before the 2023 general election. Although this Court eventually reversed and *upheld* the date requirement, *Pa. State Conf. of NAACP Branches v. Secretary Commonwealth of Pa.*, 97 F.4th 120, 135 (3d Cir. 2024), a Republican incumbent lost his office because undated mail ballots were counted in compliance with the District Court's order and defiance of the General Assembly's duly enacted date requirement, *In re Contest of Nov. 7, 2023 Election of Towamencin Twp.*, No. 1482 C.D. 2023, 2024 WL 1515769, at *8–9 (Pa. Commw. Ct. Apr. 8, 2024). Indeed, three Republican candidates since 2020 have lost elections solely because undated mail ballots were counted in defiance of Pennsylvania law. *See* Anderson Decl. ¶¶ 32–36.

To preserve the General Assembly's clear election rules in advance of the 2025 general election, Appellants could ask this Court for a stay—which the Court granted the last time the District Court enjoined the date requirement. *See* Order Granting Stay Pending Appeal, *Pa. State Conf. of NAACP v. Secretary Commonwealth of Pa.*, No. 23-3166, ECF 43 (3d Cir. Dec. 13, 2023). However, Appellants believe that all parties and the Court would benefit instead from orderly

but expedited merits proceedings. Therefore, Appellants respectfully ask this Court to grant their motion to expedite this appeal and to adopt the following briefing schedule:

Appellants' Opening Briefs: **May 19, 2025**

Appellees' Response Briefs: **June 18, 2025**

Appellants' Reply Briefs: **July 2, 2025**

Appellants are available to appear for oral argument at the Court's earliest convenience following the conclusion of the briefing.

Undersigned counsel for Appellants contacted counsel for the other parties on April 14, 2025. Plaintiffs-Appellees Bette Eakin, DSCC, DCCC, and AFT Pennsylvania do not object to this motion and agree to the proposed briefing schedule. The Lancaster County and York County boards of election consent to this motion. The Clarion County, Potter County, Susquehanna County, and Tiago County boards of elections have no objection to this motion. Twenty-seven county boards of election take no position on this motion or the proposed briefing schedule.[1] Counsel for the remaining parties did not state a position prior to the filing of this motion.

[1] Allegheny, Adams, Bedford, Berks, Bucks, Carbon, Centre, Columbia, Dauphin, Franklin, Greene, Huntington, Indiana, Jefferson, Lackawanna, Lawrence, Lebanon, Lehigh, Luzerne, Monroe, Montour, Northumberland, Perry, Philadelphia, Snyder, Venago, and Westmoreland.

**BACKGROUND**

Pennsylvania's General Assembly has required absentee voters to date their envelopes for decades. *E.g.*, Pa. Stat. § 3146.6(a) (1998 ed.). When the General Assembly adopted universal mail-in voting in 2019, it extended the requirement to mail-in voters. *See Pa. State Conf. of NAACP*, 97 F.4th at 126. The date requirement is straightforward: It merely mandates that voters date their envelope before returning the completed ballot. 25 Pa. Stat. §§ 3146.6(a), 3150.16(a). When that date is missing or incorrect, the ballot is "invalid as a matter of Pennsylvania law." *Ball*, 289 A.3d at 28. This is a neutral, nondiscriminatory ballot-casting rule, and the burden that it imposes is negligible compared to the "usual burdens of voting." *Brnovich v. Democratic Nat'l Comm.*, 594 U.S. 647, 678 (2021).

The date requirement has been the subject of incessant litigation in recent years. In multiple cases, including before this Court, litigants maintained that the date requirement violated the federal Materiality Provision, 52 U.S.C. § 10101(a)(2)(B). The Pennsylvania Supreme Court rejected that contention. *Ball v. Chapman*, 284 A.3d 1189, 1192 (Pa. 2022); *see Ball*, 289 A.3d 1. And this Court did too, while also holding that the date requirement cannot violate any right to vote because it is "implausible that federal law bars a State from enforcing vote-casting rules that it has deemed necessary to administer its elections." *Pa. State Conf. of NAACP*, 97 F.4th at 135.

After this Court remanded in *Pennsylvania NAACP*, the District Court enjoined the date requirement again in a parallel case. *See* Order, *Eakin v. Adams Cnty. Bd. of Elections*, No. 1:22-cv-340, 1–2 (W.D. Pa. 2025) (ECF No. 439) ("Order"). *First*, it concluded that this mail-voting regulation violates the constitutional right to vote—*even though* the Supreme Court has held that there is *no* constitutional right to vote by mail in the first place. *See* Memorandum Opinion, No. 1:22-cv-340, 11–12 (W.D. Pa. 2025) (ECF No. 438) ("Op."); *McDonald v. Bd. of Election Comm'rs*, 394 U.S. 802, 809–11 (1969). *Second*, although the District Court acknowledged that the date requirement imposes "only a minimal burden" on the right to vote, it concluded that a rule imposing "even the slightest burden" must be subject to a judicial "balancing" test. Op. 10, 15, 20. And *third*, the District Court rejected the interests advanced by the date requirement and refused to defer to the General Assembly's policy judgment to maintain the date requirement. *Id.* at 16–19.

Appellants quickly filed a notice of appeal. *See* Notice of Appeal, *Eakin v. Adams Cnty. Bd. of Elections*, No. 25-1644 (3rd Cir. Apr. 3, 2025).

## ARGUMENT

This Court may "expedite the consideration of any action . . . if good cause therefor is shown." 28 U.S.C. § 1657(a); *see* L.A.R. 4.1 (a motion to expedite shall

"set[] forth the exceptional reason that warrants expedition"). Good cause exists here for several reasons.[2]

*First*, a speedy ruling is necessary to ensure that courts are not altering Pennsylvania's election rules too close to the 2025 general election. *See Purcell*, 549 U.S. 1, 4–5; *Reynolds v. Sims*, 377 U.S. 533, 585 (1964); *Merrill v. Milligan*, 142 S. 879, 880 (2022) (Kavanaugh, J., concurral). During the 2024 general election, the Pennsylvania Supreme Court likewise recognized that the date requirement's legality must be settled shortly before an election, which is why it stayed a lower-court order setting aside the date requirement. *See Baxter*, 325 A.3d 645. This Court should avoid last-minute confusion and ensure, through expedited proceedings, that "the rules [for Pennsylvania's elections] [are] clear and settled" in advance. *Democratic Nat'l Comm.*, 141 S. Ct. at 31 (Kavanaugh, J., concurral).

*Second*, a speedy ruling is necessary to avoid irreparable harm to Appellants, their candidates, and their voters. If the District Court's invalidation of the date requirement stands for the 2025 general election, Appellants will have to expend nonrecoverable financial resources to reeducate their candidates, poll watchers, candidates, and voters about the status of the date requirement. *See* Anderson Decl. ¶¶ 22–26; *see Ohio v. EPA*, 603 U.S. 279, 292 (2024) (recognizing nonrecoverable

[2] Intervenor-Appellants also reserve the right to seek a stay of the District Court's order should one become needed to preserve the integrity of the 2025 general election or any other election.

compliance costs are irreparable harm). And lest the Court think that re-education is not necessary, the Commonwealth Court previously acknowledged that voters failed to comply with the date requirement because they were confused by prior judicial rulings against it in 2024. *See Baxter v. Philadelphia Bd. of Elections*, No. 1305 C.D. 2024, 2024 WL 4614689, at *3 (Pa. Commw. Ct. Oct. 30, 2024) ("Designated Appellee Kinniry . . . . did not attempt to fix her mail-in ballot because she read the news about this Court's decision" enjoining the date requirement before decision was vacated).

*Third*, Appellants and all Pennsylvanians face a continued risk that elections will wrongfully turn on the counting of undated ballots that are "invalid as a matter of Pennsylvania law." *Ball*, 289 A.3d at 28. To start, a State suffers irreparable injury any time a court enjoins one of its statutes. *Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 206 (3d Cir. 2024) (citing *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers)).

But this harm is particularly grave when a State's election law is enjoined for an election and an appellate court subsequently rules that the law should have been in effect. Everyone—the State, voters, political parties—suffers irreparable injury whenever an improperly elected representative exercises the powers of office. *Marks v. Stinson*, 19 F.3d 873, 878–89 (3d Cir. 1994). And that has happened *three times* in Pennsylvania since 2020 because courts have wrongfully enjoined the date

requirement. Republican candidates for a state senate seat, a judicial office, and a township position lost their elections solely because undated mail ballots were counted in compliance with prior judicial orders that were eventually reversed or vacated. *See* Anderson Decl. ¶¶ 32–36.

Because "good cause" exists, this Court should expedite proceedings. 28 U.S.C. § 1657(a); *see* L.A.R. 4.1. Mail voting begins in Pennsylvania on September 16. *See* 25 Pa. Stat. § 3150.12a. The District Court's order directs election officials to count ballots that do not comply with the date requirement. Order at 1–2. To give Pennsylvania time to notify its officials and voters that they should continue to comply with the requirement, a ruling is needed by August 16, 2025—one month before the mail-voting period begins.

## CONCLUSION

For these reasons, Appellants respectfully request that the Court grant the motion to expedite, adopt the proposed briefing schedule, and issue a decision in this matter no later than August 16, 2025.

April 17, 2025

Respectfully submitted,

*s/John M. Gore*
John M. Gore
*Counsel of Record*

E. Stewart Crosland
Louis J. Capozzi, III
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com
lcapozzi@jonesday.com

Thomas E. Breth
Thomas W. King, III
DILLON MCCANDLESS KING
COULTER & GRAHAM
128 W Cunningham Street
Butler, PA 16001
tbreth@dmkcg.com
tking@dmkcg.com

Kathleen A. Gallagher
GALLAGHER FIRM
436 Seventh Avenue
30th Floor
Pittsburgh, PA 15219
Phone: 412-308-5512
kag@gallagherlawllc.com

*Counsel for Intervenor-Defendant-Appellants*

## COMBINED CERTIFICATIONS

1. Pursuant to Third Circuit L.A.R. 28.3(d), at least one of the attorneys whose names appear on this motion is a member in good standing of the bar of this Court.

2. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1,749 words, excluding the parts of the documented exempted by Fed. R. App. P. 32(f).

3. This motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because it has been prepared in a 14-point proportionally spaced typeface (Times New Roman) using Microsoft Word.

4. That on April 17, 2025, I caused the foregoing to be filed with the Clerk of Court using the CM/ECF System, and all counsel of record in this case is a Filing User who will receive notice of such filing.

Dated: April 17, 2025

/s/ John M. Gore
John M. Gore