**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

| | | |
|---|---|---|
| **BETTE EAKIN**, *et al.* | : | |
| | : | |
| **v.** | : | **No. 25–1644** |
| | : | |
| **ADAMS COUNTY BOARD OF ELECTIONS**, *et al*. | : | |
| | : | |
| | : | |
| **Appeal of: REPUBLICAN NATIONAL COMMITTEE; NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE; and REPUBLICAN PARTY OF PENNSYLVANIA** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **(Defendant-Intervenors below)** | : | |

**EMERGENCY MOTION TO INTERVENE BY
THE COMMONWEALTH OF PENNSYLVANIA**

AND NOW, comes Attorney General David W. Sunday, Jr., by and through counsel and on behalf of the Commonwealth of Pennsylvania, seeking to intervene as an Appellant in this action for purposes of (1) defending the constitutionality of Pennsylvania's Election Code and (2) requesting a stay pending appeal of the District Court's Order dated March 31, 2025. (*See* Dist. Ct. ECF 439). In support of this motion, undersigned counsel avers as follows:

1.      Proposed Intervenor is the Commonwealth of Pennsylvania, represented by its chief law officer, the Attorney General. PA. CONST. art. IV § 1.

Pursuant to the Commonwealth Attorneys Act, the Attorney General is tasked with "uphold[ing] and defend[ing] the constitutionality of all statutes." 71 P.S. § 732–204(a)(3); *see also Synthes USA HQ, Inc. v. Commonwealth*, 289 A.3d 846, 855–56 (Pa. 2023) (summarizing constitutional and statutory provisions relating to Attorney General).

2.     By memorandum and order dated March 31, 2025, the District Court determined that enforcement of a command within the Pennsylvania Election Code—that absentee and mail-in voters must "fill out, *date*, and sign" outer return envelopes for their ballots to be counted, *see* 25 P.S. §§ 3146.6(a); 3150.16(a) (emphasis added)—is unconstitutional. (*See* Dist. Ct. ECF 438, 439).[1] It thus granted Plaintiffs' motion for summary judgment on that question. (*See* Dist. Ct. ECF 287).

3.     The Commonwealth initially sought intervention in the District Court. (*See* Dist. Ct. ECF 443). The District Court denied that motion on April 24, 2025. (*See* Dist. Ct. ECF 445). The District Court reasoned that it had been "divested of jurisdiction in this matter" when the Republican Intervenors filed their notice of

---

[1] *See Ball v. Chapman*, 289 A.3d 1, 22–23 (Pa. 2023) (holding that the declaration requirement is mandatory as a matter of statutory construction); *Pa. State Conf. of NAACP v. Schmidt*, 703 F. Supp. 3d 632 (W.D. Pa. 2023) (finding violation of the Materiality Provision of the Federal Civil Rights Act), *rev'd sub nom. Pennsylvania State Conf. of NAACP v. Sec'y, Commonwealth of Pennsylvania*, 97 F.4th 120, 133 (3d Cir. 2024), *cert. denied*, No. 24–363, ___ S. Ct. __ (Jan. 21, 2025); *Migliori v. Cohen*, 36 F.4th 153 (3d Cir. 2022), *vacated sub nom. Ritter v. Migliori*, 143 S. Ct. 297 (2022); *see also Baxter v. Philadelphia Bd. of Elections*, No. 1305 C.D. 2024, 2024 WL 4614689, (Pa. Cmwlth. Oct. 30, 2024) (finding violation of state constitution's Free and Equal Elections Clause), *allocatur granted in part*, No. 395–96 EAL 2024 (Pa. Jan. 17, 2025).

appeal, and that "the Commonwealth had an earlier opportunity to intervene and failed to do so." (*Id.*).[2]

4.    Because the District Court denied the Commonwealth's motion to intervene, it did not address the merits of the Commonwealth's motion to stay.

5.    Federal Rule of Civil Procedure 24(a)(1) provides that "[o]n timely motion, [a] court must permit anyone to intervene" who has been afforded "an unconditional right to intervene by a federal statute."

6.    An unconditional right exists here. Pursuant to 28 U.S.C. § 2403, in a suit "to which a State or any agency, officer, or employee thereof is not a party," and in which "the constitutionality of any statute affecting the public interest is drawn in

---

[2] The District Court recognized that the rule of divestiture is not "ironclad" and is subject to exceptions. (Dist. Ct. ECF 445 at 1) (citations omitted). Indeed, it is a "judge-made doctrine" which is "not absolute," *United States v. Phelps*, 283 F.3d 1176, 1181 n.5 (9th Cir. 2002), and only "divests the district court of its control *over those aspects of the case involved in the appeal*." (Dist. Ct. ECF 445 at 1) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1984)) (emphasis added). Relevant here, neither the Republican Intervenors nor any party opposed intervention, (*see* Dist. Ct. ECF 444), neither intervention nor a stay pending appeal are at issue in this appeal, the time for filing a notice of appeal had not yet expired, and Rule 8 directs stay requests to the district court in the first instance.

In any event, two established exceptions are relevant. *First*, a district court retains jurisdiction for purposes of considering a request to stay the judgment pending appeal—which is both the grounds for the Commonwealth's intervention motion and the relief it seeks. *See Stradford v. Wetzel*, No. 16–2064, 2022 WL 1813857, at *1 n.1 (E.D. Pa. Apr. 29, 2022) (construing Rule 8 as a "limited exception to this general rule"). *Second*, a district court is "divested of jurisdiction *except* to take action in aid of the appeal." *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994) (emphasis added). After all, the logic of the general divestiture rule is that it "promote[s] judicial economy and avoid[s] the confusion of having the same issues before two courts simultaneously." *Phelps*, 283 F.3d at 1181 n.5.

question," courts shall "permit the State to intervene … for argument on the question of constitutionality," and the State "shall … have all the rights of a party."

7.    While the Commonwealth of Pennsylvania and one of its agencies were parties to a separate and simultaneously-filed suit on the District Court's docket, *see Pennsylvania State Conf. of NAACP v. Schmidt*, No. 1:22-CV-339, 703 F. Supp. 3d 632 (W.D. Pa. 2023), *rev'd sub nom. Pennsylvania State Conf. of NAACP v. Sec'y, Commonwealth of Pennsylvania*, 97 F.4th 120 (3d Cir. 2024), *cert. denied* No. 24–363, 2025 WL 247452 (Jan. 21, 2025), none are parties here.

8.    On June 18, 2024, the District Court notified the Office of Attorney General of the constitutional question at issue pursuant to Federal Rule of Civil Procedure 5.1. (*See* Dist. Ct. ECF 383). At that stage, the Commonwealth did not seek intervention.[3]

9.    The Commonwealth recognizes that this case has already been appealed by other parties. For purposes of intervention, however, "[t]imeliness is to be determined from all the circumstances,"[4] and "the point to which [a] suit has progressed is … not solely dispositive." *NAACP v. New York*, 413 U.S. 345, 365–66 (1977).

---

[3] On January 21, 2025, David W. Sunday, Jr., began serving as the Attorney General of Pennsylvania.

[4] This Court has stated that "all the circumstances" include "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995).

10.     In general, a motion to intervene is timely if it is made "as soon as it bec[omes] clear" that a party's interests "would no longer be protected" by existing parties within the case. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977).

11.     The United States Supreme Court's holding in *Cameron v. EMW Woman's Surgery Center, P.S.C.*, 595 U.S. 267 (2022), is instructive. There, the Attorney General of Kentucky sought leave to intervene two days after learning that another state entity would no longer defend the constitutionality of a statute regulating abortion. *See id.* at 273. After a panel of the Sixth Circuit Court of Appeals denied that motion as untimely, the High Court reversed, explaining that "[t]he attorney general's need to seek intervention did not arise until the secretary ceased defending the law," and that timeliness "should be assessed in relation to that point in time." *Id.* at 280.

12.     The *Cameron* Court emphasized that a state "clearly has a legitimate interest in the continued enforceability of its own statutes," reiterated that federal courts must "respect … the place of the [s]tates in our federal system," and cautioned that "a [s]tate's opportunity to defend its laws in federal court should not be lightly cut off." *Id.* at 277 (quoting *Maine v. Taylor*, 477 U.S. 131, 137 (1986); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 75 (1997) (internal quotations omitted)).

13.     Following the District Court's March 31 Order, Defendant-Intervenors the Republican National Committee, the National Republican Congressional

Committee, and the Republican Party of Pennsylvania (hereinafter, Republican Intervenors) filed a notice of appeal. (*See* Dist. Ct. ECF 441, 442).

14.    As soon as the Commonwealth learned about the District Court's ruling, the Office of Attorney General began coordinating with the parties in the case that had actively defended the Commonwealth's statute to see whether any of them planned to seek a stay pending appeal. For the reasons detailed *infra* (and in the Commonwealth's separate emergency motion for a stay pending appeal), the Commonwealth believes that a stay pending appeal is essential here. Critically, however, no party sought a stay of the District Court's order.

      a.    On April 2, 2025, Intervenor-Defendants the Republican National Committee, National Republican Congressional Committee, and the Republican Party of Pennsylvania informed the Office of Attorney General that they would not seek a stay pending appeal.

      b.    On April 11, 2025, Defendant Berks County Board of Elections informed the Office of Attorney General that it would not seek a stay pending appeal.

      c.    On April 12, 2025, Defendants York County Board of Elections and Lancaster County Board of Elections informed the Office of

Attorney General that they were disinclined to seek a stay
pending appeal.

d.     No other named Defendant has sought a stay pending appeal.

15.    As noted, a stay pending appeal is essential to guarding the
Commonwealth's sovereign interests. The failure of existing parties to request the
same makes it clear that the Commonwealth's interests are no longer being protected
by the current parties. *McDonald*, 432 U.S. at 394. Should this Court allow
intervention, the Attorney General will demonstrate as follows, as evidenced by the
motion to stay attached hereto:

a.     Primary elections throughout the Commonwealth are scheduled
to take place on May 20, 2025.[5]

b.     The Commonwealth's proposed appeal has a reasonable
possibility of success in light of binding precedent. *See In re*
*Revel AC, Inc.*, 802 F.3d 558, 571 (3d Cir. 2015) (setting forth
standard for first factor of stay analysis); *see also Mazo v. New*
*Jersey Sec'y of State*, 54 F.4th 124, 138–39 (3d Cir. 2022)

---

[5]    *See* Upcoming Elections (last accessed Apr. 15, 2025), available at
https://www.pa.gov/agencies/vote/elections/upcoming-elections.html. The last day to request a
mail-in or absentee ballot is one week beforehand, on May 13. *See id.*

Though this Court granted the Republican Intervenors' motion to expedite consideration
of the appeal, (*see* 3d Cir. ECF 35), it bears mention that the primary election will take place *during*
the briefing schedule it issued and approximately six weeks *before* this case is scheduled for
disposition. (*See* 3d Cir. ECF 38 (directing that Appellees' briefs are due on or before June 4, 2025,
and scheduling the case for disposition "during the week of June 29, 2025")).

(describing when the *Anderson-Burdick* framework "[c]ertainly … does not apply"); *Biener v. Calio*, 361 F.3d 206, 214 (3d Cir. 2004) (declining to apply *Anderson-Burdick* where no First Amendment or equal protection interests were implicated).

c.    Absent a stay, the Commonwealth will suffer irreparable harm to its sovereign interests in the form of being "barr[ed]" from "conducting this year's election pursuant to a statute enacted by the Legislature." *Abbott v. Perez*, 585 U.S. 579, 602 (2018).

d.    The equities favor a stay, which would serve to promote confidence in the electoral system and prevent unnecessary voter confusion. *See, e.g.*, *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 589 U.S. 423, 424 (2020) ("[L]ower federal courts should ordinarily not alter the election rules on the eve of an election."); *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006). Considering Pennsylvania's decentralized system for running elections and Act 77's non-severability provision arguably being activated, *see Applewhite v. Commonwealth*, No. 330 M.D. 2012, 2014 WL 184988, at *39 (Pa. Cmwlth. Jan. 17, 2024) (noting that elections are administered by 67 county boards of elections); *Baxter v. Philadelphia Bd. of Elections*, No. 1305 C.D. 2024,

2024 WL 4614689, at *18 (Pa. Cmwlth. Oct. 30, 2024) (discussing severability), these risks are particularly heightened in this case.

16.    In the alternative, should this Court determine that the Commonwealth is not permitted to intervene as of right, permissive intervention is appropriate. *See* Fed. R. Civ. P. 24(b). Permissive intervention allows "anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." *Id.* (b)(1)(B).

17.    Relative to intervention as of right, courts wield "broader discretion" in evaluating such requests, but "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *United States v. Territory of Virgin Islands* 748 F.3d 514, 524 (3d Cir. 2014) (quoting Fed. R. Civ. P. 24(b)(3) (internal quotations omitted)); *see also Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998) (noting a "policy preference which, as a matter of judicial economy, favors intervention over subsequent collateral attacks").

18.    As noted *supra*, the Attorney General is tasked with "uphold[ing] and defend[ing] the constitutionality of all statutes," in order "to prevent their suspension or abrogation in the absence of a controlling decision by a court of competent jurisdiction." 71 P.S. § 732–204(a)(3). The Attorney General thus has a "claim" that "shares … a common question of law" with this action. Fed. R. Civ. P. 24(b)(1)(B).

19.    Granting the Commonwealth intervention for purposes of seeking a stay pending appeal and offering appellate argument will not "unduly delay or prejudice the adjudication of the original parties' rights." *Id.* (b)(3). The Commonwealth is prepared to comply with the Court's expedited briefing schedule.

20.    Federal courts "rightly hesitate to interfere" with democratically-enacted state laws, as "'[t]here is always a public interest in prompt execution' of the laws." *Delaware State Sportsmen Ass'n v. Del. Dep't of Safety and Homeland Sec.*, 108 F.4th 194, 205 (3d Cir. 2024) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Indeed, principles of federalism and the separation of powers are "[t]wo clear restraints on the use of the equity power." *Id.* (quoting *Missouri v. Jenkins*, 515 U.S. 70, 131, (1995) (Thomas, J., concurring)).

21.    As discussed in the Commonwealth's motion for a stay pending appeal, *see attached hereto* as an exhibit, the Appellees and indeed all Pennsylvanians are extremely well-positioned—after years of state and federal litigation over the declaration requirement—to understand what the Election Code requires of them and comply. Appellees will not be prejudiced by the Attorney General's participation in the appellate stage of litigation.

22.    Furthermore, to the extent any minor delay could be attributed to the addition of another party on appeal, concerns of federalism and separation of powers counsel in favor of permitting the Commonwealth's chief law officer to be heard.

23.    As this Court has explained, one "classic maxim of equity is that it 'assists the diligent, not the tardy.'" *Delaware State Sportsmen Ass'n*, 108 F.4th at 206 (quoting Sherwin & Bray 441). In this context, the Attorney General acted swiftly as soon as it became clear that the Commonwealth's interests would "no longer be protected" by existing parties, *see McDonald*, 432 U.S. at 394, as they had been at earlier stages of the litigation.

24.    In light of the exigent circumstances, *see supra* n.4, the Attorney General respectfully requests that this Court expedite its consideration of the instant motion.

WHEREFORE, the Commonwealth respectfully requests that this Honorable Court enter an order allowing it to intervene in this matter as of right or, in the alternative, to intervene by permission.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

Office of Attorney General        By:    /s/ Brett Graham
1600 Arch Street, Suite 300            BRETT GRAHAM
Philadelphia, PA 19103                 Deputy Attorney General
Phone: (267) 530-0886                  Attorney ID: 330556
bgraham@attorneygeneral.gov

SEAN A. KIRKPATRICK
Date: April 25, 2025                   Chief Deputy Attorney General

*Counsel for the Commonwealth*

## CERTIFICATE OF SERVICE

I, Brett Graham, Deputy Attorney General, do hereby certify that on this day, a true and correct copy of the foregoing motion has been filed electronically and is available on the Court's Electronic Case Filing System.

/s/ Brett Graham
BRETT GRAHAM
Deputy Attorney General

Date: April 25, 2025