No. 25-1644

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

———————————

BETTE EAKIN, *et al.*,

*Plaintiffs-Appellees,*

v.

ADAMS COUNTY BOARD OF ELECTIONS, *et al.*,

*Defendants-Appellants.*

———————————

Appeal from the United States District Court for the Western District of
Pennsylvania, Case No. 1:22-cv-00340 (Hon. Susan Paradise Baxter)

———————————

**EXPEDITED MOTION TO INTERVENE OF PENNSYLVANIA
STATE CONFERENCE OF THE NAACP; LEAGUE OF WOMEN
VOTERS OF PENNSYLVANIA; BLACK POLITICAL
EMPOWERMENT PROJECT; PHILADELPHIANS ORGANIZED
TO WITNESS, EMPOWER AND REBUILD; COMMON CAUSE
PENNSYLVANIA; MAKE THE ROAD PENNSYLVANIA; BARRY
M. SEASTEAD; MARLENE G. GUTIERREZ; AYNNE MARGARET
PLEBAN POLINSKI; JOEL BENCAN; AND LAURENCE M.
SMITH**

———————————

Stephen Loney (PA 202535)
Kate Steiker-Ginzberg (PA 332236)
AMERICAN CIVIL LIBERTIES UNION OF
PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
sloney@aclupa.org

Ari J. Savitzky
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
asavitzky@aclu.org

*Counsel for Plaintiffs-Appellees Continued on Inside Cover*

Witold J. Walczak (PA 62976)
AMERICAN CIVIL LIBERTIES UNION
OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
Tel: (412) 681-7736
vwalczak@aclupa.org

David Newmann (PA 82401)
Brittany C. Armour (PA 324455)
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4610
david.newmann@hoganlovells.com
brittany.armour@hoganlovells.com

Megan C. Keenan
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW
Washington, DC 10004
Tel: (202) 457-0800
mkeenan@aclu.org
acepedaderieux@aclu.org

*Counsel for the Pennsylvania
State Conference of the NAACP,
League of Women Voters of
Pennsylvania, Philadelphians
Organized to Witness, Empower
and Rebuild, Common Cause
Pennsylvania, Black Political
Empowerment Project, Make the
Road Pennsylvania, Barry M.
Seastead, Marlene G. Gutierrez,
Aynne Margaret Pleban Polinski,
Joel Bencan, and Laurence M.
Smith*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................ 2

BACKGROUND ....................................................................................... 4

    A.    The *Pennsylvania NAACP* and *Eakin* Cases .......................... 4

    B.    The Joint Record in *Pennsylvania NAACP* and *Eakin* ........... 5

    C.    This Appeal .................................................................. 7

LEGAL STANDARD ................................................................................ 9

ARGUMENT ......................................................................................... 11

I.    THE *PA NAACP* PLAINTIFFS SATISFY THE CRITERIA FOR MANDATORY INTERVENTION. ................................... 11

    A.    This Motion Is Timely. ............................................. 11

    B.    The *PA NAACP* Plaintiffs Have Sufficient Interests in This Appeal. ................................................................. 13

    C.    This Appeal Threatens to Practically Impair the *PA NAACP* Plaintiffs' Interests. ............................................... 15

    D.    The *PA NAACP* Plaintiffs' Interests Are Not Adequately Represented by Any Existing Party. .......................... 16

II.    ALTERNATIVELY, THIS COURT SHOULD GRANT PERMISSIVE INTERVENTION. ................................... 18

CONCLUSION ..................................................................................... 19

i

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Benjamin ex rel. Yock v. Department of Public Welfare,*
    701 F.3d 938 (3d Cir. 2012) ................................................................. 11

*Cameron v. EMW Women's Surgical Center, P.S.C.,*
    595 U.S. 267 (2022) .................................................................. 9, 11, 12

*Commonwealth of Pennsylvania v. President United States of
    America,*
    888 F.3d 52 (3d Cir. 2018) ........................................................ *passim*

*Georgia v. U.S. Army Corps of Engineers,*
    302 F.3d 1242 (11th Cir. 2002) .......................................................... 15

*Harris v. Pernsley,*
    820 F.2d 592 (3d Cir. 1987) ........................................................ 10, 15

*International Union, United Automobile, Aerospace and
    Agricultural Implement Workers of America v. Scofield,*
    382 U.S. 205 (1965) .............................................................................. 9

*Kleissler v. United States Forest Service,*
    157 F.3d 964 (3d Cir. 1998) ............................................................... 10

*Mountain Top Condominium Ass'n v. Dave Stabbert Master
    Builder, Inc.,*
    72 F.3d 361 (3d Cir. 1995) ................................................................. 11

*Pennsylvania State Conference of NAACP Branches v. Secretary
    Commonwealth of Pennsylvania,*
    97 F.4th 120 (3d Cir. 2024) .................................................................. 7

*United States v. Alisal Water Corp.,*
    370 F.3d 915 (9th Cir. 2004) .............................................................. 12

*United States v. All Assets Held at Credit Suisse (Guernsey) Ltd.*,
  45 F.4th 426 (D.C. Cir. 2022) ............................................... 9

*United States v. Territory of Virgin Islands*,
  748 F.3d 514 (3d Cir. 2014) ........................................... 9, 10

*Utah Ass'n of Counties. v. Clinton*,
  255 F.3d 1246 (10th Cir. 2001) .......................................... 14

*Yniguez v. Arizona*,
  939 F.2d 727 (9th Cir. 1991) ............................................. 14

**Statutes**

52 U.S.C. § 10101(a)(2)(B) .................................................. 6

**Rules**

Fed. R. Civ. P. 24(a)(2) ...................................................... 9

Fed. R. Civ. P. 24(b)(1)(B) ............................................. 10, 18

Fed. R. Civ. P. 24(b)(3) ................................................ 10, 17

The Pennsylvania State Conference of the NAACP, League of Women Voters of Pennsylvania, Philadelphians Organized to Witness, Empower and Rebuild, Common Cause Pennsylvania, Black Political Empowerment Project, Make the Road Pennsylvania, Barry M. Seastead, Marlene G. Gutierrez, Aynne Margaret Pleban Polinski, Joel Bencan, and Laurence Smith (together, the "*PA NAACP* Plaintiffs"), who are plaintiffs in a companion case, *Pennsylvania State Conference of the NAACP v. Schmidt*, No. 22 Civ. 339 (W.D. Pa.), respectfully move to intervene in this appeal.[1]

Plaintiffs-Appellees and Defendant-Appellee Delaware County do not oppose the motion.  Defendants-Appellees Luzerne and Lackawanna Counties take no position.  The Republican Party-affiliated Intervenors-Appellants ("RNC Intervenors"), who are also intervenors in the *Pennsylvania NAACP* case, oppose the *PA NAACP* Plaintiffs'

---

[1]  Individual *PA NAACP* Plaintiff Laurence Smith passed away in February.  A formal notice and motion for either substitution or withdrawal as to Mr. Smith is forthcoming. Mr. Smith's passing does not affect the susceptibility of any defendant in the *Pennsylvania NAACP* case to a judgment or otherwise alter the status of any parties in that case other than Mr. Smith.  For the avoidance of doubt, Plaintiffs' motion as to Mr. Smith is conditional on the grant of any forthcoming motion to substitute a representative for Mr. Smith.

intervention in this appeal. The *PA NAACP* Plaintiffs did not receive a response from any other parties regarding their position on intervention.

In light of the expedited briefing schedule in the case, the *PA NAACP* Plaintiffs respectfully request that this motion to intervene be decided on an expedited basis.

## INTRODUCTION

The *PA NAACP* Plaintiffs are a coalition of the Commonwealth's largest non-partisan civic groups, as well as individual voters who have been deprived of their right to cast a ballot and have it counted.

The case giving rise to this appeal is a companion action to the *PA NAACP* Plaintiffs' own 2022 lawsuit challenging enforcement of the envelope date rule to disenfranchise Pennsylvania voters, including the individual voter plaintiffs. *See Pennsylvania State Conference of the NAACP v. Schmidt*, No. 22 Civ. 339 (W.D. Pa.). In that suit, the *PA NAACP* Plaintiffs are presently prosecuting an identical *Anderson-Burdick* claim to the one on appeal here, based on literally the same record. Indeed, the summary judgment record that forms the basis for the decision on appeal here—and that conclusively demonstrates that the envelope date serves no purpose whatsoever—was developed by the *PA*

*NAACP* Plaintiffs in their case and then shared with the parties in *Eakin* by order of the district court as part of a coordinated discovery process.

Under these circumstances, the *PA NAACP* Plaintiffs are entitled to intervention as of right. The motion to intervene is timely, and they can and will meet the expedited briefing schedule set out by the Court. Their specific and cognizable interest in the appeal is obvious: The result here will control the pending dispositive motion in their case, which is based on the same legal theory and the same exact record. Beyond that, the district court has already determined that they have Article III standing against various defendant counties who are respondents in this appeal, based on their injuries from the enforcement of the envelope-date requirement—another protectible interest that supports intervention. And no other party in this appeal represents the unique perspective of the *PA NAACP* Plaintiffs, including directly-impacted voters as well as non-partisan civic groups who are forced to scramble each election cycle to help voters disenfranchised by enforcement of the envelope-date requirement.

Intervention as of right, or else permissive intervention, should be granted.

# BACKGROUND

## A.    The *Pennsylvania NAACP* and *Eakin* Cases

The *PA NAACP* Plaintiffs are (a) individual voters who were disenfranchised due to the enforcement of the envelope-date rule in the 2022 election, along with 10,000 others across the Commonwealth, and (b) pro-democracy civic groups attempted to mitigate these harms at the expense of their other, important election-related work. *See* Mem. of Law ISO Pls.' Mot. for Summ. J. ("Pls.' MSJ") at 2, 10-11, 12-18, *Pa. State Conference of the NAACP v. Schmidt*, No. 22 Civ. 339 (W.D. Pa.), ECF No. 402 ("*Pennsylvania NAACP* Dkt.). Days before the November 2022 election, they filed suit in the Western District of Pennsylvania, challenging the enforcement of the envelope-date provision on federal statutory and Equal Protection Clause grounds. *See generally* Compl., ECF No. 1, *Pennsylvania NAACP* Dkt.

Plaintiffs in this appeal (the "*Eakin* Plaintiffs") filed their action shortly thereafter, proceeding on federal statutory and *Anderson-Burdick* theories. *See* Compl., *Eakin v. Adams Cty. Bd. of Elections,* No. 22 Civ. 340 (W.D. Pa.), ECF No. 1, ("*Eakin* Dkt.). That case was marked as related and assigned to the same district court judge presiding over

4

the *Pennsylvania NAACP* case.

RNC Intervenors intervened in both actions. *See* Mem. Order, ECF No. 167, *Pennsylvania NAACP Dkt.*; *see also* Order, ECF No. 165, *Eakin* Dkt. The district court proceeded to handle the initial stages of the cases in tandem. *See* Order, ECF No. 147, *Eakin* Dkt. (setting joint status conference in both cases); Order, ECF No. 212, *Eakin* Dkt. (setting deadlines to "mirror the deadlines" in *Pennsylvania NAACP*).

## B. The Joint Record in *Pennsylvania NAACP* and *Eakin*

The *PA NAACP* Plaintiffs pursued full discovery, taking written and document discovery from all sixty-seven counties in the Commonwealth and deposing a number of county officials. *See, e.g.*, Case Mgmt. Order, ECF No. 207, *Pennsylvania NAACP* Dkt.; *see also* Appxs. to Mot. for Summ. J., ECF Nos. 277-282, *Pennsylvania NAACP* Dkt. The *Pennsylvania NAACP* discovery record was then incorporated into the *Eakin* case by order of the district court, and thus served as the basis for the summary judgment records in both cases (and thus as the record in this appeal). *See* Case Mgmt. Order at 2, ECF No. 227, *Eakin* Dkt. ("Defendants must send Plaintiffs all discovery materials produced in *NAACP v. Chapman*"). The undisputed facts established in discovery

demonstrated that the envelope-date was "wholly irrelevant," "was not used by any of the county boards to determine when a voter's mail ballot was received," did not "have anything to do with determining a voter's qualifications to vote," and in fact had "created inconsistencies" across the Commonwealth leading to the arbitrary disenfranchisement of thousands of eligible voters. Mem. Op. at 67-73, ECF No. 347, *Pennsylvania NAACP* Dkt.

In November 2023, the district court granted the *Pennsylvania NAACP* Plaintiffs' motion for summary judgment on their federal statutory claim under the Materiality Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B). *See* Mem. Op. at 77, ECF No. 347, *Pennsylvania NAACP* Dkt. RNC Intervenors appealed that result, and the Democratic Party committee plaintiffs in *Eakin* moved to intervene in the *Pennsylvania NAACP* appeal in light of their "undeniable interest in the outcome of [the] appeal," Mot. to Intervene at 3, No. 23-3166 (3d Cir.), Dkt. No. 92. This Court granted the *Eakin* Plaintiffs' motion to intervene in the appeal.

This Court later reversed the district court's application of the Materiality Provision in a split ruling. The panel majority agreed based

on the record that the requirement to handwrite the date on the envelope form "serves little apparent purpose[,]" and indeed "bears no relation—it is immaterial—to whether a voter is qualified under Pennsylvania law to vote," but it held as a matter of statutory construction that the Materiality Provision did not apply to the mail ballot envelope form. *See Pa. State Conf. of NAACP Branches v. Sec'y Commonwealth of Pa.*, 97 F.4th 120, 125, 131 (3d Cir. 2024).

On remand for consideration of the *PA NAACP* Plaintiffs' remaining claim, the district court granted the *PA NAACP* Plaintiffs' leave to amend their pleadings to add an *Anderson-Burdick* claim based on the existing record. *See* Order, ECF No. 412, *Pennsylvania NAACP* Dkt. The *PA NAACP* Plaintiffs sought summary judgment on both constitutional claims. *See* Pls.' MSJ, ECF No. 402, *Pennsylvania NAACP* Dkt. The *Eakin* plaintiffs, after completing supplemental briefing on the issue of standing, also renewed their motion for summary judgment on their *Anderson-Burdick* claim. *See* Second Suppl. Mem. ISO Pls.' Mot. for Summ. J., ECF No. 380, *Eakin* Dkt.

### C.    This Appeal

On March 31, 2025, the district court granted the motion for

summary judgment on the *Anderson-Burdick* claim in *Eakin*. The court concluded that, based on the record, "the weight of the burden on the citizens['] right to vote is not counterbalanced by evidence of any governmental interest." Mem. Op. at 21, ECF No. 438, *Eakin* Dkt. The RNC Intervenors filed a notice of appeal in *Eakin* on April 2, 2025, Notice of Appeal, ECF No. 441, *Eakin* Dkt., which this Court docketed the following day, Not. of Civil Case Docketed, Dkt No. 1.

Meanwhile, the *PA NAACP* Plaintiffs' motion for summary judgment on their materially identical *Anderson-Burdick* claim, based on an identical discovery record, remained pending. On April 14, 2025, the *PA NAACP* Plaintiffs moved for a Rule 54(b) judgment in their case "so that [their] claims may be resolved in a single appeal with the companion case in which this Court recently granted summary judgment on the same claims." Mot. for Rule 54(b) Judgment & MIL in Supp. of Mot., ECF Nos. 475 & 476, *Pennsylvania NAACP* Dkt. The RNC Intervenors indicated that they would oppose, MIL in Supp. of Mot. at 2, ECF No. 476, *Pennsylvania NAACP* Dkt., but did not file any brief in opposition.

On April 17, the RNC Intervenors moved to expedite this appeal, Mot. to Expedite, Dkt No. 35. On April 21, 2025, this Court granted the

motion and set a briefing schedule, April 21 Order, Dkt No. 38.

In an April 25, 2025 filing in the district court, the *PA NAACP* Plaintiffs indicated that, because the *Eakin* appeal had now been expedited, they would also seek intervention in this Court in order to protect their interests. *See* Supp. Mem., ECF No. 477, *Pennsylvania NAACP* Dkt.

## LEGAL STANDARD

Because no "rule . . . governs appellate intervention," courts of appeals consider "the 'policies underlying intervention' in the district courts," *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277 (2022) (quoting *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. AFL-CIO, Local 283 v. Scofield*, 382 U.S. 205, 217, n. 10 (1965)), "including the legal 'interest' that a party seeks to 'protect' through intervention on appeal," *id.* (quoting Fed. R. Civ. P. 24(a)(2)); *see also, e.g.*, *United States v. All Assets Held at Credit Suisse (Guernsey) Ltd.*, 45 F.4th 426, 432 (D.C. Cir. 2022) (applying Federal Rule of Civil Procedure 24's intervention standards).

Under the Federal Rules of Civil Procedure, "[i]ntervention as of right must be granted when a party 'claims an interest relating to the

property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.'" *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014) (quoting Fed. R. Civ. P. 24(a)(2)). To intervene as of right, a potential intervenor must satisfy four criteria:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation."

*Id.* (quoting *Harris v. Pernsley,* 820 F.2d 592, 596 (3d Cir. 1987)). "Intervention as a matter of right presents a situation where '[t]he facts assume overwhelming importance in [the] decision.'" *Territory of Virgin Islands*, 748 F.3d at 519 (quoting *Kleissler v. United States Forest Serv.,* 157 F.3d 964, 972 (3d Cir. 1998)).

Courts also have discretion to grant permissive intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." *Territory of Virgin Islands*, 748 F.3d at 519 (quoting Fed. R. Civ. P. 24(b)(1)(B)). "In exercising its discretion, the court must consider whether the intervention will unduly delay or

prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

ARGUMENT

The *PA NAACP* Plaintiffs meet the requirements for both mandatory and permissive intervention.

## I.  THE *PA NAACP* PLAINTIFFS SATISFY THE CRITERIA FOR MANDATORY INTERVENTION.

### A.  This Motion Is Timely.

In assessing the timeliness of intervention, this Court considers "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay."  *Benjamin ex rel. Yock v. Dep't of Pub. Welfare*, 701 F.3d 938, 949 (3d Cir. 2012) (quoting *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995)).  Timeliness "should be assessed in relation to th[e] point in time" when the movant's "need to seek intervention [first] ar[ose]."  *Cameron*, 595 U.S. at 280.  The "critical inquiry" is "what proceedings of substance on the merits have occurred," *Mountain Top Condo. Ass'n*, 72 F.3d at 369.

The *PA NAACP* Plaintiffs filed this motion to intervene mere weeks after the appeal was noticed, and within the Appellants' original deadline

to notice an appeal from the district court's March 31 ruling.  The only reason Plaintiffs did not seek to intervene even sooner is that they were seeking a Rule 54(b) judgment in the district court, via a motion filed shortly after the district court's ruling in *Eakin*, in order to attempt to align their case with this appeal through those means.  Mot. for Rule 54(b) Judgment & MIL in Supp. of Mot., ECF Nos. 475 & 476, *Pennsylvania NAACP* Dkt.  After this Court expedited this appeal— which is the point at which the "need to seek intervention . . . ar[ose]," *Cameron*, 595 U.S. at 280—the *PA NAACP* Plaintiffs sought intervention the next week.

Moreover, the *PA NAACP* Plaintiffs commit to following the expedited briefing schedule ordered by this Court, April 21 Order, Dkt No. 38.  Because the briefing schedule will not be altered, and because the *PA NAACP* Plaintiffs' participation will not "inject new issues into the litigation," *United States v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004), there is no risk of any delay or prejudice.[2]

---

[2]    For multiple reasons, the *PA NAACP* Plaintiffs' application for intervention is distinguishable from the Commonwealth of Pennsylvania's recently-filed application, *see* Emergency Mot., Dkt. No. 52.  For one, the *PA NAACP* Plaintiffs did not earlier decline the

### B.    The *PA NAACP* Plaintiffs Have Sufficient Interests in This Appeal.

To support intervention as of right, movants must establish "a cognizable legal interest . . . that is specific to [movants], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Commonwealth of Pennsylvania v. President United States of Am.*, 888 F.3d 52, 58 (3d Cir. 2018) (citation and quotation marks omitted).

The *PA NAACP* Plaintiffs have a very specific interest in this appeal, namely that involves the same essential *res* as in the companion case that they have been litigating before the same District Court in coordinated proceedings. They challenged the same policy, enforced by the same counties, under the same constitutional theory, and based on the same record that they themselves developed through extensive written discovery and deposition practice involving scores of defendants.

---

opportunity to intervene in *Eakin* pursuant to Rule 5.1 of the Federal Rules of Civil Procedure. Indeed, unlike the Commonwealth, the *PA NAACP* Plaintiffs had no reason to seek intervention in *Eakin* until this Court expedited this appeal. And for another, the *PA NAACP* Plaintiffs do not seek intervention in order to seek a stay of the district court's order, which would cause prejudice to voters and civic groups if granted.

In these circumstances, the "legal effect" of this appeal on the *PA NAACP* Plaintiffs' rights and interests will be specific and profound.   *See Commonwealth of Pennsylvania*, 888 F.3d at 59.

Moreover, the *PA NAACP* Plaintiffs' interest in this appeal is confirmed by the fact that they established Article III standing to challenge enforcement of the envelope-date rule as against a number of the respondent counties in this appeal. *See* Mem. Op. at 11-34, ECF No. 347, *Pennsylvania NAACP* Dkt.  For the individual voter plaintiffs, their interest is nothing less than whether their vote in the 2022 election will finally be counted and included in the totals.  And for the organizational plaintiffs, each and every election in which the envelope-date rule is enforced against voters is one where their resources, including precious staff and volunteer time at the height of election season, will be diverted towards assisting mail ballot voters who are caught in the crosshairs, and diverted from other priorities like turning out new and infrequent voters and increasing overall participation.  *See also* Pls.' MSJ at 12-18, ECF No. 402, *Pennsylvania NAACP* Dkt.  "[B]ecause Article III standing requirements are more stringent than those for intervention under Rule 24(a), a determination that intervenors have Article III standing compels

the conclusion that they have the requisite interest under the rule." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1252 n.4 (10th Cir. 2001); *see also Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir. 1991) (same).

### C.   This Appeal Threatens to Practically Impair the *PA NAACP* Plaintiffs' Interests.

Because intervention as of right looks to "the 'practical consequences' of the litigation," courts "'consider any significant legal effect on the applicant's interest,' including a decision's stare decisis effect or a proposed remedy's impact on the applicant for intervention." *Commonwealth of Pennsylvania*, 888 F.3d at 59 (citation omitted).

Because the *PA NAACP* Plaintiffs have sought summary judgment on a materially identical *Anderson-Burdick* claim based on identical facts, the outcome of this appeal directly threatens the *PA NAACP* Plaintiffs' interests as a matter of *stare decisis*. *See Harris*, 820 F.2d at 601 ("Courts [] have found that an applicant has a sufficient interest to intervene when the action will have a significant stare decisis effect on the applicant's rights."); *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1258 (11th Cir. 2002) ("Because a final ruling in this case may adversely impact [putative intervenor's] ongoing lawsuit against the [defendant], we find that its interests could be impaired by the denial of

intervention."). Moreover, and for the reasons already stated, this appeal directly implicates the *PA NAACP* Plaintiff organizations' core missions and activities in promoting civic engagement and electoral participation going forward, with a tangible practical impact on how and where they deploy their election-season resources.

In addition to these considerations, this Court has also "stated a 'policy preference which, as a matter of judicial economy, favors intervention over subsequent collateral attacks.'" *Commonwealth of Pennsylvania*, 888 F.3d at 59 (citation omitted). That consideration favors granting the motion as well. Allowing intervention by the *PA NAACP* Plaintiffs here would limit the potential for knock-on appeals or other collateral proceedings arising out of the *Pennsylvania NAACP* case. *See Commonwealth of Pennsylvania*, 888 F.3d at 59.

### D. The *PA NAACP* Plaintiffs' Interests Are Not Adequately Represented by Any Existing Party.

A movant's "interests are not adequately represented if they diverge sufficiently from the interests of the existing party, such that the existing party cannot devote proper attention to the applicant's interests." *Commonwealth of Pennsylvania*, 888 F.3d at 60 (citations and quotation marks omitted). "This burden is generally treated as minimal

and requires the applicant to show that representation of his interest may be inadequate." *Id.* (citations and quotation marks omitted).

As they explained in their successful application to intervene in the prior *PA NAACP* appeal regarding the Materiality Provision issue, *see supra* n.1, the *Eakin* Plaintiffs generally represent the interests of *Democratic* voters and candidates, *see* Mot. to Intervene at 15-17, No. 23-3166 (3d Cir.), Dkt. No. 92. By contrast, the *PA NAACP* Plaintiffs are avowedly *nonpartisan* organizations and individual voters of *varied* political stripes. The *PA NAACP* Plaintiffs challenge the enforcement of the envelope-date rule because of its effect on voters, regardless of any partisan implications—they would do so with as much zeal if and to whatever extent counting eligible voters' mail ballots notwithstanding a meaningless paperwork mistake might benefit Republican candidates as opposed to Democratic ones.

In granting intervention in the *PA NAACP* Plaintiffs' Materiality Provision appeal last year, Order, No. 23-3166 (3d Cir.), Dkt. 129, this Court effectively recognized the potential divergence between the *PA NAACP* Plaintiffs' interests and those of the lead *Eakin* Plaintiffs. This

divergence, and the resulting inadequacy of representation, warrants intervention.

## II. ALTERNATIVELY, THIS COURT SHOULD GRANT PERMISSIVE INTERVENTION.

Alternatively, this Court should exercise its discretion to permit the *PA NAACP* Plaintiffs to intervene on a permissive basis. Because the *PA NAACP* Plaintiffs have filed this motion expeditiously and commit to following the Court's expedited briefing schedule, their intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). And because the *PA NAACP* Plaintiffs have sought summary judgment on a materially identical *Anderson-Burdick* claim based on identical facts, they plainly possess the requisite "claim or defense that shares with the main action a common question of law or fact" to support permissive intervention. Fed. R. Civ. P. 24(b)(1)(B)); *see, e.g.*, Summary Judgment Papers, ECF Nos. 400, 401, 402, 449, *Pennsylvania NAACP* Dkt.

The *PA NAACP* Plaintiffs' significant interests at stake, as well as the resulting *stare decisis* impact this appeal will have on the *PA NAACP* Plaintiffs' claims, also support permissive intervention. *See supra* I.B–C. As a practical matter, granting permissive intervention will make a

follow-on appeal or other ancillary action in the *Pennsylvania NAACP* case less likely, thus serving this Court's "'policy preference which, as a matter of judicial economy, favors intervention over subsequent collateral attacks.'" *Commonwealth of Pennsylvania*, 888 F.3d at 59 (citation omitted). And the *PA NAACP* Plaintiffs will bring a unique perspective to the case, both by dint of their role as non-partisan civil society organizations and voters, and because they themselves developed the discovery record that serves as the basis for the decision on appeal, *see* Case Mgmt. Order at 2, ECF No. 227, *Eakin* Dkt.

## CONCLUSION

The *PA NAACP* Plaintiffs respectfully request that this Court grant their motion to intervene.

Dated: April 29, 2025

Stephen Loney (PA 202535)
Kate Steiker-Ginzberg (PA 332236)
AMERICAN CIVIL LIBERTIES UNION
OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
sloney@aclupa.org

Witold J. Walczak (PA 62976)
AMERICAN CIVIL LIBERTIES UNION
OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
Tel: (412) 681-7736
vwalczak@aclupa.org

David Newmann (PA 82401)
Brittany C. Armour (PA 324455)
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4610
david.newmann@hoganlovells.com
brittany.armour@hoganlovells.com

Respectfully submitted,

*/s/ Ari J. Savitzky*

Ari J. Savitzky
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
asavitzky@aclu.org
slakin@aclu.org

Megan C. Keenan
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW
Washington, DC 10004
Tel: (202) 457-0800
mkeenan@aclu.org
acepedaderieux@aclu.org

*Counsel for the Pennsylvania
State Conference of the NAACP,
League of Women Voters of
Pennsylvania, Philadelphians
Organized to Witness, Empower
and Rebuild, Common Cause
Pennsylvania, Black Political
Empowerment Project, Make the
Road Pennsylvania, Barry M.
Seastead, Marlene G. Gutierrez,
Aynne Margaret Pleban Polinski,
Joel Bencan, and Laurence M.
Smith*

## COMBINED CERTIFICATIONS

The undersigned is a member of the bar of this Court.

This brief complies with the word limit of Fed. R. App. P. 27(d)(2) because this document contains fewer than 5,200 words.

The text of this electronic brief is identical to the text in paper copies that will be filed with the Court.

A virus detection program, Microsoft Word from the Microsoft Office Professional Plus 2010 suite, has been run on this electronic brief and no virus was detected.


Dated: April 29, 2025                     Respectfully submitted,

                                          _/s/ Ari J. Savitzky_____
                                          Ari J. Savitzky

# CERTIFICATE OF SERVICE

I herby certify that on April 29, 2025, I caused a true and correct copy of the foregoing Motion to be served on all parties via the Court's CM/ECF system.

Dated: April 29, 2025                    Respectfully submitted,

                                         */s/ Ari J. Savitzky*
                                         Ari J. Savitzky