# No. 25-1644

In the United States Court of Appeals
for the Third Circuit

―――――

Bette Eakin, *et al.*,

*Plaintiff-Appellees*

*v.*

Adams County Board of Elections, *et al.*,

*Defendant-Appellees*

Republican National Committee, et al.,

*Intervenor-Defendant-Appellants.*

**On Appeal from the United States District Court for the
Western District of Pennsylvania
No. 1:22-cv-340 (Baxter, J.)**

**INTERVENOR-DEFENDANTS-APPELLANTS' RESPONSE TO *PA NAACP* PLAINTIFFS' MOTION TO INTERVENE**

Thomas E. Breth
Thomas W. King, III
Dillon McCandless King
Coulter & Graham
128 W Cunningham Street
Butler, PA 16001
tbreth@dmkcg.com
tking@dmkcg.com

Kathleen A. Gallagher
Gallagher Firm
436 Seventh Avenue
30th Floor
Pittsburgh, PA 15219
Phone: 412-308-5512
kag@gallagherlawllc.com

John M. Gore
E. Stewart Crosland
Louis J. Capozzi, III
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Phone: (202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com
lcapozzi@jonesday.com

*Counsel for Intervenor-Appellants*

**RESPONSE TO *PA NAACP PLAINTIFFS'* MOTION TO INTERVENE**

Intervenor-Appellants Republican National Committee, National Republican Congressional Committee, and Republican Party of Pennsylvania oppose the motion of the *PA NAACP* Plaintiffs [hereinafter, "Movants"] to intervene. *See* ECF No. 62.

Movants are not entitled to intervention as of right or permissive intervention because their motion is not timely. "Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.'" *NAACP v. New York*, 413 U.S. 345, 365 (1973). In assessing timeliness, the Court considers "(1) how far the proceedings have gone when the movant seeks to intervene, (2) the prejudice which resultant delay might cause to other parties, and (3) the reason for the delay." *In re Fine Paper*, 695 F.2d 494, 500 (3d Cir. 1982) (cleaned up).

Here, Movants are attempting to intervene after the entry of final judgment, strongly suggesting their motion is untimely. "While the point to which a suit has progressed is only one factor for consideration, [this Court] ha[s] observed that a motion to intervene after entry of a decree should be denied except in extraordinary circumstances." *Id*.

Here, there are no "extraordinary circumstances" justifying Movants' post-judgment intervention gambit. *Id.* In fact, there is no apparent "reason for the delay." *Id.* And Movants' own motion confirms this fact.

As Movants recount, they first filed suit challenging Pennsylvania's longstanding date requirement for mail ballots "[d]ays before the November 2022 election." ECF No. 62 at 4. Movants, however, did not bring an *Anderson-Burdick* claim at that time. *See id.* at 7.

Three days later, the *Eakin* Plaintiffs—Plaintiffs-Appellees in this appeal—filed their challenge to the date requirement in the same district court. *See id.* at 4. The *Eakin* Plaintiffs brought an *Anderson-Burdick* claim at that time. *See id.*

Movants amended their complaint shortly thereafter but did not add an *Anderson-Burdick* claim at that time. *See* No. 1-22-cv-00039, ECF No. 121 (W.D. Pa. Nov. 30, 2022). In fact, even though they claim that they "developed" the "summary judgment record that forms the basis of the decision on appeal here," ECF No. 62 at 2, Movants waited more than 18 months to seek leave to amend their complaint again to add an *Anderson-Burdick* claim, *see id.* at 7. Indeed, Movants were content to allow the *Eakin* Plaintiffs to pursue that claim alone until this Court rejected Movants' Materiality Provision claim. *See id.*

Even after amending their complaint 18 months into the litigation, Movants did not move to consolidate their action with, or to intervene in, *Eakin* in the district court—even though doing so would have advanced the very judicial efficiency they now claim their intervention will serve. Movants, moreover, waited nearly four weeks after Intervenor-Defendants-Appellants filed their notice of appeal—and a

2

week after this Court issued an expedited briefing schedule—to move to intervene in this Court.

Movants offer no defensible "reason for the delay." *In re Fine Paper*, 695 F.2d at 500. They offer no explanation as to why they chose not to seek consolidation or intervention in the district court. *See* ECF No. 62 at 2. And even their proffered reason for delaying their motion to intervene in this Court is not defensible: Movants could have moved to intervene here right after Intervenor-Defendants-Appellants noticed this appeal. They did not need to (and ultimately did not) wait for resolution of their Rule 54(b) motion to do so. *See id.* at 12.

The Court should deny Movants' motion as untimely.

<table>
<tr><td>May 1, 2025</td><td>Respectfully submitted,<br><br>*s/John M. Gore*<br>John M. Gore<br>*Counsel of Record*</td></tr>
<tr><td>Thomas E. Breth<br>Thomas W. King, III<br>DILLON MCCANDLESS KING<br>COULTER & GRAHAM<br>128 W Cunningham Street<br>Butler, PA 16001<br>tbreth@dmkcg.com<br>tking@dmkcg.com<br><br>Kathleen A. Gallagher<br>GALLAGHER FIRM<br>436 Seventh Avenue<br>30th Floor<br>Pittsburgh, PA 15219<br>Phone: 412-308-5512<br>kag@gallagherlawllc.com</td><td>E. Stewart Crosland<br>Louis J. Capozzi, III<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>Phone: (202) 879-3939<br>jmgore@jonesday.com<br>scrosland@jonesday.com<br>lcapozzi@jonesday.com</td></tr>
</table>

*Counsel for Intervenor-Defendant-Appellants*

4

## COMBINED CERTIFICATIONS

1. Pursuant to Third Circuit L.A.R. 28.3(d), at least one of the attorneys whose names appear on this motion is a member in good standing of the bar of this Court.

2. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 583 words, excluding the parts of the documented exempted by Fed. R. App. P. 32(f).

3. This motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because it has been prepared in a 14-point proportionally spaced typeface (Times New Roman) using Microsoft Word.

4. That on May 1, 2025, I caused the foregoing to be filed with the Clerk of Court using the CM/ECF System, and all counsel of record in this case is a Filing User who will receive notice of such filing.

Dated: May 1, 2025                    /s/ John M. Gore
                                      John M. Gore