**No. 25-1644**

**IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

BETTE EAKIN, *et al.*,
*Plaintiffs-Appellees*,

v.

ADAMS COUNTY BOARD OF ELECTIONS, *et al.*,
*Defendants-Appellants*.

Appeal from the United States District Court for the Western District of Pennsylvania, Case No. 1:22-cv-00340 (Hon. Susan Paradise Baxter)

# REPLY IN SUPPORT OF EXPEDITED MOTION TO INTERVENE OF THE *PA NAACP* PLAINTIFFS

Stephen Loney (PA 202535)
Kate Steiker-Ginzberg (PA 332236)
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA P.O. Box 60173
Philadelphia, PA 19102
sloney@aclupa.org

Witold J. Walczak (PA 62976)
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
Tel: (412) 681-7736
vwalczak@aclupa.org

Ari J. Savitzky
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
asavitzky@aclu.org

*Counsel Continued on Inside Cover*

David Newmann (PA 82401)
Brittany C. Armour (PA 324455)
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4610
david.newmann@hoganlovells.com
brittany.armour@hoganlovells.com

Megan C. Keenan
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street NW
Washington, DC 10004
Tel: (202) 457-0800
mkeenan@aclu.org
acepedaderieux@aclu.org

*Counsel for the Pennsylvania State Conference of the NAACP, League of Women Voters of Pennsylvania, Philadelphians Organized to Witness, Empower and Rebuild, Common Cause Pennsylvania, Black Political Empowerment Project, Make the Road Pennsylvania, Barry M. Seastead, Marlene G. Gutierrez, Aynne Margaret Pleban Polinski, Joel Bencan, and Laurence M. Smith*

## REPLY

In directly analogous circumstances, the *Eakin* political party plaintiffs were granted appellate-stage intervention by this Court in the prior *Pennsylvania NAACP* appeal. Order, No. 23-3166 (3d Cir.), Dkt. 129. It was not suggested there, as the RNC Intervenors suggest now (RNC Resp. at 2-3, Dkt. 66), that appellate-stage intervention by plaintiffs from a companion case involving identical claims and the same record might be denied as untimely merely because the *Eakin* Plaintiffs had not sought consolidation below.[1] Nor would such a suggestion have been well taken, because no case law or legal principle supports it.

Timeliness is judged based on when the "need to seek intervention . . . ar[ose]". *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 280 (2022). Here, the need for the *PA NAACP* Plaintiffs' intervention in this case arose once the RNC Intervenors obtained an

[1] RNC Intervenors also point out (at 2) that the *PA NAACP* Plaintiffs did not originally plead an *Anderson-Burdick* claim when they filed suit in 2022. That is irrelevant. The *PA NAACP* successfully sought leave to add such a claim at the first opportunity after this Court remanded the case to the district court following the *Pennsylvania NAACP* appeal, which confirmed that, on the undisputed facts in the discovery record amassed in the *Pennsylvania NAACP* case, the envelope date "serves little apparent purpose." *Pa. State Conf. of NAACP Branches v. Sec'y Commonwealth of Pa.*, 97 F.4th 120, 125, 131 (3d Cir. 2024).

expedited briefing schedule for this appeal, which made it functionally impossible for any appeal from a Rule 54(b) judgment on the same claims in the companion *Pennsylvania NAACP* case to be heard in tandem with *Eakin*. *See PA NAACP* Pls.' Mot. at 11-12, Dkt. 62. After expedited briefing was granted, the *PA NAACP* Plaintiffs sought intervention early the next week.

Timeliness is also judged based on whether intervention will result in any delay or prejudice to the existing parties. *E.g.*, *Benjamin ex rel. Yock v. Dep't of Pub. Welfare*, 701 F.3d 938, 949 (3d Cir. 2012); *see also* Fed. R. Civ. P. 24(b)(3). The RNC Intervenors do not claim that the *PA NAACP* Plaintiffs' participation will prejudice them or any other party in any way, or that it will cause any delay. Again, the *PA NAACP* Plaintiffs commit to following the expedited schedule ordered by the Court.

The RNC Intervenors also do not dispute that all the other factors supporting mandatory or permissive intervention are met, which they are. *See PA NAACP* Pls.' Mot. at 12-18, Dkt. 62.

## CONCLUSION

The *PA NAACP* Plaintiffs respectfully request that this Court grant their motion to intervene.

Dated: May 2, 2025

Respectfully submitted,

*/s/ Ari J. Savitzky*

Ari J. Savitzky
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
asavitzky@aclu.org
slakin@aclu.org

Megan C. Keenan
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street NW
Washington, DC 10004
Tel: (202) 457-0800
mkeenan@aclu.org
acepedaderieux@aclu.org

*Counsel for the Pennsylvania State Conference of the NAACP, League of Women Voters of Pennsylvania, Philadelphians Organized to Witness, Empower and Rebuild, Common Cause Pennsylvania, Black Political Empowerment Project, Make the Road Pennsylvania, Barry M. Seastead, Marlene G. Gutierrez, Aynne Margaret Pleban Polinski, Joel Bencan, and Laurence M. Smith*

Stephen Loney (PA 202535)
Kate Steiker-Ginzberg (PA 332236)
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA P.O. Box 60173
Philadelphia, PA 19102
sloney@aclupa.org

Witold J. Walczak (PA 62976)
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
Tel: (412) 681-7736
vwalczak@aclupa.org

David Newmann (PA 82401)
Brittany C. Armour (PA 324455)
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4610
david.newmann@hoganlovells.com
brittany.armour@hoganlovells.com

## COMBINED CERTIFICATIONS

The undersigned is a member of the bar of this Court.

This brief complies with the word limit of Fed. R. App. P. 27(d)(2) because this document contains fewer than 2,600 words. It complies with the typeface and style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it has been prepared in a 14-point proportionally spaced typeface (Century Schoolbook) using Microsoft Word.

The text of this electronic brief is identical to the text of any paper copies that will be filed with the Court.

I herby certify that on May 2, 2025, I caused a true and correct copy of the foregoing Reply to be served on all parties via the Court's CM/ECF system.

Dated: May 2, 2025

Respectfully submitted,

*/s/ Ari J. Savitzky*
Ari J. Savitzky