# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| BETTE EAKIN, et al.,<br><br>v.<br><br>ADAMS COUNTY BOARD OF ELECTIONS, et al. | Case No. 25-1644 |

## MOTION OF LEGISLATIVE LEADERS OF THE PENNSYLVANIA GENERAL ASSEMBLY FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF APPELLANTS URGING REVERSAL

Jesse Topper, Republican Leader of the Pennsylvania House of Representatives; Kim Ward, President Pro Tempore of the Pennsylvania Senate; and Joe Pittman, Majority Leader of the Pennsylvania Senate (hereinafter "the Legislative Leaders") respectfully ask this Court for leave to file the attached *amicus curiae* brief in support of Appellants, Republican National Committee, National Republican Congressional Committee, and Republican Party of Pennsylvania, and Intervenor, Commonwealth of Pennsylvania.[1]

---

[1] The Republican Appellants, the Commonwealth of Pennsylvania, and the Greene, Philadelphia, and York County Boards of Elections consent to the filing of this brief. The Lancaster County Board of Elections does not oppose the filing of this brief. The Clarion, Delaware, Potter, Susquehanna, and Tioga County Boards of Elections take no position on the filing of this brief. The Erie County Board of Elections opposes the filing of this brief. The remaining parties did not respond to proposed *amici*'s request for consent.

1

# INTRODUCTION AND INTEREST OF PROPOSED AMICI CURIAE[2]

The Legislative Leaders seek to bring this brief in this appeal as *Amici Curiae* in support of their authority as representatives of a legislative body under the U.S. Constitution, and respectfully move for leave of Court to file the accompanying *amicus* brief in support of Appellants. Proposed *amici* ask this Court to acknowledge the grant of authority to state legislatures under the U.S. Constitution's Election Clause and to reverse the decision of the court below.

This brief will be helpful and desirable as proposed *amici* assert that the Pennsylvania General Assembly, of which all *amici* are members, has the authority as Pennsylvania's legislature to prescribe the "Times, Places, and Manner of holding elections" under Article I, § 4, cl. 1 of the U.S. Constitution. Moreover, the matters discussed in the brief are directly relevant to the disposition of the case, as *amici* are in the unique position of being able to offer legislative history and background on the statutes in question, and to offer their legislative perspective on why the statutes in question are necessary, proper, and constitutional. Accordingly, the proposed *amici* respectfully request that their motion to file the attached *amicus* brief be granted.

---

[2] No party's counsel authored the attached brief in whole or in part, and no one other than *amici* and its counsel contributed money to fund the brief's preparation or submission.

# ARGUMENT

Federal Rule of Appellate Procedure 29(a) outlines two ways in which an interested party can file an *amicus* brief: "if all parties consent or if the court grants leave." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 130 (3d Cir. 2002). The proposed brief must simply state: "(1) the movant's interest; and (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." *Id.* at 131.[3] Thus, there are three requirements for leave to be granted: (1) an adequate interest, (2) desirability, and (3) relevance—all of which are met here. *Id.*

This Court has noted that "it is preferable to err on the side of granting leave." *Neonatology Assocs., P.A*, 293 F.3d at 133. As then-Judge Alito explained, "[i]f an amicus brief that turns out to be unhelpful is filed, the [court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [court] will be deprived of a resource that might have been of assistance." *Id.*

---

[3] Federal Rule of Appellate Procedure 29(a)(6) further provides that the proper timing for an *amicus* brief is that "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." Here, the Appellants filed their brief on Tuesday, May 6, 2025, so the proposed *amicus curiae* brief is timely.

1. <u>Adequate Interest</u>.

Federal Rule of Appellate Procedure 29 requires the Legislative Leaders to have an "interest" in the case. *Neonatology Assocs., P.A.*, 293 F.3d at 131. There is no requirement of impartiality, as "an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Id.* Further, parties with pecuniary and/or policy interests appear as amici in the Third Circuit. *Id.* at 132.

As members of the state legislative body that enacted the statutes that are the subject of this litigation, the Legislative Leaders have an adequate interest in this case. Further, although there is no requirement that an interest is not otherwise represented in the case, the fact that the Legislative Leaders' interest is not currently represented makes their interest even more desirable.

2. <u>Desirability</u>.

The second requirement under Federal Rule of Appellate Procedure 29 is desirability. Here, *amici* are in the unique position of being able to offer legislative history and background on the statutes in question, and to offer their legislative perspective on why the statutes in question do not violate federal law. The Legislative Leaders are better situated than any party in this case to opine upon the meaning and purpose of the law that the General Assembly enacted. Thus, the proposed *amicus* brief is desirable. The Legislative Leaders, or their predecessors,

4

have previously been permitted to file *amicus* briefs by numerous state and federal courts considering the ballot declaration issue, including in the two previous cases before this Court. *See Pa. State Conf. of NAACP v. Schmidt*, 97 F.4th 120 (3d. Cir. 2023); *Migliori v. Cohen*. 36 F. 4th 153 (3d Cir. 2022).[4]

3. <u>Relevance</u>.

Rule 29 also requires a motion for leave to state why the matters asserted are relevant to the disposition of the case. Here, the Legislative Leaders can offer helpful legislative history on the statutes in question that gives context to the matter before the Court. Further, the Legislative Leaders, through that connection to the statutes in question, can explain why the challenged statutes are constitutional. The Legislative Leaders' presentation of these points will be especially helpful and relevant to the Court because the Legislative Leaders are among those individuals in the General Assembly who enacted the statutory language that is the subject of this litigation.

---

[4] Senator Ward participated as *amicus curiae* in both prior cases. In *NAACP*, Senators Ward and Pittman were joined as *amici curiae* by Representative Bryan Cutler, as then-Republican Leader of the Pennsylvania House of Representatives. In *Migliori*, Senator Ward was joined by then-President Pro Tempore of the Pennsylvania Senate, Jake Corman, Representative Cutler (then Speaker of the Pennsylvania House of Representatives), and then-Majority Leader of the Pennsylvania House of Representatives, Kerry Benninghoff.

## CONCLUSION

For all these reasons, the Court should grant this motion and allow the Legislative Leaders to file the attached *amicus* brief.

Respectfully submitted,

Dated: May 12, 2025

/s/ *Zachary M. Wallen*
Zachary M. Wallen
Pennsylvania Bar No. 309176
CHALMERS, ADAMS, BACKER &
KAUFMAN, LLC
301 South Hills Village Drive
Suite LL200-420
Pittsburgh, PA 15241
(412) 200-0842
zwallen@chalmersadams.com

*Counsel for Amici Curiae*

# CERTIFICATE OF SERVICE

I filed this motion and accompanying documents with the Court via ECF, which will electronically notify all counsel of record.

Dated: May 12, 2025

*/s/ Zachary M. Wallen*
*Counsel for Amici Curiae*