No. 25-1644

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

BETTE EAKIN, *et al.*,

*Plaintiffs-Appellees,*

v.

ADAMS COUNTY BOARD OF ELECTIONS, *et al.*,

*Defendants-Appellees,*

REPUBLICAN NATIONAL COMMITTEE, *et al.*,

*Intervenors-Appellants.*

On Appeal from the United States District Court for the
Western District of Pennsylvania, Case No. 1:22-cv-340

## AMICUS BRIEF OF THE PENNSYLVANIA DEPARTMENT OF STATE AND SECRETARY OF THE COMMONWEALTH AL SCHMIDT

Kathleen A. Mullen (No. 84604)
Pennsylvania Department of State
306 North Office Bldg.
401 North St.
Harrisburg, PA 17120-0500
kamullen@pa.gov
(717) 783-7200

Michael J. Fischer (No. 322311)
Jacob B. Boyer (No. 324396)
Aimee D. Thomson (No. 326328)
Office of General Counsel
30 North Third Street, Suite 200
Harrisburg, PA 17101
jacobboyer@pa.gov
(717) 460-6786

June 4, 2025

*Counsel for Amici Curiae Pennsylvania Department of State and Secretary of the Commonwealth Al Schmidt*

# TABLE OF CONTENTS

Table of Authorities ................................................................. iii

Interest of Amici Curiae ............................................................ 1

Introduction ........................................................................... 2

Argument ............................................................................... 3

I.   Rejecting ballots for declaration-date errors serves no
     purpose under the Election Code ...................................... 3

     A.   The declaration date has not served its
          intended purpose since 1968. ................................... 3

     B.   Election officials do not use the handwritten
          date for any purpose. ............................................. 8

II.  Rejecting mail ballots for declaration-date errors
     affirmatively harms Pennsylvania elections and voters. .............. 14

III. The circumstances here are unusual ............................................ 17

Conclusion ............................................................................. 19

# TABLE OF AUTHORITIES

## Cases

*Appeal of Gallagher*, 41 A.2d 630 (Pa. 1945)...........................................18

*Appeal of Norwood*, 116 A.2d 552 (Pa. 1955) .........................................18

*Bonner v. Chapman*, 298 A.3d 153 (Pa. Cmwlth. 2023) .........................13

*In Re 2,349 Ballots in 2020 Gen. Election*, 241 A.3d 694 (Pa. Cmwlth. 2020)...................................................................................17

*In re Luzerne Cnty. Return Bd.*, 290 A.2d 108 (Pa. 1972)......................18

*Pa. Democratic Party v. Boockvar*, 238 A.3d 345, 375 (Pa. 2020) ................................................................................................18

## Statutes

25 P.S. § 2811..............................................................................................13

25 P.S. § 3146.4.................................................................................1, 11, 18

25 P.S. § 3146.

25 P.S. § 3150.14...............................................................................1, 11, 18

25 P.S. § 3150.16...........................................................................................7

25 P.S. § 3260.2-A.......................................................................................10

25 P.S. § 3553...................................................................................... 11, 18

25 Pa.C.S. § 1301 ........................................................................................13

71 P.S. § 273..................................................................................................1

Act of Aug. 1, 1941, P.L. 672, No. 273 ...................................................4, 5

Act of Aug. 13, 1963, P.L. 707, No. 379 .....................................................6

Act of Dec. 11, 1968, P.L. 1183, No. 375..................................................6, 7

iii

Act of June 3, 1937, P.L. 1333, No. 320 ...................................................... 4

Act of Mar. 9, 1945, P.L. 29, No. 17 ........................................................... 5

Act of Oct. 31, 2019, P.L. 552, No. 77 ........................................................ 7

## INTEREST OF AMICI CURIAE

The Department of State is Pennsylvania's state-level executive agency responsible for administering elections in the Commonwealth. 71 P.S. § 273. The Department is led by the Secretary of the Commonwealth, who is Pennsylvania's Chief Election Official and the foremost authority on Pennsylvania's elections.[1]

Among other obligations, the Secretary prescribes the form of the declaration that appears on mail-ballot envelopes; all counties must use that declaration. *See* 25 P.S. §§ 3146.4, 3150.14(b). Similarly, the Secretary prescribes the form of the return envelope that carries the declaration, as well as the form of the instructions included with a mail ballot. *See id.* §§ 3146.4, 3150.14(b) & (c). The Secretary has used this authority to redesign balloting materials to reduce inadvertent voter errors, including dating errors. Despite these efforts, thousands of voters in each election continue to omit the declaration date or write an "incorrect" date.

The Secretary and the Department have an interest in ensuring that every qualified voter can participate in Pennsylvania's elections.

---

[1] This brief was not authored or paid for, in whole or in part, by any person or entity other than *amici* and their counsel.

## INTRODUCTION

Pennsylvania's elections are run by the Department of State and 67 county boards of elections. Not one of these entities has articulated any reason to reject a mail ballot based on a voter's neglecting to properly date the declaration returned with their ballot.

Indeed, the direction that voters date the declaration returned with their mail ballot has been divorced from any purpose since 1968, which is the same year Pennsylvania's state legislature eliminated the requirement that county boards set aside certain ballots because of the date written. In elections since then, there has been no reason to reject ballots for declaration-date errors or omissions. Rather, requiring election officials to cancel ballots for declaration-date errors undermines the orderly administration of Pennsylvania elections.

The district court was right to conclude during its review that no state interest is served by disenfranchising voters for failing to write an inconsequential date. Upholding its judgment would protect the constitutional right to vote against needless restrictions while leaving states and election officials ample room to impose rules that facilitate sound election administration.

2

# ARGUMENT

## I. Rejecting ballots for declaration-date errors serves no purpose under the Election Code.

This appeal is about whether it is constitutional to deprive individuals of their right to vote for failing to correctly date a declaration that must be returned with a mail ballot. Resolving that question requires evaluating what interest is served by a voter's writing that date, and consequently what interest is served by an election official's rejecting a ballot for the voter's failure to properly write that date.

Pennsylvania's Election Code demonstrates the purpose the declaration-date rule was meant to serve, and that the declaration-date rule has not served any function since 1968. And there is no state interest in disenfranchising eligible voters who fail to follow a rule that is a vestige of a different era with no present-day purpose.

### A. The declaration date has not served its intended purpose since 1968.

The history of Pennsylvania's Election Code reveals two points critical to this appeal. First, the actual intended purpose of the Election Code's declaration-date rule was to ensure, during an era in which the deadline for a remote voter to *complete* a mail ballot was different from the deadline to *return* a mail ballot, that ballots were completed on time.

3

Second, the declaration date has not served that intended purpose since 1968.

**1937.** Pennsylvania enacted its Election Code in 1937. At that time, only some active military members could vote absentee. *See* Act of June 3, 1937, P.L. 1333, No. 320, §§ 1327-1330 (attached as an Exhibit, at 9-11). Voters completed absentee ballots on or before Election Day, *id.* § 1329 (Ex. at 10), and placed the ballot in an envelope printed with "the affidavit of the [voter], together with the jurat of the officer in whose presence the ballot is marked and before whom the affidavit is made," *id.* § 1328 (Ex. at 9-10). Neither the affidavit nor jurat had to be dated. *Id.* § 1329 (Ex. at 10).

**1941.** When Pennsylvania's General Assembly amended the Code in 1941, it retained the direction that voters must complete their absentee ballot on or ***before*** Election Day, and instructed county boards to canvass ballots received by the second Friday ***after*** Election Day. *See* Act of Aug. 1, 1941, P.L. 672, No. 273, § 4 (amending Sections 1303 and 1306 of the Code) (Ex. at 17-18). The General Assembly added a new requirement that county boards "set aside" during canvassing any ballot with a return envelope that "bear[s] a postmark later than the date of the particular

4

Election Day involved." *Id.* § 4 (amending what was then Section 1307 of the Code) (Ex. at 18-19).

Postmarks, therefore, were evidence that a ballot was timely completed.

**1945.** Four years later, the General Assembly added language stating that the voter's jurat "shall be … dated." *See* Act of Mar. 9, 1945, P.L. 29, No. 17, § 10 (amending Section 1306 of the Code, 25 P.S. § 3146.6) (Ex. at 27-28). Voters still had to complete the absentee ballot on or ***before*** Election Day, *id.* (Ex. at 27), and election officials could count a ballot if received by a certain date ***after*** Election Day, *id.* § 10 (amending what was then Section 1307 of the Code) (Ex. at 28). Consistent with the new instruction that voters date the jurat, election officials were specifically directed to "set aside" all ballots in which the "jurat bears a date later than the date of the election." *Id.* § 10 (amending what was then Section 1307 of the Code) (Ex. at 28–29).

The written date, then, replaced the postmark as evidence that a ballot was timely completed.

**1963.** Amendments in 1963 consolidated civilian and military absentee procedures and replaced the separate affidavit and jurat with the

single declaration still in use today. *See* Act of Aug. 13, 1963, P.L. 707, No. 379, § 22 (amending Section 1304 of the Code, 25 P.S. § 3146.4) (Ex. at 75-76). The previous instruction to date the jurat became an instruction that the "elector shall … fill out, date and sign the declaration printed on [the outer ballot-return] envelope." *Id.* § 22 (amending Section 1306 of the Code, 25 P.S. § 3146.6) (Ex. at 77-78).

Voters still had to mark the ballot on or *before* Election Day, *id.*, and it would be counted if received before the second Friday *after* Election Day, *id.* § 24 (amending Section 1308 of the Code, 25 P.S. § 3146.8) (Ex. at 82). The Code was amended to instruct election officials to set aside ballots returned with declarations (rather than jurats) bearing a date after Election Day. *Id.*

**1968.** Almost 60 years ago, the General Assembly aligned, for the first time, the deadline for absentee voters to *complete* their ballot and the deadline for county boards to *receive* those ballots, making both the Friday before Election Day. *See* Act of Dec. 11, 1968, P.L. 1183, No. 375, § 8, (amending Section 1306 of the Code, 25 P.S. § 3146.6, and Section 1308 of the Code, 25 P.S. § 3146.8) (Ex. at 98, 102).

After creating a single deadline for voters to complete a mail ballot and for election officials to receive it, the General Assembly ***removed*** the requirement that counties set aside ballots based on their review of the date appearing on the ballot-return declaration. *Id*.

In all other ways, the Code was materially unchanged.

**Present.** The alignment of the deadline for voters to complete a mail ballot and the deadline for election officials to receive a mail ballot remains today.

In 2019, Pennsylvania enacted Act 77, which gave all registered, qualified voters the option to vote by mail. Act 77 adopted wholesale the pre-existing text and procedures for absentee voting and applied them to mail-in voting, including the direction that voters shall "fill out, date and sign" the declaration. Act of Oct. 31, 2019, P.L. 552, No. 77 ("Act 77"), §§ 6, 8. The statute retained the uniform deadlines for a voter to complete a mail ballot and for election officials to receive that ballot, which is currently 8 p.m. on Election Day. *Id*.; 25 P.S. §§ 3146.6 (deadline to vote absentee ballot), 3150.16 (deadline to vote mail-in ballot), 3146.8 (deadline to receive absentee and mail-in ballot).

7

So, since 1968—when the General Assembly aligned the deadlines for a voter to complete a ballot and for election officials to receive a ballot and also removed the instruction that election officials reject ballots based on their declaration-date review—there has been no reason to disenfranchise voters based on what date they write.

## B.    Election officials do not use the handwritten date for any purpose.

Under current rules, mail ballots may be counted only if they are *received* by 8 p.m. on Election Day. 25 P.S. § 3146.8(g)(1)(ii). It does not matter when before that time the ballot was *completed*. Therefore, consistent with the legislative genealogy described above, no election official today uses the handwritten date for any purpose—other than to exclude the votes of eligible voters.

Throughout the years of litigation over excluding mail ballots for declaration-date errors, no election official has identified anything to the contrary. Nevertheless, the RNC, the Pennsylvania Office of Attorney General, and certain state legislators press this Court to imagine purposes for a date requirement. Not only do their hypotheticals (which ignore the actual reason for the date) have no foundation in the

administration of Pennsylvania elections, they affirmatively contradict the Election Code.

1.    Contrary to the claims of both the RNC and the Attorney General, rejecting ballots for declaration-date errors does not contribute to the "orderly administration" of elections. RNC Br. at 53-54; OAG Br. at 29-30.[2]

The appellants support that notion by suggesting the date might be a "useful backstop" to ascertain "when a ballot was *cast*" should other systems (such as SURE) fail. RNC Br. at 53 (emphasis added); *see also* OAG Br. 29. But no backstop is needed for determining when a ballot was cast, which is all that declaration date could show. The date a ballot was cast has not mattered under the law since 1968. The SURE system catalogs a ballot's *receipt* date.

Indeed, relying on a declaration date to determine if a ballot was received on time would invariably result in counting large numbers of unlawful, late-arriving ballots. A ballot that was *completed* by Election Day will not necessarily be *received* by Election Day—and ballots must

---

[2] As described below, rejecting ballots for declaration-date errors affirmatively harms the orderly administration of elections.

9

be received by Election Day to be counted. 25 P.S. § 3146.8(g)(ii). If a

county truly had no idea when a mail ballot was received, it could not

count that ballot under the Election Code. *Id.* [3]

The Attorney General also presents a hypothetical emergency in

which, by judicial order, the deadline to complete a ballot and to return

are again separated. OAG Br. at 29-30. In essence, the Attorney General

asks the Court to consider a return to pre-1968 rules. But even if such a

situation could plausibly occur in the future, there would still be no jus-

tification for *invalidating* ballots for date errors in every election admin-

istered under the current law. No matter the outcome of this appeal, the

return envelope will contain a space for the date; the Election Code will

---

[3] It is precisely because it is so important to ensure that only timely received ballots are counted that counties take several precautions to ensure that they track which ballots arrived before the deadline. It would take far more than a breakdown of the SURE System for counties to be left with no way to determine which ballots were received on time.

Further, to be eligible for Pennsylvania's election integrity grant program, counties must begin canvassing mail ballots at 7 a.m. on Election Day and continue without interruption until completed. 25 P.S. § 3260.2-A(j)(1). Almost all Pennsylvania counties participate in this grant program. Therefore, in each election most mail ballots have been separated from their declaration by Election Day's 8 p.m. receipt deadline, making the declaration date even less useful as evidence of whether a ballot was received on time.

instruct voters to fill it in; and the vast majority will do so. The date, therefore, could perform just the function the Attorney General imagines without having to disenfranchise thousands of eligible voters in every election conducted under the Election Code's actual rules.

2.    The claim that throwing out ballots based on dating errors serves some interest in solemnity is as flawed. *See* RNC Br. at 54-55; OAG Br. at 28-29. The General Assembly plainly did not see it that way: The act of signing the declaration affirming eligibility to vote, by itself, subjects an individual to criminal penalties if the attestation is knowingly false. *See* 25 P.S. §§ 3146.4, 3150.14, 3553. A voter who signs a false declaration cannot escape punishment by omitting the date. If the General Assembly deemed falsely signing a declaration to be, by itself, sufficiently solemn to subject a voter to criminal penalties, then truly signing the declaration must be, by itself, sufficiently solemn to exercise the right to vote. The RNC's collection of cited cases speaks to the importance of *signing* documents, but not *dating* them. *See* RNC Br. at 54-55 (citing cases). The General Assembly drew the same distinction.

3.    The RNC and Attorney General cite the same criminal complaint from Lancaster County as supposed evidence that the date serves

an anti-fraud function, RNC Br. at 55–57; OAG Br. at 26-27; but Lancaster election officials have repeatedly made clear that the date had no relevance to detecting that the ballot at issue was invalid.[4] And the RNC greatly exaggerates the facts of the case: there is no basis, for instance, that the handwritten date was "a key piece of evidence" that the ballot had been fraudulently cast. *Contra* RNC Br. at 56.

And even if the appellants were correct about the facts of the case, affirming the judgment here would not deprive the date of whatever anti-fraud function it might serve. Again, directing counties not to reject ballots for date errors does not remove the date field from the declaration. That is because the instruction that voters date the declaration and the

---

[4] The district court summarized the facts of this case as follows:

> Record evidence from the Board's own Rule 30(b)(6) designee indicates that the fraudulent ballot was first detected by way of the SURE system and Department of Health records, not by review of the date on the return envelope. The County Board acknowledges that it recognized that the ballot was invalid as soon as it was scanned into the SURE system because the voter had been removed from the rolls due to her death. Importantly, the Lancaster County Board admits that an outer envelope that is missing a hand-written date is no reason to suspect voter fraud.

App.24 (cleaned up).

instructions to election officials about which mail ballots to canvass are governed by ***different*** sections of the Election Code. *Compare* 25 P.S. §§ 3146.6(a), 3150.16(a) (instructions to voters) *with id.* § 3146.8(g) (canvassing instructions for election officials). Because the field will be there, most voters will use it regardless of what happens in this case. Affirming the Commonwealth Court would simply tell counties they could not reject ballots based on missing or incorrect declaration dates. *See Bonner v. Chapman*, 298 A.3d 153, 168 (Pa. Cmwlth. 2023) (explaining difference between instructions to voters and election officials).

4.    Several state legislators offer a few more mistaken explanations for what the declaration date does. The date does not establish a point on time against which to measure eligibility. *Contra* Amicus Br. at 6. Election Day—not the day the voter dated the return envelope—is the date against which a voter's qualifications are measured. *See* 25 P.S. § 2811; 25 Pa.C.S. § 1301.

Nor does the date help prevent counting back-dated ballots. *Contra* Amicus Br. at 7. Again, only the receipt date matters, and the declaration date is not used for determining when a ballot was received, nor could it

be used for that purpose. If the declaration date does not affect whether a ballot counts, there is no motivation to alter it.

## II.    Rejecting mail ballots for declaration-date errors affirmatively harms Pennsylvania elections and voters.

In elections since the 2022 general election, Pennsylvania's election officials have been required to reject thousands of timely received ballots from qualified voters because the voter made a mistake, either by forgetting to write the date or by writing the wrong date. That obligation damages the administration of Pennsylvania's elections.

First, the burden imposed by rejecting ballots for declaration date errors does not fall equally across all groups of voters. Rather, in every election in which the relevant data has been analyzed, the rejection rate based on dating errors among older voters has been meaningfully higher than that among younger voters.

For instance, in the 2024 general election, the rejection rate for dating errors among mail voters aged 70 and over was 1.6 times the rejection rate among voters aged 50 and under. And the rejection rate for voters 80 and over was more than double that among voters aged 50 and under.

14

The chart below shows the rejection rate in the 2024 general election of mail ballots due to dating issues by age of the voter:

**REJECTION RATE BASED ON DATING ERRORS**



**AGE OF VOTER[5]**

This effect is compounded by the fact that more older voters vote by mail than younger voters do. The number of voters 50 years and older who voted by mail was nearly double that of voters under 50 years old (678,073 voters aged 50 and under voted by mail in last year's general election, while 1,300,377 voters aged 50 and over did). As a result, in the

---

[5] The black line reflects the actual rejection rates among voters of each age. The blue line is the same data, smoothed. The shaded gray area represents the confidence interval. The relevant data was taken from the SURE System as of December 9, 2024.

2024 general election, the total number of mail ballots of voters 50 years and older that were rejected for declaration date issues (3,384 ballots rejected) was more than 2.5 times that of voters aged 50 and under (1,344 ballots rejected).

On the other hand, rejecting ballots for dating errors does not appear to strongly disfavor one political party over another. For the 2024 general election, data shows that 2,303 ballots from registered Democrats were rejected for date errors (roughly .21% of all mail ballots returned by registered Democrats), 1,852 ballots from registered Republicans were rejected (roughly .29% of all mail ballots returned from registered Republicans), and 574 ballots from voters not registered with either major party were rejected (roughly .24% of all mail ballots returned by those voters).

Second, requiring counties to reject ballots with missing or incorrect handwritten dates hinders county election officials' performance of their duties. Requiring election officials to review ballot envelopes to determine whether the date is "correct" is a time-consuming and laborious process. That needless review delays the already time-intensive process of canvassing mail ballots.

Further, that review produces varying results and disparate treatment of voters. What one county reasonably regards as "correct" is not necessarily the same as what another county does. Given the inevitability of reasonable disagreements about what makes a date "correct," the requirement to invalidate ballots with incorrect dates has invariably led to "a patchwork of unwritten and arbitrary rules that will have some defective ballots counted and others discarded, depending on the county in which a voter resides," *In Re 2,349 Ballots in 2020 Gen. Election*, 241 A.3d 694 (Pa. Cmwlth. 2020) (Brobson, J.), *rev'd sub nom. In re Canvass of Absentee & Mail-in Ballots of Nov. 3, 2020 Gen. Election*, 241 A.3d 1058 (Pa. 2020). This "patchwork system does not guarantee voters an 'equal' election[.]" *Id.*

## III.  The circumstances here are unusual.

Pennsylvania's Election Code is replete with technical instructions that describe how voters can exercise the constitutional right to vote. Some of those instructions fulfill no genuine purpose, and non-compliance is not a basis for rejecting a qualified voter's ballot. For example, the Pennsylvania Supreme Court has ruled that a ballot could be counted despite the voter failing to mark his ballot with an "x," as the Election

Code dictated. *Appeal of Norwood*, 116 A.2d 552, 553 (Pa. 1955). That court reached a similar ruling with respect to a ballot that contained stray marks, contrary to the Election Code's explicit directions. *Appeal of Gallagher*, 41 A.2d 630, 631-32 (Pa. 1945). Likewise, non-compliance with the Election Code's instruction to mark a ballot in blue or black ink does not lead to a qualified voter being denied the right to vote. *In re Luzerne Cnty. Return Bd.*, 290 A.2d 108, 109 (Pa. 1972).

Other instructions in the Election Code serve genuine state interests. Non-compliance with these instructions is, permissibly, a basis for denying someone the right to vote. For example, Pennsylvanians' constitutional right to a secret ballot is advanced by the secrecy envelope in which voters must enclose their ballot; requiring use of that envelope serves a legitimate interest. *Pa. Democratic Party v. Boockvar*, 238 A.3d 345, 375, 378-80 (Pa. 2020). Similarly, having voters sign the declaration returned with their ballot serves a state interest because it requires a voter to attest under penalty of perjury that they are qualified to vote. 25 P.S. §§ 3146.4, 3150.14, 3553.

The circumstances here, however, are uncommon. The declaration date serves no purpose. And yet, a qualified voter's failure to properly

write a date now deprives that person of their constitutional right to vote. Affirming the district court's judgment will leave intact Pennsylvania's ability to protect the integrity of its elections with rules that serve actual interests while also safeguarding voters from losing a constitutional right for failing to perform an act that has no utility.

## CONCLUSION

For the reasons set forth above, this Court should affirm the judgment.

June 4, 2025

Kathleen A. Mullen (No. 84604)
Pennsylvania Department of State
306 North Office Bldg.
401 North St.
Harrisburg, PA 17120-0500
kamullen@pa.gov
(717) 783-7200

Respectfully submitted,

Michael J. Fischer (No. 322311)

*/s Jacob B. Boyer*
Jacob B. Boyer (No. 324396)
Aimee D. Thomson (No. 326328)
Office of General Counsel
30 North Third Street, Suite 200
Harrisburg, PA 17101
jacobboyer@pa.gov
(717) 460-6786

*Counsel for the Pennsylvania Department of State and Secretary of the Commonwealth Al Schmidt*

19

# CERTIFICATES

I, Jacob B. Boyer, certify that:

1.     I am a member of the bar of this Court in good standing;

2.     Malware detection was run on this file and no virus was de-

tected;

3.     The text of this brief is identical to the text in paper copies

that will be filed with the Court; and

4.     This amicus brief contains 3,700 words and therefore com-

plies with Federal Rules of Appellate Procedure 29(a)(5) and

32(a)(7)(b)(i). In making this certificate, I have relied on the

word count of the word-processing system used to prepare

the brief.

June 4, 2025          /s/ *Jacob B. Boyer*

Jacob B. Boyer
*Counsel for the Pennsylvania Department of*
*State and Secretary of the Commonwealth Al*
*Schmidt*

# CERTIFICATE OF SERVICE

I, Jacob B. Boyer, hereby certify that a copy of this document has been served on all counsel of record using the Court's CM/ECF system.


June 4, 2025                    /s/ *Jacob B. Boyer*
                               Jacob B. Boyer
                               *Counsel for the Pennsylvania Department of State and Secretary of the Commonwealth Al Schmidt*

EXHIBIT

been deı·ctive, all such bonds, securities, and obligations, sold under defective publication of the notices of such sale, are hereby made valid and binding obligations of every such county, city, borough, township, school district, or other municipality or incorporated district: Provided, That all the other requirements of law concerning such procedure, election, and issue of bonds have been complied with.

Section 2.  The provisions of this act shall become effective immediately upon its final enactment.

*When effective.*

Approved—The 3d day of June, A. D. 1937.

GEORGE H. EARLE

———

## No. 320

### AN ACT

Concerning elections, including general, municipal, special and primary elections, the nomination of candidates, primary and election expenses and election contests; creating and defining membership of county boards of elections; imposing duties upon the Secretary of the Commonwealth, courts, county boards of elections, county commissioners; imposing penalties for violation of the act, and codifying, revising and consolidating the laws relating thereto; and repealing certain acts and parts of acts relating to elections.

## CONTENTS

| Article | I. | Preliminary Provisions. |
|---------|----|----|
| Article | II. | The Secretary of the Commonwealth. |
| Article | III. | County Boards of Elections. |
| Article | IV. | District Election Officers. |
| Article | V. | Election Districts and Polling Places. |
| Article | VI. | Dates of Elections and Primaries and Special Elections. |
| Article | VII. | Qualifications of Electors. |
| Article | VIII. | Party Organization. |
| Article | IX. | Nomination of Candidates. |
| Article | X. | Ballots. |
| Article | XI. | Voting Machines. |
| Article | XII. | Preparation for and Conduct of Primaries and Elections. |
| Article | XIII. | Voting by Persons in Actual Military Service. |
| Article | XIV. | Returns of Primaries and Elections. |
| Article | XV. | Electoral College. |
| Article | XVI. | Primary and Election Expenses. |
| Article | XVII. | Recounts and Contests. |
| Article | XVIII. | Penalties. |
| Article | XIX. | Repeals. |

Section 1. Be it enacted, &c., That the laws relating to general, municipal, special and primary elections, the nomination of candidates, primary and election expenses and election contests are hereby codified, revised and consolidated as follows:

### ARTICLE I

### Preliminary Provisions

Section 101. Short Title.—This act shall be known, and may be cited, as the "Pennsylvania Election Code."

Section 102. Definitions.—The following words, when used in this act, shall have the following meanings, unless otherwise clearly apparent from the context:

(a) The word "candidate" shall, unless the context otherwise requires, include both candidates for nomination and election.

(b) The word "county" shall mean any county of this Commonwealth.

(c) The words "county board" or "board" shall mean the county board of elections of any county herein provided for.

(d) The words "district election board" or "election board" shall mean the election officers required to conduct primaries and elections in any election district in accordance with the provisions of this act.

(e) The words "district register" shall mean the cards containing all or any part of the registry list of qualified electors of the same election district, as prepared by the registration commissions.

(f) The word "election" shall mean any general, municipal, special or primary election, unless otherwise specified.

(g) The words "election district" shall mean a district, division or precinct, established in accordance with the provisions of this act, within which all qualified electors vote at one polling place.

(h) The words "general election" shall mean the election which the Constitution of this Commonwealth requires to be held in even-numbered years.

(i) The words "independent nomination" shall mean the selection by an independent political body, in accordance with the provisions of this act, of a candidate for a public office authorized to be voted for at an election.

(j) The words "municipal election" shall mean the election which the Constitution of this Commonwealth requires to be held in odd-numbered years.

(k) The word "nomination" shall mean the selection, in accordance with the provisions of this act, of a candidate for a public office authorized to be voted for at an election.

LAWS OF PENNSYLVANIA,

## Article XIII

### Voting by Persons in Actual Military Service

Section 1301. Qualified Electors in Actual Military Service.—Whenever any of the qualified electors of this Commonwealth shall be in any actual military service, under a requisition from the President of the United States or by the authority of this Commonwealth, and as such, absent from their place of residence on the days appointed by law for holding the general or municipal elections within this State, or on the days for holding special elections to fill vacancies, such electors shall be entitled, at such times, to exercise the right of suffrage, as fully as if they were present at their usual places of election, in the manner prescribed in this article and, whether at the time of voting, such electors shall be within the limits of this State or not; and the right of voting shall not be affected by reason of the failure of any elector to have been registered in his place of residence.

Section 1302. Polls to Be Opened in Each Military Unit; Detached Electors.—A poll shall be opened in each military or naval unit, composed in whole or in part of Pennsylvania soldiers, at the quarters of the captain or other officer thereof, and all electors belonging to such unit who shall be within one mile of such quarters, on the day of election, and not prevented by orders of their commanders, or proximity of the enemy, from returning to their unit quarters, shall vote at such poll and at no other place; officers, other than those of a unit, and other electors detached and absent from their units, or in any military or naval hospital, or in any vessel or navy yard, may vote at such other polls as may be most convenient for them; and when there shall be ten or more electors at any place, who shall be unable to attend any unit poll, or their proper place of election as aforesaid, the electors present may open a poll, at such place as they may select, and certify in the poll-book, which shall be a record of the proceedings at said election, substantially in manner and form as hereinafter directed.

Section 1303. Time of Opening and Closing Polls.— The polls shall be opened as early as practicable on said day and remain open at least three hours, and if necessary in the opinion of the election officers, in order to receive the votes of all the electors, they may keep the polls open until seven o'clock P. M. of said day; proclamation thereof shall be made at or before the opening of the polls and one hour before closing them.

Section 1304. Election Officers.—Before opening the poll on the day of election, the electors present at each of the places aforesaid, shall elect viva voce three persons, present at the time, and having the qualifications

of electors, for judge and inspectors of said election, and the inspectors so elected shall then appoint two of the persons present, who shall be qualified, to act as clerks of said election; and the judge shall prepare boxes or other suitable receptacles for the ballots.

Section 1305. Oaths of Election Officers.—Before any votes shall be received, said judge, inspectors and clerks shall each take an oath or affirmation that he will perform the duties of judge, inspector or clerk, as the case may be, of said election, according to law, and to the best of his abilities, and that he will studiously endeavor to prevent fraud, deceit or abuse in conducting the same, which oath or affirmation any of the said judges, inspectors or clerks so elected or appointed may administer to each other; and the same shall be in writing, or partly written and partly printed, and signed by said judge, inspectors and clerks, and certified to by the party administering the same, and attached to or entered upon the poll-book, and there signed and certified as aforesaid.

Section 1306. Manner of Election; Challenges.—All elections under this article shall be by official ballots provided in the manner herein prescribed, and the judge and inspectors of elections may, and upon challenge of any elector shall, examine under oath or affirmation the applicant to vote (which oath or affirmation any of said judges or inspectors may administer), in respect to his right to vote, and his qualifications to vote in the particular election district, ward, precinct, city, borough, township or county of this State, in which he claims residence; and before issuing a ballot to any applicant to vote, the judge and inspectors, or majority of them, shall be satisfied that such applicant is a qualified elector of such place. The judge of election shall arrange one or more voting compartments, suitably curtained in which the electors may mark their ballots.

Section 1307. Poll-Books.—Separate poll-books shall be kept, and separate returns made, for the electors of each county; the poll-books shall name the unit and organization and the place, post or hospital, in which said election is held; the county and township, city, borough, ward or election district of each elector shall be indorsed opposite his name on the poll-books, so that there may be a double list of voters.

Section 1308. Ballots.—Ballots for use by persons in military service under the provisions of this article shall be prepared sufficiently in advance by the Secretary of the Commonwealth, and shall be by him distributed through the commissioners hereinafter provided, or in such other manner as he may think proper, to the various military or naval units containing Pennsylvania soldiers entitled to vote at any election. Such ballots

shall be in substantially the form prescribed by Article X of this act for ballots to be used at the same elections within this Commonwealth, but in cases where it is, in the opinion of the Secretary of the Commonwealth, not feasible to print on said ballots the names of the various candidates for district, county and local offices, the ballots shall contain blank spaces only under the titles of such offices in which the voters may insert the names of the candidates for whom they desire to vote, and in such cases the Secretary of the Commonwealth shall furnish to the judge of election a sufficient number of printed lists containing the names of all the candidates who have been regularly nominated under the provisions of this act for the use of the electors in preparing their ballots.

Section 1309.  Casting of Ballot.—The judge or one of the inspectors shall, upon the application of an elector to vote, pronounce his name audibly, and if no objection is made to him, and the judge and inspectors are satisfied that said elector is a citizen of the United States, and legally entitled, according to the Constitution and laws of this State, to vote at said election, shall issue a ballot to such elector first folding it so that the words printed on the back shall be the only words visible. The elector, after receiving his ballot, shall retire to one of the voting compartments and draw the curtain and shall there prepare his ballot.  He shall then fold his ballot without displaying the markings in the same way it was folded when received by him, and he shall then leave the voting compartment and deposit the ballot thus folded in the ballot box or other receptacle therefor, and the clerks shall enter the name of the elector in the poll-book of his county, together with the ward, election district, city, borough, township and county of his residence.

Section 1310.  Counting of Votes.—At the close of the polls, the number of voters who have voted shall be counted and set down at the foot of the list of voters, and certified and signed by the judge and inspectors and attested by the clerks.

Section 1311.  Manner of Counting Ballots.—After the poll-books are signed, the ballot box shall be opened and the ballots therein contained shall be taken out, one at a time, by the judge, who shall read distinctly while the ballot remains in his hand, the names of the candidates voted for therein for the several offices voted for, and then deliver it to one of the inspectors, who shall examine the same and pass it to the other inspector, who shall place the same in an envelope prepared for the ballots of such count, and carefully preserve the same; the same method shall be pursued as to each ballot taken out, until all the votes are counted.

Ex. at 5

Section 1312. Rejection of Ballots.—No ballot which is so marked as to be capable of identification shall be counted, and if a ballot is marked for more candidates for any office than the number an elector is entitled to vote for for such office, the same shall not be counted for that office, but shall be counted for all other candidates properly marked.

Section 1313. Tally Lists.—As a check in counting, each clerk shall keep a tally list for each county from which votes shall have been received, which tally list shall constitute a part of the poll-books.

Section 1314. Enumeration of Votes.—After the examination of the ballots shall be completed, the number of votes for each person in the county poll-books, as aforesaid, shall be enumerated under the inspection of the judge and inspectors, and set down in the poll-books.

Section 1315. Form of Poll-Book and Returns.—The form of the poll-books to be used at such elections shall be determined by the Secretary of the Commonwealth, who shall also prescribe the form of return to be made by the election officers in each poll-book of the ballots cast by the electors of the county for which such poll-book is kept.

Section 1316. Disposition of Poll-Books and Returns. —After canvassing the votes in manner aforesaid, the judge shall put in an envelope, one of the poll-books with its tally list and return of each county, together with the ballots of such county, and transmit the same, properly sealed up and directed, through the nearest post office, or by express, as soon as possible thereafter, to the county board of elections of the county in which such electors would have voted if not in the military service aforesaid (being the county for which the poll-book was kept); and the other poll-book of said county, enclosed in an envelope and sealed as aforesaid, and properly directed, shall be delivered to one of the commissioners hereinafter provided for, if such commissioner calls for the same in ten days, and if not so called for, the same shall be transmitted by mail or by express, as* soon as possible thereafter, to the Secretary of the Commonwealth, who shall carefully preserve the same, and on demand of the proper county board, deliver to said county board, under his hand and official seal, a certified copy of the return of votes, so transmitted to and received by him, for said county.

Section 1317. Duties of County Boards.—In the case of any election at which votes are cast by persons in military service, under the provisions of this article, it shall be the duty of each county board of elections to withhold the completion of the computation of the returns of the county until the third Friday after such election, within which period all returns of votes cast

* "so" in the original.

LAWS OF PENNSYLVANIA,

by electors of the county in military service, as provided in this article, shall be added to and included in its computation of the returns of such election.

Section 1318. Returns of Federal and State Offices. —In all general elections for Federal and State offices at which votes are cast by persons in the military service, under the provisions of this article, it shall be the duty of the Secretary of the Commonwealth before finally computing and certifying the returns of such elections, to add to the returns received by him from the various county boards of election any returns of the votes cast by persons in the military service received by him under the provisions of this act, which, upon an examination of the returns received from the county boards, clearly appear not to have been added to and included in such returns by the respective county boards.

Section 1319. Contested Elections.—All said elections shall be subject to contest in the manner provided by Article XVII of this act; and in all cases of contested elections, all legal returns which shall have been bona fide forwarded by said judge and inspectors, in the manner hereinbefore prescribed, shall be counted, although the same may not have arrived or been received by the proper officers to be counted in the manner hereinbefore directed, before issuing the certificates of election to the persons appearing to have a majority of the votes then received, and the said returns shall be subject to all such objections, as other returns are liable to when received in due time.

Section 1320. Duties of Secretary of the Commonwealth.—The Secretary of the Commonwealth shall cause to be printed a sufficient number of copies of this article, with such extracts from the other portions of this act, as shall be deemed important to accompany the same, and blank forms of poll-books, together with ballots, tally lists, returns and envelopes, as prescribed in this article, which, with the necessary postage stamps, to defray expenses and postage on returns, shall in sufficient time before any such election, be forwarded by said secretary, at the expense of the Commonwealth, by commissioners or otherwise, as shall be deemed most certain to insure delivery thereof, to the captain or commanding officer of each unit, or in case of detached voters, to the officer having charge of the post or hospital, who shall retain the same until the day of election, and then deliver the same to the judge elected as provided in this article. No election shall be invalidated by reason of the neglect or failure of the said secretary to cause the delivery of said poll-books, ballots and other supplies to the proper persons as aforesaid.

Section 1321. Appointment of Commissioners; Oath. —For the purpose of more effectually carrying out the

provisions of this article, the Governor may appoint and commission, under the great seal of the Commonwealth, such number of commissioners, having the qualifications of an elector in this State, as he shall deem necessary, not exceeding one to each regiment or equivalent organization of Pennsylvania soldiers in the service of this State, or of the United States, and shall apportion the work among the commissioners and supply such vacancies as may occur in their number. Such commissioners, before they act, shall take and subscribe an oath or affirmation and cause the same to be filed with the Secretary of the Commonwealth, to the following effect:

"I, ................ appointed commissioner, under Article XIII of the Election Law regulating elections by persons in actual military service, do solemnly swear (or affirm), that I will support the Constitution of the United States, and the Commonwealth of Pennsylvania, and impartially, fully, and without reference to political preference or results, perform, to the best of my knowledge and ability, the duties imposed on me by the said act; and that I will studiously endeavor to prevent fraud, deceit and abuse, not only in the elections to be held under the same, but in the returns thereof."

Section 1322. Duties of the Commissioners.—Such commissioners shall deliver, as far as practicable, at least four of the copies of this article, and other extracts from this act and the rules and regulations issued hereunder, published as hereinbefore directed, and at least two blank forms of poll-books, tally lists and returns entrusted to them, together with a suitable number of ballots, and other supplies, to the commanding officers of every unit, or part thereof, of Pennsylvania soldiers in the actual military or naval service of the United States, or of this State; and make suitable arrangements and provision for the opening of polls under this article. The said commissioners, as soon as practicable after the day of election, shall call upon the judge of the election, and procure one poll-book, containing the returns of the election, and safely preserve and deliver the same, without delay, to the Secretary of the Commonwealth.

Section 1323. Compensation of Commissioners.— Said commissioners shall receive, in full compensation for their services under this article, ten cents (.10) per mile in going to and returning from their respective organizations, estimating the distance of travel by the usually traveled route; and the accounts therefor shall be audited and paid out of the State Treasury in the same manner as other claims are now audited and paid. All commanding and other officers shall be required to aid the commissioners herein appointed, and to give

46

## LAWS OF PENNSYLVANIA,

them all proper facilities to enable them to carry out the design and intention of this article.

Section 1324. Informalities Not to Invalidate Elections.—No mere informality in the manner of carrying out or executing any of the provisions of this article, shall invalidate any election held under the same, or authorize the returns thereof to be rejected or set aside; nor shall any failure on the part of the commissioners to reach or visit any unit or organization, or the failure of any unit, or part thereof, to vote, invalidate any election which may be held under this article.

Section 1325. Powers of Election Officers.—The several officers authorized to conduct such election, shall have the like powers, and they, as well as other persons who may attend, vote, or offer to vote at such election, shall be subject to the like penalties and restrictions as are declared or provided in the case of elections by the citizens at their usual places of election; and all of the provisions of this act, so far as applicable and not inconsistent with the provisions of this article, nor supplied thereby, shall apply to all elections held under this article.

Section 1326. No Compensation for Election Officers. —No compensation shall be allowed to any judge, inspector or clerk under this article.

Section 1327. Rights of Detached Electors.—When any of the electors mentioned in section 1301, less than ten (10) in number, shall be members of companies of another state or territory or for any sufficient and legal cause shall be separated from their proper unit or shall be in a hospital, navy yard, vessel or on recruiting, provost, or any other duty, whether within or without this State, under such circumstances as shall render it probable that they will be unable to rejoin their proper unit or to be present at their proper place of election on or before the day of any election, said electors shall have the right to vote in the following manner.

Section 1328. Ballots and Envelopes for Detached Electors.—The Secretary of the Commonwealth shall prepare and distribute to the said detached electors through the commissioners provided for by this article or in such manner as he may think proper, additional official ballots to be known as detached soldier's ballots. Such ballots shall be prepared and printed in the same form as the ballots provided for by section 1308 of this act, but shall have in addition printed thereon the words "Detached Soldier's Ballot." The Secretary of the Commonwealth shall also provide and distribute as aforesaid, three envelopes for each detached soldier's ballot of such size and shape that will permit the placing of one within the other. On the first shall be printed only the words "Detached Soldier's Ballot."

On the second shall be printed the affidavit of the detached elector, together with the jurat of the officer in whose presence the ballot is marked and before whom the affidavit is made, such affidavit and jurat to be in form prescribed by the Secretary of the Commonwealth. On the third shall be placed the name and address of the county board of elections of the proper county.

Section 1329.   Voting by Detached Electors.—Any such detached elector may make application prior to the day of any election to one of the commissioners appointed under the provisions of this article or to the Secretary of the Commonwealth for a "Detached Soldier's Ballot." At any time after receiving such detached soldier's ballot, but on or before the day of the election, such elector may appear before any commissioned officer of the military or naval forces, either within or without the Commonwealth, and mark such ballot under the scrutiny of such officer in the following manner. The voter shall first display the ballot to such officer as evidence that the same is unmarked, and shall then proceed to mark the ballot in the presence of such officer, but in such manner that such officer is unable to see how the same is marked, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed "Detached Soldier's Ballot." This envelope shall then be placed in the one on which is printed the affidavit of the elector and the jurat of the officer before whom the elector appears, and such envelope sealed in like manner by the elector. The elector shall then make out, subscribe and swear to the affidavit printed on the face of such envelope and the jurat shall be subscribed by the officer before whom the affidavit was taken. Such ballot and envelope shall then be securely sealed in the third envelope which the elector shall send by registered mail to the county board of elections of the proper county.

Section 1330.   Receipt and Counting of Detached Soldiers' Ballots.—The county board of elections upon receipt of such registered letter shall safely keep the same in their office until they meet to canvass the vote of such election under the provisions of this act, at which time they shall open such registered letter and after examining the affidavit and jurat, shall compare the signature of such absent voter with his signature upon any register or other record in their possession. If the county board is satisfied that the signatures correspond and that the affidavit and jurat are sufficient, they shall announce the name of the elector and shall give any person present an opportunity to challenge the same in like manner and for the same causes as such elector could have been challenged had he presented himself in his own district to cast his vote. If

## LAWS OF PENNSYLVANIA,

there are no challenges, they shall open the second envelope in such manner as not to destroy the affidavit and jurat printed thereon, which envelope shall be kept in their office for a period of one year thereafter. All envelopes on which are printed the words "Detached Soldier's Ballot" and containing the ballots, shall be put into one depository at one time and said depository well shaken, and the envelopes containing the ballots mixed before any ballot is taken therefrom. The county board shall then break the seals of such envelopes and record the said ballots in the same manner as district election officers are required to record votes under the provisions of this act. In like manner all detached soldier's ballots received, prior to completion of the computation of the returns of the county, shall be counted and recorded and upon the completion of the computation of the returns of the county the votes cast upon the detached soldier's ballots shall then be added to the votes cast within the county, city, borough, township, ward or election district, as designated on each ballot. Detached soldier's ballots shall be safely kept by the county board of elections for a period of one year.

### ARTICLE XIV

### Returns of Primaries and Elections

Section 1401. Offices of County Boards to Remain Open During Primaries and Elections and Until Completion of Count; Reports and Returns to Be Made Public.—Each county board of elections shall cause its office to remain open, in charge of one or more members of the board, during the entire duration of each primary and election, and after the close of the polls, until all the ballot boxes and returns have been received in the office of the county elections board, or received in such other place as has been designated by the board.

Section 1402. Returns to Be Open to Public Inspection; Exceptions.—The general returns from the various districts which have been returned unsealed shall be open to public inspection at the office of the county board as soon as they are received from the judges of election. None of the envelopes sealed by election officers and entrusted to the judge of election for delivery to the county board shall be opened by any person, except by the order of the return board, or of the court of common pleas.

Section 1403. Place of Meeting for Computation of Votes; Notice; Papers to Be Prepared; Assistants to Be Sworn.—

(a) The county board of elections shall arrange for the computation and canvassing of the returns of votes cast at each primary and election at its office or at some other convenient public place at the county seat

Cancellation of registration of persons in military service

expiration of the time specified in such notice, cancel the registration of such person unless he personally appears and proves his qualifications as an elector: *Provided, however, That the registration of any person in military service shall not be cancelled by reason of the failure of such person to reside at the address appearing upon the district register, if such person did reside at such address on the date of entering military service.*

Said act, section 36, amended by adding new subsection (h).

Section 7. Section thirty-six of the said act is hereby amended by adding thereto subsection (h) to read as follows:

Right of persons in military service to vote

*(h) Persons in military service shall be entitled to vote, if duly registered in a manner provided by this act. Persons in military service, and by reason thereof absent from their places of residence on the day of any election, shall be entitled to vote in such manner as may now or hereafter be provided by law, unaffected by the provisions of this section in so far as they relate to the manner of voting.*

Section 8. This act shall become effective immediately upon final enactment.

Act effective immediately.

APPROVED—The 1st day of August, A. D. 1941.

ARTHUR H. JAMES

———

No. 273

AN ACT

To amend the act, approved the third day of June, one thousand nine hundred and thirty-seven (Pamphlet Laws, one thousand three hundred thirty-three), entitled, "An act concerning elections, including general, municipal, special and primary elections, the nomination of candidates, primary and election expenses and election contests; creating and defining membership of county boards of elections; imposing duties upon the Secretary of the Commonwealth, courts, county boards of elections, county commissioners; imposing penalties for violation of the act, and codifying, revising and consolidating the laws relating thereto; and repealing certain acts and parts of acts relating to elections", by changing the procedure for, and regulating voting in elections by, persons in actual military service; conferring powers and imposing duties upon the Secretary of the Commonwealth, courts, county boards of elections and county commissioners; providing for reimbursement of counties for actual expenses incurred for canvassing the vote of electors in actual military service.

Elections.

The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows:

Pennsylvania Election Code.

Act of June 3, 1937, P. L. 1333, section 102, amended.

Section 1. Section one hundred two of the act, approved the third day of June, one thousand nine hundred and thirty-seven (Pamphlet Laws, one thousand three hundred thirty-three), entitled, "An act concerning elections, including general, municipal, special and primary elections, the nomination of candidates, primary and election expenses and election contests; creating and defining membership of county boards of elections;

imposing duties upon the Secretary of the Commonwealth, courts, county boards of elections, county commissioners; imposing penalties for violation of the act, and codifying, revising and consolidating the laws relating thereto; and repealing certain acts and parts of acts relating to elections", is hereby amended to read as follows:

Section 102. Definitions.—The following words, when used in this act, shall have the following meanings, unless otherwise clearly apparent from the context:

(a) The word "candidate" shall, unless the context otherwise requires, include both candidates for nomination and election.

(b) The word "county" shall mean any county of this Commonwealth.

(c) The words "county board" or "board" shall mean the county board of elections of any county herein provided for.

(d) The words "district election board" or "election board" shall mean the election officers required to conduct primaries and elections in any election district in accordance with the provisions of this act.

(e) The words "district register" shall mean the cards containing all or any part of the registry list of qualified electors of the same election district, as prepared by the registration commissions.

(f) The word "election" shall mean any general, municipal, special or primary election, unless otherwise specified.

(g) The words "election district" shall mean a district, division or precinct, established in accordance with the provisions of this act, within which all qualified electors vote at one polling place.

(h) The words "general election" shall mean the election which the Constitution of this Commonwealth requires to be held in even-numbered years.

(i) The words "independent nomination" shall mean the selection by an independent political body, in accordance with the provisions of this act, of a candidate for a public office authorized to be voted for at an election.

(j) The words "municipal election" shall mean the election which the Constitution of this Commonwealth requires to be held in odd-numbered years.

(k) The word "nomination" shall mean the selection, in accordance with the provisions of this act, of a candidate for a public office authorized to be voted for at an election.

(l) The words "November election" shall mean either the general or municipal election, or both, according to the context.

(m) The word "oath" shall include affirmation and the word "swear" shall include affirm.

(n) The word "party" shall mean a political party, as defined in section 801 of this act.

(o) The words "party nomination" shall mean the selection by a political party, in accordance with the

22

674                                LAWS OF PENNSYLVANIA,

provisions of this act, of a candidate for a public office authorized to be voted for at an election.

(p) The words "political body" shall mean an independent body of electors, as defined in section 801 of this act.

(q) The words "polling place" shall mean the room provided in each election district for voting at a primary or election.

(r) The words "primary" or "primary election" shall mean any election held for the purpose of electing party officers and nominating candidates for public offices to be voted for at an election.

(s) The words "public office" shall include every public office to which persons can be elected by a vote of the electors under the laws of this State.

(t) The words "qualified elector" shall mean any person who shall possess all of the qualifications for voting now or hereafter prescribed by the Constitution of this Commonwealth, or who, being otherwise qualified by continued residence in his election district, shall obtain such qualifications before the next ensuing election.

(u) The words "registered and enrolled member of a political party" shall mean any qualified elector who shall be registered according to political designation, in accordance with the provisions of the registration acts.

(v) The words "special election" shall mean any election other than a regular general, municipal or primary election.

"Electors in actual military service", defined.

(w) *"Electors in actual military service" shall mean qualified electors of this Commonwealth who are or may be by enlistment, enrollment or draft in the military or naval service of the United States, or any branch or unit thereof, or in the military service of the Commonwealth.*

Said act, section 305, amended.

Section 2. Section three hundred and five of said act is hereby amended to read as follows:

Section 305. Expenses of County Boards and of Primaries and Elections to Be Paid by County; Expenses of Special Elections; Boards to Be Provided with Offices.—

(a) The county commissioners or other appropriating authorities of the county shall appropriate annually, and from time to time, to the county board of elections of such county, the funds that shall be necessary for the maintenance and operation of the board and for the conduct of primaries and elections in such county, including the payment of the compensation of the employes of the board, custodians, election officers, and other assistants and employes herein provided for, and the fees of witnesses as herein provided; for the purchase or printing, under contracts made by the board, of all ballots and other primary and election supplies required by this act, or which the board shall consider necessary to carry out the provisions of this act; for the purchase, under contracts made by the board, and maintenance, of voting machines, when adopted as herein provided, and of all other primary and

election equipment required by this act, or which the board shall consider necessary to carry out the provisions of this act; for the publication of notices authorized by this act, under contracts made by the board, and for all other necessary expenses hereunder: Provided, however, That bonds or other evidences of indebtedness, payable not later than ten years from their dates of issuance, may be issued by the county commissioners or other appropriating authorities of the county in accordance with the provisions of law relating to the increase of indebtedness of such county, to meet all or any part of the cost of voting machines.

1. The county shall be liable for the expenses of holding special elections for any city, borough, township, school district or other municipality or incorporated district contained therein, which is held on the day of any general, municipal or primary election, and on any special question which is required by law to be, or which is, at the discretion of the county board, as hereinafter provided, printed on the regular ballot after the list of the candidates, or on the same voting machine as the list of candidates.

2. Any city, borough, township, school district or other municipality or incorporated district contained in any county, holding a special election, as authorized by law, on the question of increase of indebtedness or any other question to be voted on by the electors of such subdivision, which special election is held on the day of any general, municipal or primary election and which is required by law to be conducted or at the discretion of the county board, as hereinafter provided, is conducted by special ballots for such question, shall be liable to the county for the expenses necessarily incurred in the printing of such special ballots.

3. If any other day than the day of any general, municipal or primary election be fixed by the corporate authorities of any municipality, school district or incorporated district for the holding of a special election on the question of increase of indebtedness or any other question, as authorized by law, such municipality, school district or incorporated district shall be liable for and pay the entire expense of holding such election, including the cost of printing ballots and supplies, pay of election officers, the rental of polling places, and the cost of canvassing and computing the votes cast.

(b) The county commissioners or other appropriating authorities of the county shall provide the county board with suitable and adequate offices at the county seat, properly furnished for keeping its records, holding its public sessions and otherwise performing its public duties, and shall also provide such branch offices for the board in cities other than the county seat, as may be necessary.

676                    LAWS OF PENNSYLVANIA,

Reimbursement of
counties by
Commonwealth
for expense of
canvassing military
vote.
*(c) The Commonwealth shall reimburse each county for election expenses incurred at every election for the preparation, handling and mailing of ballots for electors in actual military service, in the sum of forty-three cents for each ballot mailed to an elector in actual military service in such manner as is now or may hereafter be provided by law.*

Statement of
number of ballots
to be filed with
Department of
State.
*Each county board of elections shall file in the Department of State, not later than thirty days after every election, on a form prescribed by the Department of State, a statement of the number of ballots mailed in such manner as is now or may hereafter be provided by law to electors in actual military service upon the written application of each such elector. Such applications shall be preserved by each county board of elections until reimbursement is made as herein provided, subject to inspection or production in the Department of State, if demanded by the Department of State.*

Department of
State to determine
and requisition
payment of amount
due.
*The Department of State shall ascertain and fix the amount due, as herein provided, to each county for election expenses incurred for the preparation, handling and mailing of ballots to electors in actual military service, and by requisition in the usual course shall provide for payment of such amounts so found due from moneys appropriated to the Department of State for such purpose, or shall prorate the moneys so appropriated among the several counties to be reimbursed, if the amount so appropriated shall not be sufficient for the payment in full to each county of the amount found to be due.*

Said act, Article
XIII, repealed
absolutely.
Section 3.  Article thirteen of said act is hereby repealed absolutely.

Said act amended
by adding new
Article XIII.
Section 4.  Said act is hereby amended by adding* thereto a new article thirteen to read as follows:

### ARTICLE XIII
### VOTING BY PERSONS IN ACTUAL MILITARY SERVICE

Electors in actual
military service to
have right of
suffrage at any
election.
*Section 1301.  Qualified Electors in Actual Military Service.—Whenever any of the qualified electors of this Commonwealth shall be in any actual military service and as such absent from their place of residence on the days appointed by law for holding any election within this State, or on the days for holding special elections to fill vacancies, such electors shall be entitled at such times to exercise the right of suffrage as fully as if they were present at their usual places of election in the manner prescribed in this article, and whether at the time of voting such electors shall be within the limits of this State or not.*

Preparation and
distribution of
ballots for use of
persons in military
service.
*Section 1302.  Ballots.—Ballots for use by electors in actual military service under the provisions of this article shall be prepared sufficiently in advance by the county boards of election and shall be by such boards distributed as hereinafter provided to the electors in actual military service entitled to vote at any election. Such ballots shall be in substantially the form prescribed by article ten of this act for*

_____
*"adding" repeated in original.

ballots to be used at the same elections within this Commonwealth, but in cases where there is not time in the opinion of the county boards of elections to print on said ballots the names of the various candidates for district, county and local offices, the ballots shall contain blank spaces only under the titles of such offices, in which the voters may insert the names of the candidates for whom they desire to vote, and in such cases the county boards of elections shall furnish to the elector in actual military service a sufficient number of printed lists containing the names of all the candidates who have been regularly nominated under the provisions of this act for the use of the elector in preparing his ballot.

Section 1303. Duties of County Boards.—In the case of any election at which votes are cast by electors in actual military service under the provisions of this article, it shall be the duty of each county board of elections to withhold the completion of the computation of the returns of the county until the second Friday after such election, within which period all votes cast by electors of the county in actual military service as provided in this article shall be added to and included in its computation of the returns of such election, but not afterwards.

County boards to include military vote in computation of returns of any election.

Section 1304. Manner of Voting by Electors in Actual Military Service.—Electors mentioned in section one thousand three hundred and one shall have the right to apply, not less than thirty (30) days, and not more than fifty (50) days, before any election for a "military ballot". The application shall be in writing signed by the applicant in his own hand and addressed to the county board of elections of the county wherein the applicant is registered to vote and shall state the county and the city, borough or township, and the precise ward or election district in, or the street and number at, which the applicant is registered to vote. If the application is for a ballot for a primary election, it shall also state the political party in which the applicant is enrolled.

Application for ballot by person in military service.

Section 1305. Ballots and Envelopes for Electors in Actual Military Service.—The county boards of elections shall prepare, and, upon request, deliver to the said electors in actual military service a ballot by registered mail, with return receipt required, in an envelope addressed to each such elector at the address furnished by the elector in his application for a military ballot. Such ballots shall be prepared and printed in the same form as the ballots provided for by section one thousand three hundred and two of this act, but shall have in addition printed, stamped or endorsed thereon the words "Military Ballot". The county boards of elections shall also provide and deliver, as aforesaid, three envelopes for each military ballot of such size and shape that will permit the placing of one within the other. On the first shall be printed, stamped or endorsed only the words "Military Ballot". On the second shall be printed the affidavit of the elector, together with the jurat of the officer in whose presence the ballot is marked and before whom the affidavit is made, such affidavit and jurat to be in

Method of preparing and distributing ballots for use by persons in military service.

*form prescribed by the Secretary of the Commonwealth. On the third shall be placed the name and address of the county board of elections of the proper county. All military ballots and envelopes shall be mailed at least fifteen (15) days before the election involved to the electors requesting them.*

List of applicants for ballots for use by electors in military service to be posted.

*Each county board of elections shall print and post in a conspicuous public place at its office a list, setting forth the name, present location, the local voting district or ward of every elector to whom a military ballot has been sent. This list shall be posted at least ten (10) days before the primary or election involved and shall also set forth the total number of military ballots prepared by the county board of elections. Copies of such list shall be furnished upon request to the county chairman of each political party and political body.*

Manner of marking and handling ballot by person in military service.

*Section 1306. Voting by Electors in Actual Military Service.—Any such elector may make application within the time prescribed by section one thousand three hundred and four to the county boards of elections for a "Military Ballot". At any time after receiving such military ballot, but on or before the day of the election, such elector in actual military service may appear before any commissioned officer of the military or naval forces, either within or without the Commonwealth, or before any officer of this or* any other state or territory of the United States authorized to administer oaths, and mark such ballot under the scrutiny of such officer in the following manner. The voter shall first display the ballot to such officer as evidence that the same is unmarked, and shall then proceed to mark the ballot in the presence of such officer, but in such manner that such officer is unable to see how the same is marked, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed "Military Ballot". This envelope shall then be placed in the one on which is printed the affidavit of the elector and the jurat of the officer before whom the elector appears, and such envelope sealed in like manner by the elector. The elector shall then make out, subscribe and swear to the affidavit printed on the face of such envelope, and the jurat shall be subscribed by the officer before whom the affidavit was taken. Such ballot and envelope shall then be securely sealed in the third envelope which the elector shall send by mail to the county board of elections of the proper county with postage prepaid.*

Receipt and counting of military ballots by county boards.

*Section 1307. Receipt and Counting of Military Ballots.— The county board of elections upon receipt of such third envelope shall safely keep the same in their office until they meet to canvass the vote of such election under the provisions of this act.*

*At such time the members of the county board of elections may in person dispose of military ballots in the manner hereinafter set forth, or they may designate a sufficient number of clerks to perform such duties. When it is determined that clerks shall be appointed, the total number shall*

*"or" repeated in original.

*in every case be in multiples of three; each member of the county board of elections shall appoint an equal number thereof.*

*Watchers appointed in the manner prescribed by, and* Watchers. *subject to the restrictions imposed by section four hundred and seventeen of this act, in so far as applicable, shall be permitted to be present whenever any of the envelopes containing military ballots are opened\* and whenever any such ballots are counted and recorded.*

*In disposing of military ballots the county board of* Disposal of ballots *elections, or the clerks designated as aforesaid, shall first* and envelopes. *examine the third envelope and set aside unopened all such envelopes which bear a postmark later than the date of the particular election day involved. The envelopes thus set aside shall be retained for a period of one year and then destroyed unopened.*

*They shall then open the third envelopes not thus set aside, and after examining the affidavit and jurat, shall compare the signature of such absent voter with his signature upon any register or other record in their possession. If the county board is satisfied that the signatures correspond, that the affidavit and jurat are sufficient and that the voter has been duly registered as provided by law, they shall announce the name of the elector and shall give any person present an opportunity to challenge the same in like manner and for the same causes as such elector could have been challenged had he presented himself in his own district to cast his vote. If there are no challenges, they shall open the second envelope in such manner as not to destroy the affidavit and jurat printed thereon, which envelope shall be kept in their office for a period of one year thereafter. All envelopes on which are printed, stamped or endorsed the words "Military Ballot", and containing the ballots, shall be put into one depository at one time and said depository well shaken, and the envelopes containing the ballots mixed before any ballot is taken therefrom. The county board shall then break the seals of such envelopes and record the said ballots in the same manner as district election officers are required to record votes under the provisions of this act. In like manner all military ballots received prior to completion of the computation of the returns of the county shall be counted and recorded, and, upon completion of the computation of the returns of the county, the votes cast upon the military ballots shall then be added to the votes cast within the county, city, borough, incorporated town, township, ward or election district as designated on each ballot. Military ballots shall be safely kept by the county board of elections for a period of one year.*

\*\*Section 5. This act shall become effective immediately Act effective immediately. upon final enactment.

APPROVED—The 1st day of August, A. D. 1941.

ARTHUR H. JAMES

---

\*"*opended*" in original.
\*\*All of Section 5 italicised in original.

### No. 17

### AN ACT

To further amend the act, approved the third day of June, one
thousand nine hundred thirty-seven (Pamphlet Laws, one thou-
sand three hundred thirty-three), entitled "An act concerning
elections, including general, municipal, special and primary
elections, the nomination of candidates, primary and election
expenses and election contests; creating and defining member-
ship of county boards of elections; imposing duties upon the
Secretary of the Commonwealth, courts, county boards of elec-
tions, county commissioners; imposing penalties for violation
of the act, and codifying, revising and consolidating the laws
relating thereto; and repealing certain acts and parts of acts
relating to elections," by further regulating elections during
the time of the present war and for six months thereafter;
authorizing and providing a procedure for the voting of quali-
fied electors in actual military service as herein defined, who
are absent from their place of residence while in, attached to,
or serving with the armed forces of the United States; imposing
additional duties upon the various county boards of elections
and election officers; chairmen of political parties or com-
mittees, and officers and employes of certain political sub-
divisions; placing costs upon the Commonwealth; authorizing
appropriations by cities of the first class and counties; further
regulating the last day for filing nomination petitions and
nomination papers; the withdrawal of nominated candidates;
the payment of fees by persons nominated at primary elec-
tions; the filing of substitute nomination certificates to fill
vacancies caused by the withdrawal of candidates, and further
regulating the date of the primary election.

The General Assembly of the Commonwealth of Penn-
sylvania hereby enacts as follows:

Section 1. Section one hundred two (w) of the act,
approved the third day of June, one thousand nine hun-
dred thirty-seven (Pamphlet Laws, one thousand three
hundred thirty-three), entitled "An act concerning elec-
tions, including general, municipal, special and primary
elections, the nomination of candidates, primary and
election expenses and election contests; creating and de-
fining membership of county boards of elections; im-
posing duties upon the Secretary of the Commonwealth,
courts, county boards of elections, county commission-
ers; imposing penalties for violation of the act, and codi-
fying, revising and consolidating the laws relating
thereto; and repealing certain acts and parts of acts
relating to elections," is hereby amended to read as
follows:

Section 102. (w) ["Electors in actual military ser-
vice" shall mean qualified electors of this Common-
wealth, who are or may be by enlistment, enrollment,
or draft in the military or naval service of the United

*[sidenote]* Elections.

*[sidenote]* Section 102 (w),
act of June 3,
1937, P. L. 1333,
as amended by
act of August 1,
1941, P. L. 672,
further amended.

*[sidenote]* "Qualified
elector in actual
military service"
defined.

**30**                    LAWS OF PENNSYLVANIA,

States, or any branch or unit thereof, or in the military service of the Commonwealth.] *The term "qualified elector in actual military service" shall mean a qualified elector of this Commonwealth, who is or may be in the military or naval service of the United States or any branch or unit thereof, or in the Merchant Marine of the United States, or serving in the American Red Cross, the Society of Friends, the Women's Auxiliary Service Pilots, the American Field Service or the United Service Organizations attached to and serving with the armed forces of the United States, and regardless of whether such person is registered or enrolled in accordance with law.*

**Section 305 (c), act of June 8, 1937, P. L. 1333, as amended by act of August 1, 1941, P. L. 672, further amended.**

Section 2. Section three hundred five (c) of said act is hereby amended to read as follows:

Section 305.   (c)   [The Commonwealth shall reimburse each county for election expenses incurred at every election for the preparation, handling and mailing of ballots for electors in actual military service, in the sum of forty-three cents for each ballot mailed to an elector in actual military service in such manner as is now or

**Cities of the first class and counties shall be reimbursed by Commonwealth in sum not to exceed 40¢ for each ballot mailed or delivered.**

may hereafter be provided by law.] *The Commonwealth shall reimburse each city of the first class and county for the actual expenses incurred in and incidental to preparing, handling, mailing, delivering, counting and storing official miltary ballots as herein provided in a sum not to exceed forty cents (40¢) for each such ballot mailed or delivered.*

**County boards of election to file statement of number of ballots mailed or delivered with Secretary of Commonwealth.**

Each county board of elections shall file in the Department of State, not later than thirty days after every election, on a form prescribed by the Department of State, a statement of the number of ballots mailed *or delivered* in such manner as is now or may hereafter be provided by law to electors in actual military service. [upon the written application of each elector.  Such applications shall be preserved by each county board of elections until reimbursement is made as herein provided, subject to inspection or production in the Department of State, if demanded by the Department of State.]

**Department of State shall fix amount due and provide for payment.**

The Department of State shall ascertain and fix the amount due, as herein provided, to each [county] *city of the first class and county* for *actual* election expenses incurred [for the preparation, handling and mailing of ballots to electors in actual military service], and by requisition in the usual course shall provide for payment of such amounts so found due from moneys appropriated to the Department of State for such purpose, or shall prorate the moneys so appropriated among the several [counties] *cities of the first class and counties* to be reimbursed, if the amount so appropriated shall

not be sufficient for the payment in full to each [county] *city of the first class and county* of the amount found to be due.

Section 3. Section six hundred four of said act is hereby amended to read as follows:

*Section 604, act of June 3, 1937, P. L. 1333, amended.*

Section 604. [Fall] *Summer* Primary; Officers to Be Nominated.—There shall be a [Fall] *Summer* primary preceding each municipal election which shall be held on the [second] *third* Tuesday of [September] *June* in all odd-numbered years. Candidates for all offices to be filled at the ensuing municipal election shall be nominated at the [Fall] *Summer* primary.

*Primary date in odd-numbered years changed.*

Section 4. Sections nine hundred four, nine hundred five, nine hundred six and subsection (d) of section nine hundred thirteen of said act are hereby amended to read as follows:

*Sections 904, 905 and 906 and subsection (d) of 913, act of June 3, 1937, P. L. 1333, amended.*

Section 904. Municipal Clerks and Party Chairmen to Furnish Information as to Offices to Be Filled.—To assist the respective county boards in ascertaining the offices to be filled, it shall be the duty of the clerks or secretaries of the various cities, boroughs, towns, townships, school districts and poor districts, with the advice of their respective solicitors, on or before the [tenth] *thirteenth* Tuesday preceding the [Fall] *Summer* primary, to send to the county boards of their respective counties a written notice setting forth all city, borough, town, township, school district and poor district offices to be filled in their respective subdivisions at the ensuing municipal election, and for which candidates are to be nominated at the ensuing primary. It shall also be the duty of the chairman of the State committee of each political party to forward to the Secretary of the Commonwealth and to the respective county boards, on or before the [tenth] *thirteenth* Tuesday preceding the Spring primary, a written notice setting forth the number of delegates and alternate delegates to the National convention of such party who are to be elected in the State at large at the ensuing primary, and the number of such delegates and alternate delegates who are to be elected at said primary in such county, or in any district within such county, or of which it forms a part. The said notice shall also set forth the number of members of the National committee, if any, who, under the national party rules, are to be elected at the said primary in the State at large, and the number of members of the State committee to be elected at the said primary in such county, or in any district, or part of a district within such county. It shall also be the duty of the chairman of the county committee and, in cases where a city is coextensive with a county, the chairman of the city committee of each party, on or before the [tenth]

*Time for municipal clerks and party chairmen to furnish information changed.*

## LAWS OF PENNSYLVANIA,

*thirteenth* Tuesday preceding the Spring primary, to send to the county board of such county a written notice setting forth all party offices to be filled in the county at the ensuing primary.

**Time for Secretary of Commonwealth to notify county boards of vacancies changed.**

Section 905. Secretary of the Commonwealth to Notify County Board of Certain Nominations to Be Made.—On or before the [tenth] *thirteenth* Tuesday preceding each primary, the Secretary of the Commonwealth shall send to the county board of each county a written notice designating all the offices for which candidates are to be nominated therein, or in any district of which such county forms a part, or in the State at large, at the ensuing primary, and for the nomination to which candidates are required to file nomination petitions in the office of the Secretary of the Commonwealth, including that of President of the United States; and shall also in said notice set forth the number of presidential electors, United States Senators, Representatives in Congress and State officers, including senators, representatives and judges of courts of record, to be elected at the succeeding November election by a vote of the electors of the State at large, or by a vote of the electors of the county, or of any district therein, or of any district of which such county forms a part.

**Time for publication of notice of vacancies changed.**

Section 906. Publication of Notice of Officers to Be Nominated and Elected.—Beginning not earlier than [nine] *twelve* weeks, nor later than [eight] *eleven* weeks before any regular Spring or [Fall] *Summer* primary, the county board of each county shall publish in newspapers, as provided by section 106 of this act, a notice setting forth the number of delegates and alternate delegates to the National convention of each party who are to be elected in the State at large at the ensuing primary, and the number of delegates and alternate delegates who are to be elected at the said primary in said county, or in any district of which said county or part thereof forms a part, and also setting forth the names of all public offices for which nominations are to be made, and the names of all party offices, including that of members of the National committee, if any, and State committee, for which candidates are to be elected at said primary in said county, or in any district of which such county or part thereof forms a part, or in the State at large. Said notice shall contain the date of the primary, and shall be published once each week for two successive weeks.

**Filing of nomination petitions 71 days before primary.**

Section 913. (d) All nomination petitions shall be filed at least [fifty (50)] *seventy-one (71)* days prior to the primary.

Ex. at 23

Section 5.   Section nine hundred fifty-three (c) of said act is hereby amended to read as follows:

Section 953.   (c)   All nomination papers must be filed at least [twenty (20)] *forty-one (41)* days prior to the date of the primary election.

Section 6.   Section nine hundred seventy-eight of said act is hereby amended to read as follows:

Section 978.   Withdrawal of Nominated Candidates. —Any person who has been nominated by any political party or political body, in accordance with the provisions of this act, as a candidate for the office of presidential elector, United States Senator, Representative in Congress or for any State office, including that of senator, representative and judge of court of record, may withdraw his name from nomination by request in writing, signed by him and acknowledged before an officer qualified to take acknowledgment of deeds, and filed in the office of the Secretary of the Commonwealth.  Any person who has been similarly nominated as a candidate for any other office may withdraw his name from nomination by similar request, filed with the county board of elections of the proper county.  Such written withdrawals shall be filed with the Secretary of the Commonwealth or the county board of elections, as the case may be, at least one hundred five days previous to the day of the general *or municipal* election [and at least twenty-five days previous to the day of the municipal election].  Such withdrawals to be effective must be received in the office of the Secretary of the Commonwealth not later than five (5) o'clock P. M. on the last day for filing same, and in the office of any county board of elections not later than the ordinary closing hour of said office on the last day for filing same.  No name so withdrawn shall be printed upon the ballot or ballot labels.  No candidate may withdraw any withdrawal notice already received and filed, and thereby reinstate his nomination.

Section 7.   Section nine hundred seventy-eight and one-tenth* of said act, added by the act, approved the twenty-seventh day of May, one thousand nine hundred forty-three (Pamphlet Laws, seven hundred forty-seven), is hereby amended to read as follows:

Section 978.1.   Vacancy in Party Nomination by Failure to Pay Filing Fee.—Every person nominated at any primary election as the candidate of any political party for any office, who has not paid the filing fee required by section nine hundred thirteen of this act, as amended, for the filing of a nomination petition for such office, shall pay the amount of such fee to the [State Treasurer] *Secretary of the Commonwealth,* or to the [county treasurer] *county board of elections* as the case

* "one-tenths" in original.

Section 953 (c), act of June 3, 1937, P. L. 1333, amended.

Filing of nomination papers 41 days before primary.

Section 978, act of June 3, 1937, P. L. 1333, as amended by Act No. 3 of May 5, 1944, further amended.

Withdrawals filed 105 days previous to November election.

Section 978.1, act of June 3, 1937, P. L. 1333, added by act of May 27, 1943, P. L. 747, as amended by Act No. 3 of May 5, 1944, further amended.

Nominees who have not paid filing fee shall pay same 105 days previous to November election.

34                            LAWS OF PENNSYLVANIA,

may be, at least one hundred five days previous to the day of the general *or municipal* election [or at least twenty-five days previous to the day of the municipal election] at which such candidate's name would appear on the ballot. Failure to pay such fee within the time herein prescribed shall result in a vacancy in such party nomination. Such vacancy shall be filled in the manner hereinafter provided for the filling of such vacancies happening by reason of the death or withdrawal of any candidate.

**Section 981 (a), act of June 8, 1937, P. L. 1333, amended by Act No. 8 of May 5, 1944, further amended.**

Section 8. Section nine hundred eighty-one (a) of said act is hereby amended to read as follows:

Section 981. Time for Filing Substituted Nomination Certificates.—

**Substituted nomination certificates to fill vacancies filed 95 days prior to November election.**

(a) Substituted nomination certificates to fill vacancies caused by the withdrawal of candidates nominated at primaries or by nomination papers shall be filed with the Secretary of the Commonwealth or proper county board of elections, as the case may be, at least ninety-five days before the day of the general *or municipal* election [and at least twenty days before the day of the municipal election].

**Article XIII of act of June 8, 1937, P. L. 1333, as amended, repealed.**

Section 9. Article Thirteen of said act as amended is hereby repealed absolutely.

Section 10. Said act is hereby amended by adding thereto a new Article Thirteen to read as follows:

**New Article XIII added to act of June 8, 1937, P. L. 1333.**

### ARTICLE XIII
### VOTING BY PERSONS IN ACTUAL MILITARY SERVICE

**Absentee qualified electors in actual military service entitled to vote.**

*Section 1301. Qualified Electors in Actual Military Service.—Whenever any qualified elector in actual military service is absent from his place of residence on any day appointed by law for holding a general, municipal or primary election within this Commonwealth, such elector shall be entitled to exercise the right of suffrage as fully as if he were present at his place of election, in the manner prescribed in this act, whether at the time of voting such elector shall be within the limits of this Commonwealth or not, and regardless of whether such elector is registered or enrolled.*

**Applications for official military ballots.**

*Section 1302. Applications for Official Military Ballots.—Any qualified elector in actual military service may apply at any time before any election for an official military ballot on Form USWBC Form No. 1 or any other form supplied by the Federal Government, or by post card, letter or other writing, addressed to the Secretary of the Commonwealth of Pennsylvania or the county board of election of the county wherein the voting residence of the elector is located.*

*The application shall contain the following informa-tion: Residence, length of time a citizen, length of resi-dence in Pennsylvania, date of birth, length of time a resident of voting district, voting district, party choice in case of primary, name, rank or grade, military ad-dress, branch of service and serial number. When such application is received by the Secretary of the Common-wealth it shall be forwarded to the proper county board of election.*

Contents of application.

*The application for a military ballot in any November election may be made or information supplied over the signature of any person who is familiar with the voting qualifications of the military elector, as required in the preceding paragraph.*

Applications for November election.

*The various county boards of election, upon receipt of any application, shall ascertain from the information on such applications, district register or from any other source that such applicant possessed all the qualifications of a qualified elector other than being registered or en-rolled.*

Duty of county boards of elec-tion when ap-plication re-ceived.

*Section 1303. Official Military Ballots.—Ballots for use by such military electors under the provisions of this act shall be prepared sufficiently in advance by the county boards of election and shall be distributed by such boards as hereinafter provided. Such ballots shall be marked "Official Military Ballot" but shall not be numbered and shall otherwise be in substantially the form for ballots required by article ten of this act, which form shall be determined and prescribed by the Secre-tary of the Commonwealth.*

Form, prepara-tion and distribu-tion of official military ballots.

*In cases where there is not time, in the opinion of the county boards of election, to print on said ballots the names of the various candidates for district, county and local offices, the ballots shall contain blank spaces only under the titles of such offices in which electors may insert the names of the candidates for whom they de-sire to vote, and in such cases the county boards of elec-tion shall furnish to electors lists containing the names of all the candidates who have been regularly nominated under the provisions of this act, for the use of such electors in preparing their ballots.*

Candidate's name need not appear on ballot for local offices.

*Section 1304. Envelopes for Official Military Ballots.—The county boards of election shall provide two addi-tional envelopes for each official military ballot, of such size and shape as shall be prescribed by the Secretary of the Commonwealth, in order to permit the placing of one within the other and both within the mailing en-velope. On the smaller of the two envelopes to be en-closed in the mailing envelope shall be printed, stamped or endorsed the words "Official Military Ballot," and nothing else. On the larger of the two envelopes, to be*

Form of envelopes pre-scribed by Sec-retary of Com-monwealth.

## LAWS OF PENNSYLVANIA,

enclosed within the mailing envelope, shall be printed the affidavit of the elector, together with the jurat of the person in whose presence the ballot is marked and before whom the affidavit is made, and the name and address of the county board of election of the proper county. Said affidavit, jurat and envelope shall be in the form prescribed by the Secretary of the Commonwealth and shall contain among other things a statement of elector's qualifications. The mailing envelope addressed to the elector shall contain the two envelopes, the official military ballot, lists of candidates, when authorized by section 1303 of this act, the uniform instructions in form and substance as prescribed by the Secretary of the Commonwealth and nothing else.

**Time for mailing military ballots.**

Section 1305. *Duties of County Boards.—The county boards of election shall at least thirty-eight days prior to the election deliver or mail official military ballots to all electors whose names and addresses have been ascertained; as additional names and addresses of electors are ascertained, the board shall deliver or mail official military ballots to such additional electors within forty-eight hours after ascertaining their names and addresses.*

**Posting of military file.**

*Each county board of election shall post in a conspicuous public place at its office a master list, arranged alphabetically by election districts, setting forth the name, residence and the local voting district or ward of every elector to whom an official military ballot has been sent. This posted list shall not contain the elector's military address or military organization. This list shall be known as the "Military File" and shall be posted at least five days before the election day involved, and shall also set forth the total number of such ballots prepared for use in such election. Copies of such military files shall be furnished upon request to the county chairman of each political party and political body, and shall also be furnished to registration commissions.*

**Method of absentee military voting.**

Section 1306. *Voting by Electors in Actual Military Service.—At any time after receiving an official military ballot, but on or before the day of the election, the elector, for the purpose of voting, may appear before any commissioned or noncommissioned officer, not below the rank of sergeant or petty officer third class, of the military or naval forces or any member of the Merchant Marine of the United States designated for the purpose by the Administrator of the War Shipping Administration. Such persons are hereby authorized and empowered to administer oaths as required herein. Such elector may also appear before any person of this or any other state or territory of the United States authorized to administer oaths. The elector shall first display the ballot to such person as evidence that the same is un-*

*marked, and then shall proceed to mark the ballot with pencil, crayon, indelible pencil or ink, in the presence of such person, but in such manner that the person administering the oath is unable to see how the same is marked, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed "Official Military Ballot". This envelope shall then be placed in the second one, on which is printed the affidavit of the elector, the jurat of the person before whom the elector appears, and the address of the elector's county board of election. The elector shall then fill out, subscribe and swear to the affidavit printed on such envelope, and the jurat shall be subscribed and dated by the person before whom the affidavit was taken. Such envelope shall then be securely sealed and the elector shall send same by mail to said county board of election.*

*Section 1307. Canvassing of Official Military Ballots. --The county boards of election, upon receipt of such envelopes, shall safely keep the same until they meet to canvass official military ballots, which canvass shall begin immediately following the official civilian canvass for all primary elections. After the November election, the canvass of official military ballots shall begin at ten o'clock A. M., Eastern Standard Time, on the second Friday following the election. No such ballots shall be counted which are received in their offices later than ten o'clock A. M., Eastern Standard Time, of the first Tuesday following the primary election, and ten A. M., Eastern Standard Time, of said second Friday following the November election. At such time the members of the return boards or the county boards of election shall in person dispose of official military ballots in the manner hereinafter\* set forth. The county boards of election may designate a sufficient number of clerks to perform such duties. When it is determined that clerks shall be appointed, the total number shall in every case be in multiples of three, and each member of a county board of election shall appoint an equal number thereof.* — Time and method of canvassing military ballots.

*Each candidate for nomination or election shall be entitled to appoint one watcher and each political party or body which has nominated candidates shall be entitled to appoint three watchers. Watchers shall be permitted to be present when the envelopes\*\* containing official military ballots are opened and when \*\*\* such ballots are counted and recorded.* — Watchers.

*In disposing of an official military ballot the county return board or the county board of election shall examine the affidavit and jurat and if the jurat bears a* — Disposition of official military ballots.

\* "herinafter" in original.
\*\* "envelope" in original.
\*\*\* "then" in original.

*date later than the date of the election, the envelope shall be set aside unopened.*

**Challenges and recordation of votes.**

*The board shall then further examine the affidavit and jurat of each envelope not so set aside and shall compare the informatio. thereon with that contained in the military file. If the board is satisfied that the affidavit and jurat are sufficient and that the elector has qualified, and the board has utilized the information contained in the military file to verify his right to vote, the board shall announce the name of the elector and shall give any person present an opportunity to challenge in like manner and for the same cause, except failure to register or enroll, as the elector could have been challenged had he presented himself in his own district to vote other than by official military ballot. If no challenges are sustained, the board shall open the envelope in such manner as not to destroy the affidavit and jurat printed thereon. All envelopes on which are printed, stamped or endorsed the words "Official Military Ballot" shall be placed in one or more depositories at one time and said depository or depositories well shaken, and the envelopes mixed before any envelope is taken therefrom. The board shall then break the seals of such envelopes, remove the ballots and record the votes in the same manner as district election officers are required to record votes. Upon completion of the computation of the returns of the county, the votes cast upon the official military ballots shall be added to the other votes cast within the county.*

**Military ballots, etc., declared public records.**

*Section 1308. Public Records.—All official military ballots, military files, applications for such ballots and envelopes on which the jurats and affidavits appear, and all information and lists are hereby designated and declared to be public records and shall be safely kept for a period of two years, except that no information shall be made public which is expressly forbidden by the War Department because of military security.*

**Cities of first class empowered to appropriate money.**

Section 11. Cities of the first class and counties are hereby authorized and empowered to appropriate the moneys necessary to carry out the provisions of this amendment.

**Purpose of act and liberal construction.**

Section 12. The purpose of this amendment is to enable every qualified elector of this Commonwealth in actual military service, as herein defined, during the continuance of the present war and for six months thereafter, to vote, notwithstanding the fact that such elector may be absent on election day from the election district in which he resides, whether su h person is within or without this Commonwealth or within or without the United States, and regardless of whether such person is

registered or enrolled as a qualified elector, and this amendment shall be liberally construed to effectuate such purpose.

Section 13. The following supplements, acts or parts of acts are hereby repealed absolutely. `Acts repealed.`

Supplement No. 1, approved the fifth day of May, one thousand nine hundred and forty-four supplementing the act, approved the third day of June, one thousand nine hundred and thirty-seven (Pamphlet Laws, one thousand three hundred thirty-three), known as the "Pennsylvania Election Code". `Supplement No. 1 of May 5, 1944, repealed.`

Act No. 4, approved the fifth day of May, one thousand nine hundred and forty-four, entitled "An act relating to voting by official military ballot; conferring powers and imposing duties upon the State Council of Defense, local and district councils of defense, county boards of election, election officers and the Secretary of the Commonwealth; providing for the promulgation of rules, regulations and orders; and providing penalties". `Act No. 4 of May 5, 1944, repealed.`

Section 14. This act shall remain in effect until the termination of hostilities in the present war, and for six months hereafter. The termination of hostilities in the present war shall be the time proclaimed as such by the President of the United States, or the date specified as such in a concurrent resolution of the two houses of Congress. `Effective for present war and 6 months thereafter.`

Section 15. The provisions of this act shall become effective immediately upon final enactment. `Act effective immediately.`

APPROVED—The 9th day of March, A. D. 1945.

EDWARD MARTIN

---

No. 18

## AN ACT

To amend sections three hundred ten and three hundred eleven of Article III of the act, approved the third day of June, one thousand nine hundred and thirty-seven (Pamphlet Laws, one thousand two hundred twenty-five), entitled "An act concerning game and other wild birds and wild animals; and amending, revising, consolidating, and changing the law relating thereto," by providing for monthly returns and payments by certain issuing agents and requiring that amount of bond of issuing agents shall be fixed by Secretary of Revenue.

The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows: `Wild birds and animals.`

Section 1. Sections three hundred ten and three hundred eleven of Article III of the act, approved the third day of June, one thousand nine hundred and thirty-seven (Pamphlet Laws, one thousand two hundred twenty-five), entitled "An act concerning game and `Article III, sections 310 and 311, act of June 3, 1937, P. L. 1225, amended.`

# LAWS

OF THE

# COMMONWEALTH OF PENNSYLVANIA

---

## No. 1

## AN ACT

To reenact in part and to further amend the act, approved the
third day of June, one thousand nine hundred thirty-seven
(Pamphlet Laws 1333), entitled "An act concerning elections,
including general, municipal, special and primary elections,
the nomination of candidates, primary and election expenses
and election contests; creating and defining membership of
county boards of elections; imposing duties upon the Secretary
of the Commonwealth, courts, county boards of elections,
county commissioners; imposing penalties for violation of the
act, and codifying, revising and consolidating the laws relating
thereto; and repealing certain acts and parts of acts relating
to elections," by further regulating elections; authorizing and
providing a procedure for the voting of qualified electors serv-
ing in the armed forces of the United States or any qualified
bedridden or hospitalized veterans; imposing additional duties
upon the various county boards of elections and election officers,
chairmen of political parties or committees, and officers and
employes of certain political subdivisions; placing costs upon
the Commonwealth; authorizing appropriations by cities of
the first class and counties; further regulating the last days
for filing and circulating nomination petitions and nomination
papers, the withdrawal of nominated candidates, the payment
of fees by persons nominated at primary elections, the filing
of substitute nomination certificates to fill vacancies caused
by the withdrawal of candidates, and the date of the primary
election.

The General Assembly of the Commonwealth of Penn-
sylvania hereby enacts as follows:

"Pennsylvania
Election Code."

Section 1. Clause (w) of section 102 of the act, ap-
proved the third day of June, one thousand nine hundred
thirty-seven (Pamphlet Laws 1333), entitled "An act
concerning elections, including general, municipal, spe-
cial and primary elections, the nomination of candidates,
primary and election expenses and election contests; cre-
ating and defining membership of county boards of elec-
tions; imposing duties upon the Secretary of the Com-
monwealth, courts, county boards of elections, county
commissioners; imposing penalties for violation of the
act, and codifying, revising and consolidating the laws
relating thereto; and repealing certain acts and parts of
acts relating to elections," as temporarily amended by

Clause (w) of
section 102, act
of June 3, 1937,
P. L. 1333, re-
enacted and
amended.

Ex. at 31

the act, approved the ninth day of March, one thousand nine hundred and forty-five (Pamphlet Laws 29), is hereby reenacted and amended to read as follows:

Section 102.   Definitions.—The following words, when used in this act, shall have the following meanings, unless otherwise clearly apparent from the context:

* * * * *

(w) The term "qualified elector in actual military service" shall mean a qualified elector of this Commonwealth, who is or may be in the military or naval service of the United States or any branch or unit thereof, [or in the Merchant Marine of the United States, or serving in the American Red Cross, the Society of Friends, the Women's Auxiliary Service Pilots, the American Field Service or the United Service Organizations attached to and serving with the armed forces of the United States,] and regardless of whether such person is registered or enrolled in accordance with law.

Section 102, said
act, amended by
adding, at end
thereof, new
subsection (x).

Section 2.   Section 102 of said act is hereby amended by adding, at the end thereof, a new subsection to read as follows:

*(x)   The term "qualified bedridden or hospitalized veteran" shall mean any qualified elector of this Commonwealth who may be unavoidably absent from the State or county of his residence because of his being bedridden or hospitalized due to illness or physical disability contracted or suffered in connection with, or as a direct result of, his military service.*

Subsection (c)
of section 305,
said act, tem-
porarily amended
by act of March
9, 1945, P. L.
29, reenacted
and amended.

Section 3.   Subsection (c) of section 305 of said act, as temporarily amended by the act, approved the ninth day of March, one thousand nine hundred forty-five (Pamphlet Laws 29), is hereby reenacted and amended to read as follows:

Section 305.   Expenses of County Boards and of Primaries and Elections to Be Paid by County; Expenses of Special Elections; Boards to be Provided with Offices.—

* * * * *

(c) The Commonwealth shall reimburse each city of the first class and county for [the actual] *election* expenses incurred in and incidental to preparing, handling, mailing, delivering, counting and storing official military ballots *and veterans' official ballots* as herein provided in [a] *the* sum [not to exceed] *of* forty cents (40c) for each such ballot mailed or delivered.

Each county board of elections shall file in the Department of State, not later than thirty days after every election, on a form prescribed by the Department of State, a statement of the number of ballots mailed or delivered in such manner as is now or may hereafter be provided by law to electors in actual military service *and to bedridden or hopitalized veterans.*

Ex. at 32

The Department of State shall ascertain and fix the amount due, as herein provided, to each city of the first class and county for [actual] election expenses incurred, and by requisition in the usual course shall provide for payment of such amounts so found due from moneys appropriated to the Department of State for such purpose, or shall prorate the moneys so appropriated among the several cities of the first class and counties to be reimbursed, if the amount so appropriated shall not be sufficient for the payment in full to each city of the first class and county of the amount found to be due.

Section 4.   Sections six hundred four, nine hundred four and nine hundred five of said act, as last amended by the act, approved the fifth day of March, one thousand nine hundred forty-seven (Pamphlet Laws 35), are hereby amended to read as follows: <span class="margin">Sections 604, 904 and 905, said act, as last amended by act of March 5, 1947, P. L. 35, further amended.</span>

Section 604.   [Fall] *Summer* Primary; Officers to be Nominated.—There shall be a [Fall] *Summer* primary preceding each municipal election which shall be held on the [second] *fourth* Tuesday of [September] *July* in all odd-numbered years.   Candidates for all offices to be filled at the ensuing municipal election shall be nominated at the [Fall] *Summer* primary.

Section 904.   Municipal Clerks and Party Chairmen to Furnish Information as to Offices to Be Filled.—To assist the respective county boards in ascertaining the offices to be filled, it shall be the duty of the clerks or secretaries of the various cities, boroughs, towns, townships, school districts and poor districts, with the advice of their respective solicitors, on or before the [tenth] *twelfth* Tuesday preceding the [Fall] *Summer* primary, to send to the county boards of their respective counties a written notice setting forth all city, borough, town, township, school district and poor district offices to be filled in their respective subdivisions at the ensuing municipal election, and for which candidates are to be nominated at the ensuing primary. It shall also be the duty of the chairman of the State committee of each political party to forward to the Secretary of the Commonwealth and to the respective county boards, on or before the [tenth] *twelfth* Tuesday preceding the Spring primary, a written notice setting forth the number of delegates and alternate delegates to the National convention of such party who are to be elected in the State at large at the ensuing primary, and the number of such delegates and alternate delegates who are to be elected at said primary in such county, or in any district within such county, or of which it forms a part. The said notice shall also set forth the number of members of the National committee, if any, who, under the National party rules, are to be elected at the said primary in the State at large, and

## LAWS OF PENNSYLVANIA,

the number of members of the State committee to be elected at the said primary in such county, or in any district, or part of a district within such county. It shall also be the duty of the chairman of the county committee and, in cases where a city is coextensive with a county, the chairman of the city committee of each party, on or before the [tenth] *twelfth* Tuesday preceding the Spring primary, to send to the county board of such county a written notice setting forth all party offices to be filled in the county at the ensuing primary.

Section 905. Secretary of the Commonwealth to Notify County Board of Certain Nominations to Be Made.—On or before the [tenth] *twelfth* Tuesday preceding each primary, the Secretary of the Commonwealth shall send to the county board of each county a written notice designating all the offices for which candidates are to be nominated therein, or in any district of which such county forms a part, or in the State at large, at the ensuing primary, and for the nomination to which candidates are required to file nomination petitions in the office of the Secretary of the Commonwealth, including that of President of the United States; and shall also in said notice set forth the number of presidential electors, United States Senators, Representatives in Congress and State officers, including senators, representatives and judges of courts of record, to be elected at the succeeding November election by a vote of the electors of the State at large, or by a vote of the electors of the county, or of any district therein, or of any district of which such county forms a part.

Section 906, said act, as last amended by acts of March 5, 1947, P. L. 35 and June 10, 1947, P. L. 487, further amended. Section 5. Section nine hundred six of said act, as last amended by the acts, approved the fifth day of March, one thousand nine hundred forty-seven (Pamphlet Laws 35) and the tenth day of June, one thousand nine hundred forty-seven (Pamphlet Laws 487), is hereby further amended to read as follows:

Section 906. Publication of Notice of Officers to Be Nominated and Elected.—Beginning not earlier than [nine] *eleven* weeks, nor later than [eight] *ten* weeks before any regular Spring or [Fall] *Summer* primary, the county board of each county shall publish in newspapers, as provided by section 106 of this act, a notice setting forth the number of delegates and alternate delegates to the National convention of each party who are to be elected in the State at large at the ensuing primary, and the number of delegates and alternate delegates who are to be elected at the said primary in said county, or in any district of which said county or part thereof forms a part, and also setting forth the names of all public offices for which nominations are to be made, and the names of all party offices, including that of mem-

bers of the National committee, if any, and State committee, for which candidates are to be elected at said primary in said county, or in any district of which such county or part thereof forms a part, or in the State at large. Said notice shall contain the date of the primary, and shall be published once each week for two successive weeks in counties of the first and second class and once in all other counties.

Section 6. Section 908 of said act is hereby amended to read as follows:

Section 908, said act, amended.

Section 908. Manner of Signing Nomination Petitions; Time of Circulating.—Each signer of a nomination petition shall sign but one such petition for each office to be filled, and shall declare therein that he is a registered and enrolled member of the party designated in such petition: Provided, however, That where there are to be elected two or more persons to the same office, each signer may sign petitions for as many candidates for such office as, and no more than, he could vote for at the succeeding election. He shall also declare therein that he is a qualified elector of the county therein named, and in case the nomination is not to be made or candidates are not to be elected by the electors of the State at large, of the political district therein named, in which the nomination is to be made or the election is to be held. He shall add his occupation and residence, giving city, borough or township, with street and number, if any, and shall also add the date of signing, expressed in words or numbers: Provided, however, That if the said political district named in the petition lies wholly within any city, borough or township, or is coextensive with same, it shall not be necessary for any signer of a nomination petition to state therein the city, borough or township of his residence. No nomination petition shall be circulated prior to [thirty (30)] *twenty (20)* days before the last day on which such petition may be filed, and no signature shall be counted unless it bears date within [thirty (30)] *twenty (20)* days of the last day of filing the same.

Section 7. Subsection (d) of section nine hundred thirteen of said act, as last amended by the act, approved the fifth day of March, one thousand nine hundred forty-seven (Pamphlet Laws 35), is hereby further amended to read as follows:

Subsection (d) of section 913, said act, as last amended by act of March 5, 1947, P. L. 35, further amended.

Section 913. Place and Time of Filing Nomination Petitions; Filing Fees.—

* * * * *

(d) All nomination petitions shall be filed at least [fifty (50)] *sixty-four (64)* days prior to the primary.

**8**                    LAWS OF PENNSYLVANIA,

<div style="float:left">

Subsection (b)
of section 953,
said act,
amended.

</div>

Section 8. Subsection (b) of section 953 of said act is hereby amended to read as follows:

Section 953. Place and Time of Filing Nomination Papers.—

\* \* \* \* \*

(b) No nomination paper shall be circulated prior to [thirty] *twenty (20)* days before the last day on which such paper may be filed, and no signature shall be counted unless it bears a date within [thirty (30)] *twenty (20)* days of the last day of filing the same.

<div style="float:left">

Subsection (c)
of section 953,
sections 978 and
978.1, said act,
as last amended
by act of March
5, 1947, P. L.
35, further
amended.

</div>

Section 9. Subsection (c) of said section 953 and sections 978 and 978.1 of said act, as last amended by the act, approved the fifth day of March, one thousand nine hundred forty-seven (Pamphlet Laws 35), are hereby further amended to read as follows:

Section 953. Place and Time of Filing Nomination Papers.—

\* \* \* \* \*

(c) All nomination papers must be filed at least [twenty (20)] *forty-four (44)* days prior to the date of the primary election.

Section 978. Withdrawal of Nominated Candidates. —Any person who has been nominated by any political party or political body, in accordance with the provisions of this act, as a candidate for the office of presidential elector, United States Senator, Representative in Congress or for any State office, including that of senator, representative and judge of court of record, may withdraw his name from nomination by request in writing, signed by him and acknowledged before an officer qualified to take acknowledgment of deeds, and filed in the office of the Secretary of the Commonwealth. Any person who has been similarly nominated as a candidate for any other office may withdraw his name from nomination by similar request, filed with the county board of elections of the proper county. Such written withdrawals shall be filed with the Secretary of the Commonwealth or the county board of elections, as the case may be, at least sixty-five (65) days previous to the day of the general *or municipal* election [and at least twenty-five days previous to the day of the municipal election]. Such withdrawals to be effective must be received in the office of the Secretary of the Commonwealth not later than five (5) o'clock P. M. on the last day for filing same, and in the office of any county board of elections not later than the ordinary closing hour of said office on the last day for filing same. No name so withdrawn shall be printed upon the ballot or ballot labels. No candidate may withdraw any withdrawal notice already received and filed, and thereby reinstate his nomination.

Ex. at 36

Section 978.1.  Vacancy in Party Nomination by Failure to Pay Filing Fee.--Every person nominated at any primary election as the candidate of any political party for any office, other than a borough, town, township, school district or poor district office, or the office of alderman, justice of the peace, or constable, who has not paid the filing fee required by section nine hundred thirteen of this act, as amended, for the filing of a nomination petition for such office, shall pay the amount of such fee to the Secretary of the Commonwealth, or to the county board of elections, as the case may be, at least sixty-five (65) days previous to the day of the general *or municipal* election [or at least twenty-five days previous to the day of the municipal election] at which such candidate's name would appear on the ballot. Failure to pay such fee within the time herein prescribed shall result in a vacancy in such party nomination. Such vacancy shall be filled in the manner hereinafter provided for the filling of such vacancies happening by reason of the death or withdrawal of any candidate.

Section 10.  Subsection (a) of section nine hundred eighty-one of said act, as last amended by the act, approved the fifth day of July, one thousand nine hundred forty-seven (Pamphlet Laws 1358), is hereby further amended to read as follows: Subsection (a) of section 981, said act, as last amended by act of July 5, 1947, P. L. 1358, further amended.

Section 981.  Time for Filing Substituted Nomination Certificates.—(a) Substituted nomination certificates to fill vacancies caused by the withdrawal of candidates nominated at primaries or by nomination papers shall be filed with the Secretary of the Commonwealth or proper county board of elections, as the case may be, at least [fifty] *fifty-five (55)* days before the day of the general *or municipal* election [and at least twenty days before the day of the municipal election] : Provided, however, That no substituted nomination certificate by a political body may be filed until after the primary election.

Section 11.  Said act is hereby amended by adding thereto, immediately following Article XII, two new Articles XIII and XIII-A to read as follows: New Articles XIII and XIII-A added to act of June 3, 1937, P. L. 1333.

### *ARTICLE XIII*

*Voting By Persons In Actual Military Service*

*Section 1301.  Qualified Electors in Actual Military Service.—Any qualified elector in actual military service may vote under the provisions of this act in any election held in this Commonwealth, regardless of whether at the time of voting he is present in the election district of his residence, or is within or without this Commonwealth, and regardless of whether he is registered or enrolled.*

LAWS OF PENNSYLVANIA,

*Section 1302.  Applications   for   Official   Military Ballots.—(a) Any qualified elector in actual military service may apply at any time before any election for an official military ballot on Form USWBC Form No. 1 or any other form supplied by the Federal Government, or by post card, letter or other writing, addressed to the Secretary of the Commonwealth of Pennsylvania or the county board of election of the county in which his voting residence is located.*

*(b) The application shall contain the following information: Residence at the time of entrance into actual military service, length of time a citizen, length of residence in Pennsylvania, date of birth, length of time a resident of voting district, voting district, party choice in case of primary, name, rank or grade, military address, branch of service and serial number.  When such application is received by the Secretary of the Commonwealth it shall be forwarded to the proper county board of election.*

*(c) The application for a military ballot in any election may be made or information supplied over the signature of any person who is familiar with the voting qualifications of the military elector, as required in the preceding subsection.*

*(d) The various county boards of election, upon receipt of any application, shall ascertain from the information on such application, district register or from any other source that such applicant possessed all the qualifications of a qualified elector other than being registered or enrolled.*

*Section 1303.   Official Military Ballots.—(a) Ballots for use by such military electors under the provisions of this act shall be prepared sufficiently in advance by the county boards of election and shall be distributed by such boards as hereinafter provided. Such ballots shall be marked "Official Military Ballot" but shall not be numbered and shall otherwise be in substantially the form for ballots required by article ten of this act, which form shall be determined and prescribed by the Secretary of the Commonwealth.*

*(b) In cases where there is not time, in the opinion of the county boards of election, to print on said ballots the names of the various candidates for district, county and local offices, the ballots shall contain blank spaces only under the titles of such offices in which electors may insert the names of the candidates for whom they desire to vote, and in such cases the county boards of election shall furnish to electors lists containing the names of all the candidates who have been regularly nominated under the provisions of this act, for the use of such electors in preparing their ballots.*

*Section 1304. Envelopes for Official Military Ballots.—The county boards of election shall provide two additional envelopes for each official military ballot of such size and shape as shall be prescribed by the Secretary of the Commonwealth, in order to permit the placing of one within the other and both within the mailing envelope. On the smaller of the two envelopes to be enclosed in the mailing envelope shall be printed, stamped or endorsed the words "Official Military Ballot," and nothing else. On the larger of the two envelopes, to be enclosed within the mailing envelope, shall be printed the affidavit of the elector, together with the jurat of the person in whose presence the ballot is marked and before whom the affidavit is made, and the name and address of the county board of election of the proper county. Said affidavit, jurat and envelope shall be in the form prescribed by the Secretary of the Commonwealth and shall contain among other things a statement of elector's qualifications. The mailing envelope addressed to the elector shall contain the two envelopes, the official military ballot, lists of candidates when authorized by Section 1303 of this act, the uniform instructions in form and substance as prescribed by the Secretary of the Commonwealth and nothing else.*

*Section 1305. Duties of County Boards.—(a) The county boards of election shall at least twenty-five days prior to the election deliver or mail official military ballots to all electors whose names and addresses have been ascertained; as additional names and addresses of electors are ascertained, the board shall deliver or mail official military ballots to such additional electors within forty-eight hours after ascertaining their names and addresses.*

*(b) Each county board of election shall post in a conspicuous public place at its office a master list, arranged alphabetically by election districts, setting forth the name, residence and local voting district or ward of every elector to whom an official military ballot has been sent. This posted list shall not contain the elector's military address or military organization. This list shall be known as the "Military File" and shall be posted at least five days before the election day involved, and shall also set forth the total number of such ballots prepared for use in such election. Copies of such military files shall be furnished upon request to the county chairman of each political party and political body, and shall also be furnished to registration commissions.*

*Section 1306. Voting by Electors in Actual Military Service.—At any time after receiving an official military ballot, but on or before the day of the election, the elector, for the purpose of voting, may appear before any person*

### LAWS OF PENNSYLVANIA,

*of this or any other state or territory of the United States authorized to administer oaths by Federal, State or military laws. The elector shall first display the ballot to such person as evidence that the same in unmarked, and then shall proceed to mark the ballot with pencil, crayon, indelible pencil or ink, in the presence of such person, but in such manner that the person administering the oath is unable to see how the same is marked, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed "Official Military Ballot." This envelope shall then be placed in the second one, on which is printed the affidavit of the elector, the jurat of the person before whom the elector appears, and the address of the elector's county board of election. The elector shall then fill out, subscribe and swear to the affidavit printed on such envelope, and the jurat shall be subscribed and dated by the person before whom the affidavit was taken. Such envelope shall then be securely sealed and the elector shall send same by mail to said county board of election.*

*Section 1307.  Military Electors Voting in Districts of Residence.—(a) Whenever any qualified elector in actual military service is present in his voting district of residence on any primary, municipal or general election day and has not already voted in such election, he may apply to his district election board for an official ballot and vote it in such election.*

*(b) Each such application shall be in the form and shall contain the information required by this act together with a statement by the applicant that he has not already voted in the election. All such applications shall be transmitted to the county board of election immediately upon the closing of the polls.*

*(c) Upon receiving an official ballot and envelopes therefor, he shall, in secret, in the polling place vote the ballot and prepare it for execution of the affidavit and jurat as prescribed by this act. The affidavit shall be executed before the judge or either inspector of election, and the jurat subscribed by the person before whom the affidavit is taken. The military elector shall then securely seal the second envelope and hand it to the judge of election. The judge of election shall place all such envelopes in a container marked "Official Military Ballots" which shall be sealed immediately upon the closing of the polls and transmitted to the county board of election.*

*(d) Each district election board shall prepare a separate list of the names of all such voters, which shall be attached to the lists of voters required by the act to which this is an amendment.*

*(e) Each county board of election shall prepare and deliver to each district election board on such election days an adequate supply of official ballots, envelopes and other supplies as required by this act.*

*(f) Each county board of election, before the day fixed by this act for the canvassing of official ballots, shall post, attached to the "Military File", an alphabetically arranged list setting forth the name, residence, the local voting district and ward of every military elector voting under the provisions of this section. The list shall not contain the elector's military address or military organization. Copies of such list may be furnished as in the case of copies of the military file.*

*Section 1308. Canvassing of Official Military Ballots.—(a) The county boards of election, upon receipt of official military ballots in such envelopes, shall safely keep the same until they meet to canvass official military ballots, which canvass shall begin immediately following the official civilian canvass for all primary elections. After the November election, the canvass of official military ballots shall begin at ten o'clock A. M., Eastern Standard Time, on the second Friday following the election. No such ballots shall be counted which are received in their offices later than ten o'clock A. M., Eastern Standard Time, of the second Friday following the primary election or the November election. At such time the members of the return boards or the county boards of election shall in person dispose of official military ballots in the manner hereinafter set forth. The county boards of election may designate a sufficient number of clerks to perform such duties. When it is determined that clerks shall be appointed, the total number shall in every case be in multiples of three, and each member of a county board of election shall appoint an equal number thereof.*

*(b) Each candidate for nomination or election shall be entitled to appoint one watcher and each political party or body which has nominated candidates shall be entitled to appoint three watchers. Watchers shall be permitted to be present when the envelopes containing official military ballots are opened and when such ballots are counted and recorded.*

*(c) In disposing of an official military ballot the county return board or the county board of election shall examine the affidavit and jurat and if the jurat bears a date later than the date of the election, the envelope shall be set aside unopened.*

*(d) The board shall then further examine the affidavit and jurat of each envelope not so set aside and shall compare the information thereon with that contained in*

*the military file. If the board is satisfied that the affidavit and jurat are sufficient and that the elector has qualified, and the board has utilized the information contained in the military file to verify his right to vote, the board shall announce the name of the elector and shall give any person present an opportunity to challenge in like manner and for the same cause, except failure to register or enroll, as the elector could have been challenged had he presented himself in his own district to vote other than by official military ballot. If no challenges are sustained, the board shall open the envelope in such manner as not to destroy the affidavit and jurat printed thereon. All envelopes on which are printed, stamped or endorsed the words "Official Military Ballot" shall be placed in one or more depositories at one time and said depository or depositories well shaken and the envelopes mixed before any envelope is taken therefrom. The board shall then break the seals of such envelopes, remove the ballots and record the votes in the same manner as district election officers are required to record votes. Upon completion of the computation of the returns of the county, the votes cast upon the official military ballots shall be added to the other votes cast within the county.*

*Section 1309. Public Records.—All official military ballots, military files, applications for such ballots and envelopes on which the jurats and affidavits appear, and all information anl lists are hereby designated and declared to be public records and shall be safely kept for a period of two years, except that no information shall be made public which is expressly forbidden by the War Department because of military security.*

### ARTICLE XIII-A

*Voting By Bedridden Or Hospitalized Veterans*

*Section 1301-A. Qualified Electors who are Bedridden or Hospitalized Veterans.—Any qualified elector who is bedridden or hospitalized due to illness or physical disability contracted or suffered in connection with, or as a direct result of, his military service, may vote under the provisions of this act in any election held in this Commonwealth, if he is unavoidably absent from the State or county of his residence, regardless of whether he is registered or enrolled.*

*Section 1302-A. Applications for Veterans' Official Ballots.—(a) Any qualified bedridden or hospitalized veteran may apply, at any time before any election, for a veterans' official ballot by post card, letter or other writing, addressed to the Secretary of the Commonwealth of Pennsylvania or the county board of elections of the county in which his voting residence is located.*

*(b) The application shall contain the following information: Residence at the time of becoming bedridden or hospitalized, length of time a citizen, length of residence in Pennsylvania, date of birth, length of time a resident in voting district, party choice in case of primary, name and address of present residence or hospital at which hospitalized. When such application is received by the Secretary of the Commonwealth it shall be forwarded to the proper county board of election.*

*(c) The application for a veterans' official ballot in any election may be made or information supplied over the signature of any person who is familiar with the voting qualifications of the bedridden or hospitalized veteran, as required in the preceding subsection.*

*(d) The various county boards of election, upon receipt of any application, shall ascertain from the information on such application, district register or from any other source that such applicant possessed all the qualifications of a qualified elector other than being registered or enrolled.*

*Section 1303-A.   Veterans' Official Ballots.—(a) Ballots for use by such veteran electors under the provisions of this act shall be prepared sufficiently in advance by the county boards of election and shall be distributed by such boards as hereinafter provided. Such ballots shall be marked "Veterans' Official Ballot" but shall not be numbered and shall otherwise be in substantially the form for ballots required by article ten of this act, which form shall be determined and prescribed by the Secretary of the Commonwealth.*

*(b) In cases where there is not time, in the opinion of the county boards of election, to print on said ballots the names of the various candidates for district, county and local offices, the ballots shall contain blank spaces only under the titles of such offices in which electors may insert the names of the candidates for whom they desire to vote, and in such cases the county boards of election shall furnish to electors lists containing the names of all the candidates who have been regularly nominated under the provisions of this act, for the use of such electors in preparing their ballots.*

*Section 1304-A.   Envelopes for Veterans' Official Ballots.—The county boards of election shall provide two additional envelopes for each veterans' official ballot, of such size and shape as shall be prescribed by the Secretary of the Commonwealth, in order to permit the placing of one within the other and both within the mailing envelope. On the smaller of the two envelopes to be enclosed in the mailing envelope shall be printed, stamped or endorsed the words "Veterans' Official Bal-*

*lot," and nothing else. On the larger of the two envelopes, to be enclosed within the mailing envelope, shall be printed the affidavit of the elector, together with the jurat of the person in whose presence the ballot is marked and before whom the affidavit is made, and the name and address of the county board of election of the proper county. Said affidavit, jurat and envelope shall be in the form prescribed by the Secretary of the Commonwealth and shall contain among other things a statement of the elector's qualifications. The mailing envelope addressed to the elector shall contain the two envelopes, the veterans' official ballot, lists of candidates when authorized by Section 1303-A of this act, the uniform instructions in form and substance as prescribed by the Secretary of the Commonwealth and nothing else.*

*Section 1305-A. Duties of County Boards.—(a) The county boards of election shall at least twenty-five days prior to the election deliver or mail veterans' official ballots to all electors whose names and addresses have been ascertained; as additional names and addresses of electors are ascertained, the board shall deliver or mail veterans' official ballots to such additional electors within forty-eight hours after ascertaining their names and addresses.*

*(b) Each county board of election shall post in a conspicuous public place at its office a master list, arranged alphabetically by election districts, setting forth the name, residence and local voting district or ward of every elector to whom a veterans' official ballot has been sent. This list shall be known as the "Veterans' File" and shall be posted at least five days before the election day involved, and shall also set forth the total number of such ballots prepared for use in such election. Copies of such veterans' files shall be furnished upon request to the county chairman of each political party and political body, and shall also be furnished to registration commissions.*

*Section 1306-A. Voting by Bedridden or Hospitalized Veterans.—(a) At any time after receiving a veterans' official ballot, but on or before the day of the election, the elector, for the purpose of voting, may appear before any person of this or any other state or territory of the United States authorized to administer oaths by Federal, State or military laws. The elector shall first display the ballot to such person as evidence that the same is unmarked, and then shall proceed to mark the ballot with pencil, crayon, indelible pencil or ink, in the presence of such person, but in such manner that the person administering the oath is unable to see how the same is marked, and then fold the ballot, enclose and securely seal the same in the envelope on*

*which is printed, stamped or endorsed "Veterans' Official Ballot". This envelope shall then be placed in the second one, on which is printed the affidavit of the elector, the jurat of the person before whom the elector appears, and the address of the elector's county board of election. The elector shall then fill out, subscribe and swear to the affidavit printed on such envelope, and the jurat shall be subscribed and dated by the person before whom the affidavit was taken. Such envelope shall then be securely sealed and the elector shall send same by mail to said county board of election.*

*Section 1308-A.  Canvassing of Veterans' Official Ballots.—The county boards of election shall canvass the vote from the veterans' official ballots in substantially the same manner as set forth in Section 1308 of this act for the canvassing of official military ballots.*

*Section 1309-A.  Public Records.—All veterans' official ballots, veterans' files, applications for such ballots and envelopes on which the jurats and affidavits appear, and all information and lists are hereby designated and declared to be public records and shall be safely kept for a period of two years.*

Section 12.  Article XIII of said act, as added by the act, approved the first day of August, one thousand nine hundred forty-one (Pamphlet Laws 672), which was temporarily repealed by the act, approved the ninth day of March, one thousand nine hundred forty-five (Pamphlet Laws 29), is hereby repealed absolutely.

Article XIII. said act, as added by act of August 1, 1941, P. L. 672, temporarily repealed by act of March 9, 1945, P. L. 29, repealed absolutely.

All other acts or parts of acts are hereby repealed in so far as they are inconsistent with the provisions of this act.

Section 13.  Cities of the first class and counties are hereby authorized and empowered to appropriate the moneys necessary to carry out the provisions of this amendment.

Cities of first class empowered to appropriate money.

Section 14.  The purpose of this amendment is to enable every qualified elector of this Commonwealth serving in the armed forces of the United States to vote, whether or not such elector is absent on the designated election days from the election district in which he resides, whether such person is within or without this Commonwealth or within or without the United States, and to enable bedridden or hospitalized veterans to vote, regardless of whether such person is registered or enrolled as a qualified elector, and this amendment shall be liberally construed to effectuate such purpose.

Purpose of act and liberal construction.

Section 15.  The provisions of this act shall become effective the first day of May, one thousand nine hundred fifty-one.

Act effective May 1, 1951.

APPROVED—The 6th day of March, A. D. 1951.

JOHN S. FINE

contains and is confined to examples of the face amount of the loan instrument, the proceeds to the borrower exclusive of the charge, and the amount, number and intervals of the required payments.

(b) The aggregate amount of unpaid principal due from any one borrower on one or more installment loans granted pursuant to the provisions of [this clause (4)] *subclause (a) hereof* shall not at any time exceed [thirty-five hundred dollars] *the principal amounts set forth in such subclause (a)*.

\* \* \* \* \*

Section 2.    This act shall take effect immediately.    Act effective immediately.

APPROVED—The 13th day of August, A. D. 1963.

WILLIAM W. SCRANTON

---

No. 379

AN ACT

Amending the act of June 3, 1937 (P. L. 1333), entitled "An act concerning elections, including general, municipal, special and primary elections, the nomination of candidates, primary and election expenses and election contests; creating and defining membership of county boards of elections; imposing duties upon the Secretary of the Commonwealth, courts, county boards of elections, county commissioners; imposing penalties for violation of the act, and codifying, revising and consolidating the laws relating thereto; and repealing certain acts and parts of acts relating to elections," authorizing and providing procedures whereby certain qualified registered electors absent from or unable to attend their regular polling places may cast their votes; authorizing and providing procedures for the absentee voting by certain personnel of the Federal Government and of this Commonwealth, including their spouses and dependents in the event they are qualified registered electors; imposing additional duties upon the Secretary of the Commonwealth, various county boards of elections and election officers, courts, various registration commissions, chairmen of political parties or committees, and officers and employees of certain political subdivisions; changing the method of marking ballots; further regulating the procedures for the voting of qualified electors serving in the armed forces of the United States and certain qualified bedridden or hospitalized veterans; authorizing and providing assistance in voting for certain absentee voters; further regulating the dates for furnishing information as to offices to be filled for filing and circulating nomination petitions and nomination papers; further regulating the time within which writs of election may issue for holding special elections to fill vacancies occurring in the offices of United States Senators, Representatives in Congress, Representatives in either House of the General Assembly, councils or legislative bodies of cities, boroughs, towns and townships, and further regulating the dates for filing nomination certificates, withdrawals of nominated candidates, vacancies for failure to pay filing fees or for failure to file loyalty oath, substituted nomination certificates and fur-

ther regulating the date for certification of nominees by the Secretary of the Commonwealth; and providing penalties.

**Pennsylvania Election Code.**

The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows:

**Clauses (w), (x) and (y), section 102, act of June 3, 1937, P. L. 1333; clause (w) reenacted and amended March 6, 1951, P. L. 3; clause (x) added March 6, 1951, P. L. 3; and clause (y) added January 8, 1960, P. L. (1959) 2135, further amended.**

Section 1. Clauses (w) (x) and (y) of section 102, act of June 3, 1937 (P. L. 1333), known as the "Pennsylvania Election Code;" clause (w), reenacted and amended March 6, 1951 (P. L. 3); clause (x), added March 6, 1951 (P. L. 3); and clause (y), added January 8, 1960 (P. L. (1959) 2135), are amended to read:

Section 102. Definitions.—The following words, when used in this act, shall have the following meanings, unless otherwise clearly apparent from the context:

\* \* \* \* \*

(w) [The term "qualified elector in actual military service" shall mean a qualified elector of this Commonwealth, who is or may be in the military or naval service of the United States or any branch or unit thereof, and regardless of whether such person is registered or enrolled in accordance with law.

(x) The term "qualified bedridden or hospitalized veteran" shall mean any qualified elector of this Commonwealth who may be unavoidably absent from the State or county of his residence because of his being bedridden or hospitalized due to illness or physical disability contracted or suffered in connection with, or as a direct result of, his military service.

(y) The term "absentee elector" shall mean any qualified elector of this Commonwealth properly registered and enrolled, who (1) on the occurrence of any election is unavoidably absent from the county of his voting residence by reason of his duties, business or occupation, or who (2) on the occurrence of any election is unable to attend at his proper polling place by reason of illness or physical disability, but shall not include a "qualified elector in actual military service" or a "qualified bedridden or hospitalized veteran," as defined in this section, or any person committed to and confined in a penal institution or a mental institution.]

*The words "qualified absentee elector" shall mean:*

*(1) Any qualified elector who is or who may be in the military service of the United States regardless of whether at the time of voting he is present in the election district of his residence or is within or without this Commonwealth and regardless of whether he is registered or enrolled; or*

*(2) Any qualified elector who is a spouse or dependent residing with or accompanying a person in the military service of the United States if at the time of voting such*

*spouse or dependent is absent from the State or county of his residence: Provided, however, That the said elector has been registered or enrolled according to law or is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting; or*

*(3) Any qualified elector who is or who may be in the service of the Merchant Marine of the United States if at the time of voting he is absent from the State or county of his residence: Provided, however, That the said elector has been registered or enrolled according to law or is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting; or*

*(4) Any qualified elector who is a spouse or dependent residing with or accompanying a person who is in the service of the Merchant Marine of the United States if at the time of voting such spouse or dependent is absent from the State or county of his residence: Provided, however, That the said elector has been registered or enrolled according to law or is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting; or*

*(5) Any qualified elector who is or who may be in a religious or welfare group officially attached to and serving with the armed forces if at the time of voting he is absent from the State or county of his residence: Provided, however, That the said elector has been registered or enrolled according to law or is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting; or*

*(6) Any qualified elector who is a spouse or dependent residing with or accompanying a person in a religious or welfare group officially attached to and serving with the armed forces if at the time of voting such spouse or dependent is absent from the State or county of his residence: Provided, however, That the said elector has been registered or enrolled according to law or is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting; or*

*(7) Any qualified elector who is or who may be a civilian employee of the United States outside the territorial limits of the several States of the United States*

*and the District of Columbia, whether or not such elector is subject to civil-service laws and the Classification Act of 1949 and whether or not paid from funds appropriated by the Congress, if at the time of voting he is absent from the State or county of his residence: Provided, however, That said elector has been registered or enrolled according to law or is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting; or*

*(8) Any qualified elector who is a spouse or dependent residing with or accompanying a person who is a civilian employee of the United States outside the territorial limits of the several States of the United States and the District of Columbia whether or not such person is subject to civil-service laws and the Classification Act of 1949 and whether or not paid from funds appropriated by the Congress if at the time of voting such spouse or dependent is absent from the State or county of his residence: Provided, however, That the said elector has been registered or enrolled according to law or is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting; or*

*(9) Any qualified war veteran elector who is bedridden or hospitalized due to illness or physical disability if he is unavoidably absent from the Commonwealth or county of his residence and regardless of whether he is registered and enrolled; or*

*(10) Any qualified, registered and enrolled elector who expects to be or is unavoidably absent from the Commonwealth or county of his residence during the entire period the polls are open for voting on the day of any primary or election; or*

*(11) Any qualified, registered and enrolled elector who is unable to attend his polling place because of illness or physical disability; or*

*(12) Any qualified, registered and enrolled elector who is a spouse or dependent accompanying a person employed in the service of this Commonwealth or in the service of the Federal Government within the territorial limits of the several States of the United States and the District of Columbia in the event the duties, profession or occupation of such person require him to be absent from the Commonwealth or county of his residence:*

*Provided, however, That the words "qualified absentee elector" shall in nowise be construed to include persons confined in a penal institution or a mental institution nor shall it in anywise be construed to include a person*

*not otherwise qualified as a qualified elector in accordance with the definition set forth in section 102 (t) of this act.*

*(x) The words "members of the Merchant Marine of the United States" mean persons (other than persons in military service) employed as officers or members of crews of vessels documented under the laws of the United States or of vessels owned by the United States or of vessels of foreign flag registry under charter to or control of the United States, and persons (other than persons in military service) enrolled with the United States for employment or for training for employment or maintained by the United States for emergency relief service as officers or members of crews of any such vessels, but does not include persons so employed or enrolled for such employment or for training for employment or maintained for such emergency relief on the Great Lakes or the Inland waterways.*

Section 2.  Section 102 of the act is amended by adding, after clause (x) thereof, four new clauses to read: <sub>Section 102 of act, amended by adding four new clauses (y), (z), (z-1) and (z-2).</sub>

Section 102.  Definitions.—The following words, when used in this act, shall have the following meanings, unless otherwise clearly apparent from the context:

* * * * *

*(y) The word "dependent" means any person who is in fact a dependent.*

*(z) The words "person authorized to administer oaths" shall mean any person who is a commissioned officer in military service or any member of the Merchant Marine of the United States designated for this purpose by the United States Secretary of Commerce or any civilian official empowered by any State or Federal law to administer oaths.*

*(z-1) The words "in military service" shall mean the uniformed services as defined in section 102 of the Career Compensation Act of 1949 (63 Stat. 804 U. S. Code, Title 37, Par. 231).*

*(z-2) The words "unavoidably absent" shall mean absence in good faith by reason of duties, occupation or business.*

Section 3.  Subsection (c) of section 305 of the act, reenacted and amended March 6, 1951 (P. L. 3), is amended to read: <sub>Subsection (c), section 305 of act, reenacted and amended March 6, 1951, P. L. 3, further amended.</sub>

Section 305.  Expenses of County Boards and of Primaries and Elections to Be Paid by County; Expenses of Special Elections; Boards to Be Provided with Offices.—

* * * * *

712    Act No. 379    LAWS OF PENNSYLVANIA,

(c) The Commonwealth shall reimburse each city of the first class and county for election expenses incurred in and incidental to preparing, handling, mailing, delivering, counting and storing official [military] *absentee* ballots [and veterans' official ballots] *requested by any elector in military service, Federal employment overseas, Merchant Marine, and in any religious group or welfare agency assisting the Armed Forces, including spouses and dependents, and bedridden and hospitalized veterans* as herein provided in the sum of forty cents (40¢) for each such ballot mailed or delivered.

Each county board of elections shall file in the Department of State, not later than thirty days after every election, on a form prescribed by the Department of State, a statement of the number of ballots mailed or delivered in such manner as is now or may hereafter be provided by law to electors in actual military service, *Federal employment overseas, Merchant Marine, and in any religious group or welfare agency assisting the Armed Forces, including spouses and dependents,* and to bedridden or hospitalized veterans.

The Department of State shall ascertain and fix the amount due, as herein provided, to each city of the first class and county for election expenses incurred, and by requisition in the usual course shall provide for payment of such amounts so found due from moneys appropriated to the Department of State for such purpose, or shall prorate the moneys so appropriated among the several cities of the first class and counties to be reimbursed, if the amount so appropriated shall not be sufficient for the payment in full to each city of the first class and county of the amount found to be due.

**Sections 626 and 627 of act, amended.**

Section 4. Sections 626 and 627 of the act are amended to read:

Section 626. Special Elections for United States Senator; Nominations.—Whenever a vacancy shall occur in the office of United States Senator, said vacancy shall be filled for the unexpired term by the vote of the electors of the State at a special election to be held at the time of the next general or municipal election, occurring at least [forty (40)] *ninety (90)* days after the happening of such vacancy, and it shall be the duty of the Governor to issue writs of election to the various county boards of elections and to the Secretary of the Commonwealth [accordingly] *within ten (10) days after the happening of said vacancy*. Candidates to fill vacancies in the office of United States Senator shall be nominated by political parties, in accordance with the party rules relating to the filling of vacancies, by means of nomination certificates, in the form prescribed in section 630 of this act; and by political bodies, by means of nomina-

tion papers, in accordance with the provisions of sections 951, 952 and 954 of this act. Said nomination certificates and nomination papers shall be filed in the office of the Secretary of the Commonwealth at least [thirty (30)] *sixty (60)* days prior to the date of said special election. Until such time as said vacancy shall be filled by an election as herein provided, the Governor of the Commonwealth may make a temporary appointment to fill said vacancy.

Section 627. Special Elections for Representative in Congress.—Whenever a vacancy shall occur or exist in the office of Representative in Congress from this State during a session of Congress, or whenever such vacancy shall occur or exist at a time when the members of Congress shall be required to meet at any time previous to the next general election, the Governor shall issue, within ten days after the happening of said vacancy, or after the calling of an extraordinary session of Congress during the existence of said vacancy, a writ of election to the proper county board or boards of election and to the Secretary of the Commonwealth, for a special election to fill said vacancy, which election shall be held on a date named in said writ, which shall not be less than [thirty (30)] *sixty (60)* days after the issuance of said writ. In all other cases no such special election to fill said vacancy shall be held. The Governor may fix, in such writ of election, the date of the next ensuing primary or municipal election as the date for holding any such special election.

Section 5. Section 628 of the act, amended April 13, 1942 (P. L. 20), is amended to read:

Section 628 of act, amended April 13, 1942, P. L. 20, further amended.

Section 628. Special Elections for Senator and Representative in the General Assembly.—Whenever a vacancy shall occur in either house of the General Assembly whether or not it then be in session, the presiding officer of such house shall issue a writ of election to the proper county board or boards of election and to the Secretary of the Commonwealth, for a special election to fill said vacancy, which election shall be held on a date named in the writ, which shall be not less than [thirty (30)] *sixty (60)* days after the issuance of said writ. The presiding officer may fix, in such writ of election, the date of the next ensuing primary, municipal or general election as the date for holding any such special election: Provided, however, That should the Governor after the issuance of the said writ of election advise the presiding officer that the General Assembly will be called into extraordinary session prior to the date set for such special election, the presiding officer may countermand the writ theretofore issued and

714    Act No. 379    LAWS OF PENNSYLVANIA,

shall issue a new writ of election, fixing therein such earlier date therefor as is deemed expedient, but which shall not be less than [thirty (30)] *sixty (60)* days after the issuance of said writ.

Section 628.1 of act, added May 23, 1949, P. L. 1656, amended.

Section 6.  Section 628.1 of the act, added May 23, 1949 (P. L. 1656), is amended to read:

Section 628.1.  Special Elections for Members of Councils or Legislative Bodies of Cities, Boroughs, Towns and Townships.—In all cases where under any law now or hereafter enacted, a special election is required to fill any vacancy in the office of member of the council or legislative body of any city, borough, town or township, such election shall be held on the day fixed in the writ for the special election or on such day as may be otherwise provided by such law, which day shall [not be less than thirty (30)] *be within sixty (60)* days after the issuance of the writ or after the happening of the vacancy, as the case may be, notwithstanding any provisions in such law requiring the special election to be held on an earlier day.  This section shall not be construed as requiring a special election in any case where such election is not required under any law now or hereafter enacted.

Sections 629 and 636 of act, amended May 23, 1949, P. L. 1656, further amended.

Section 7.  *Sections 629 and 636 of the act, amended May 23, 1949 (P. L. 1656), are amended to read:

Section 629.  Nominations for Special Election for Representative in Congress, Senator and Representative in the General Assembly and Member of Council or Legislative Body of Cities, Boroughs, Towns and Townships.—Candidates to fill vacancies in the offices of Representative in Congress, Senator and Representative in the General Assembly and member of the council or legislative body of any city, borough, town or township shall be nominated by political parties, in accordance with the party rules relating to the filling of vacancies, by means of nomination certificates, in the form prescribed in section 630 of this act; and by political bodies, by means of nomination papers, in accordance with the provisions of sections 951, 952 and 954 of this act.  Said nomination certificates and nomination papers for the office of Representative in Congress shall be filed in the office of the Secretary of the Commonwealth not later than [ten (10)] *fifteen (15)* days after the issuance of the writ of election, and said nomination certificates and nomination papers for the office of Senator and Representative in the General Assembly shall be filed in the office of the Secretary of the Commonwealth, and for the office of member of the council or legislative body of a city, borough, town or township, in the office of the

---

* "Section" in original.

county board of elections wherein such city, borough, town or township is situate, not later than [the twentieth day before the day of the election] *fifteen (15) days after the issuance of the writ of election.*

Section 636. Certification by Secretary of the Commonwealth of Candidates for Special Elections.—The Secretary of the Commonwealth shall, not later than the [tenth (10th)] *thirtieth (30th)* day next preceding the day fixed for any special election to fill a vacancy in the offices of United States Senator, Representative in Congress, Senator and Representative in the General Assembly, certify to the proper county board or boards the names and residences of, and parties or political bodies represented by, all candidates whose nomination certificates or papers have been filed with him, as herein provided, for such election, and have not been found and declared invalid, and to be voted for in the county or any district or districts thereof, substantially in the form of the ballots to be used therein.

Section 8. Section 901 of the act is amended to read: Section 901 of act, amended.

Section 901. Determination and Certification of State-wide and County-wide Parties.—(a) The Secretary of the Commonwealth shall determine which organizations are political parties within the State, within the meaning of section 801(a) of this act, and not later than the [tenth] *thirteenth* Tuesday preceding each primary shall transmit to each county board a list of said political parties which shall be entitled to nominate candidates at primaries.

(b) Each county board shall determine which organizations are political parties within the county, within the meaning of section 801 (b), and not later than the [tenth] *thirteenth* Tuesday preceding each primary shall transmit to the Secretary of the Commonwealth a list of said political parties which shall be entitled to nominate candidates at primaries in said county.

Section 9. Section 904 of the act, amended January 14, 1952 (P. L. 1937), is amended to read: Section 904 of act, amended January 14, 1952, P. L. 1937, further amended.

Section 904. Municipal Clerks and Party Chairmen to Furnish Information as to Offices to Be Filled.—To assist the respective county boards in ascertaining the offices to be filled, it shall be the duty of the clerks or secretaries of the various cities, boroughs, towns, townships *and* school districts [and poor districts], with the advice of their respective solicitors, on or before the [twelfth] *thirteenth* Tuesday preceding the Municipal primary, to send to the county boards of their respective counties a written notice setting forth all city, borough, town, township *and* school district [and poor district]

offices to be filled in their respective subdivisions at the ensuing municipal election, and for which candidates are to be nominated at the ensuing primary. It shall also be the duty of the chairman of the State committee of each political party to forward to the Secretary of the Commonwealth and to the respective county boards, on or before the [twelfth] *thirteenth* Tuesday preceding the General primary, a written notice setting forth the number of delegates and alternate delegates to the National convention of such party who are to be elected in the State at large at the ensuing primary, and the number of such delegates and alternate delegates who are to be elected at said primary in such county, or in any district within such county, or of which it forms a part. The said notice shall also set forth the number of members of the National committee, if any, who, under the National party rules, are to be elected at the said primary in the State at large, and the number of members of the State committee to be elected at the said primary in such county, or in any district, or part of a district within such county. It shall also be the duty of the chairman of the county committee and, in cases where a city is coextensive with a county, the chairman of the city committee of each party, on or before the [twelfth] *thirteenth* Tuesday preceding the General primary, to send to the county board of such county a written notice setting forth all party offices to be filled in the county at the ensuing primary.

Section 905 of act, amended March 6, 1951, P. L. 3, further amended.

Section 10. Section 905 of the act, amended March 6, 1951 (P. L. 3), is amended to read:

Section 905. Secretary of the Commonwealth to Notify County Board of Certain Nominations to Be Made.—On or before the [twelfth] *thirteenth* Tuesday preceding each primary, the Secretary of the Commonwealth shall send to the county board of each county a written notice designating all the offices for which candidates are to be nominated therein, or in any district of which such county forms a part, or in the State at large, at the ensuing primary, and for the nomination to which candidates are required to file nomination petitions in the office of the Secretary of the Commonwealth, including that of President of the United States; and shall also in said notice set forth the number of presidential electors, United States Senators, Representatives in Congress and State officers, including senators, representatives and judges of courts of record, to be elected at the succeeding November election by a vote of the electors of the State at large, or by a vote of the electors of the county, or of any district therein, or of any district of which such county forms a part.

SESSION OF 1963.    Act No. 379    717

Section 11. Section 906 of the act, amended January 14, 1952 (P. L. 1937), is amended to read:

Section 906 of act, amended January 14, 1952, P. L. 1937, further amended.

Section 906. Publication of Notice of Officers to Be Nominated and Elected.—Beginning not earlier than [eleven] *twelve* weeks, nor later than [ten] *eleven* weeks before any [regular] General or Municipal primary, the county board of each county shall publish in newspapers, as provided by section 106 of this act, a notice setting forth the number of delegates and alternate delegates to the National convention of each party who are to be elected in the State at large at the ensuing primary, and the number of delegates and alternate delegates who are to be elected at the said primary in said county, or in any district of which said county or part thereof forms a part, and also setting forth the names of all public offices for which nominations are to be made, and the names of all party offices, including that of members of the National committee, if any, and State offices, for which candidates are to be elected at said primary in said county, or in any district of which such county or part thereof forms a part, or in the State at large. Said notice shall contain the date of the primary, and shall be published once each week for two successive weeks in counties of the first and second class and once in all other counties.

Section 12. Section 908, subsection (d) of section 913 and subsections (b) and (c) of section 953 of the act, amended March 6, 1951 (P. L. 3), are amended to read:

Section 908, subsection (d), section 913, and subsections (b) and (c), section 953 of act, amended March 6, 1951, P. L. 3, further amended.

Section 908. Manner of Signing Nomination Petitions; Time of Circulating.—Each signer of a nomination petition shall sign but one such petition for each office to be filled, and shall declare therein that he is a registered and enrolled member of the party designated in such petition: Provided, however, That where there are to be elected two or more persons to the same office, each signer may sign petitions for as many candidates for such office as, and no more than, he could vote for at the succeeding election. He shall also declare therein that he is a qualified elector of the county therein named, and in case the nomination is not to be made or candidates are not to be elected by the electors of the State at large, or the political district therein named, in which the nomination is to be made or the election is to be held. He shall add his occupation and residence, giving city, borough or township, with street and number, if any, and shall add the date of signing, expressed in words or numbers: Provided, however, That if the said political district named in the petition lies wholly within any city, borough or township, or is coextensive with

**718      Act No. 379    LAWS OF PENNSYLVANIA,**

same, it shall not be necessary for any signer of a nomination petition to state therein the city, borough or township of his residence. No nomination petition shall be circulated prior to [twenty (20) days before the last day on which such petition may be filed] *the thirteenth Tuesday before the primary,* and no signature shall be counted unless it bears *a* date [within twenty (20) days of the last day of filing the same] *affixed not earlier than the thirteenth Tuesday nor later than the tenth Tuesday prior to the primary.*

Section 913.  Place and Time of Filing Nomination Petitions; Filing Fees.—

\* \* \* \* \*

(d) All nomination petitions shall be filed [at least sixty-four (64) days] *on or before the tenth Tuesday* prior to the primary.

\* \* \* \* \*

Section 953.  Place and Time of Filing Nomination Papers.—

\* \* \* \* \*

(b) No nomination paper shall be circulated prior to [twenty (20) days before the last day on which such paper may be filed] *the tenth Wednesday prior to the primary,* and no signature shall be counted unless it bears a date [within twenty (20) days of the last day of filing the same] *affixed not earlier than the tenth Wednesday prior to the primary nor later than the seventh Wednesday prior to the primary.*

(c) All nomination papers must be filed [at least forty-four (44) days prior to the date of the primary election] *on or before the seventh Wednesday prior to the primary.*

<div style="float:left">Sections 978, 978.1 and subsection (a), section 981 of act, amended March 6, 1951, P. L. 3, further amended.</div>

Section 13.  Sections 978, 978.1 and subsection (a) of section 981 of the act, amended March 6, 1951 (P. L. 3), are amended to read:

Section 978.  Withdrawal of Nominated Candidates.—Any person who has been nominated by any political party or political body, in accordance with the provisions of this act, as a candidate for the office of presidential elector, United States Senator, Representative in Congress or for any State office, including that of senator, representative and judge of court of record, may withdraw his name from nomination by request in writing, signed by him and acknowledged before an officer qualified to take acknowledgement of deeds, and filed in the office of the Secretary of the Commonwealth. Any person who has been similarly nominated as a candidate for any other office may withdraw his name from nomination by similar request, filed with the county

board of elections of the proper county. Such written withdrawals shall be filed with the Secretary of the Commonwealth or the county board of elections, as the case may be, at least [sixty-five (65)] *eighty-five (85)* days previous to the day of the general or municipal election. Such withdrawals to be effective must be received in the office of the Secretary of the Commonwealth not later than five (5) o'clock P. M. on the last day for filing same, and in the office of any county board of elections not later than the ordinary closing hour of said office on the last day for filing same. No name so withdrawn shall be printed upon the ballot or ballot labels. No candidate may withdraw any withdrawal notice already received and filed, and thereby reinstate his nomination.

Section 978.1. Vacancy in Party Nomination by Failure to Pay Filing Fee *or for Failure to File Loyalty Oath.*—Every person nominated at any primary election as the candidate of any political party for any office, other than a borough, town, township, school district or poor district office, or the office of alderman, justice of the peace, or constable, who has not paid the filing fee required by section nine hundred thirteen of this act, as amended, for the filing of a nomination petition for such office, *or who has not filed the loyalty oath required by section 14, act of December 22, 1951 (P. L. 1726), known as the "Pennsylvania Loyalty Act," as last amended June 19, 1961 (P. L. 446),* shall pay the amount of such fee to *and file such oath with* the Secretary of the Commonwealth, or [to] the county board of elections, as the case may be, at least [sixty-five (65)] *eighty-five (85)* days previous to the day of the general or municipal election at which such candidate's name would appear on the ballot. Failure to pay such fee *or file such oath* within the time herein prescribed shall result in a vacancy in such party nomination. Such vacancy shall be filled in the manner hereinafter provided for the filling of such vacancies happening by reason of the death or withdrawal of any candidate.

Section 981. Time for Filing Substituted Nomination Certificates.—(a) Substituted nomination certificates to fill vacancies caused by the withdrawal of candidates nominated at primaries or by nomination papers shall be filed with the Secretary of the Commonwealth or proper county board of elections, as the case may be, at least [fifty-five (55)] *seventy-five (75)* days before the day of the general or municipal election: Provided, however, That no substituted nomination certificate by a political body may be filed until after the primary election.

\* \* \* \* \*

720    Act No. 379    LAWS OF PENNSYLVANIA,

Section 984 of act, amended.

Section 14. Section 984 of the act is amended to read:

Section 984. Certification of Nominees by Secretary of the Commonwealth to County Boards.—The Secretary of the Commonwealth shall, [at least fifteen days previous to the day of] *as soon as possible after the last day fixed for the filing of substituted nomination certificates for* any November election of presidential electors, United States Senator, Representative in Congress or State officers, including judges of courts of record, senators and representatives, or upon constitutional amendments or other questions to be submitted to the electors of the State at large, transmit to the county board of elections of each county, in which such election is to be held, an official list, certified by him, of all of the candidates who have been nominated in accordance with the provisions of this act, to be voted for in such county at such election, substantially in the form of the ballots to be used therein, and also a copy of the text of all constitutional amendments and other questions to be voted upon at such election, together with a statement of the form in which they are to be printed on the ballots or ballot labels.

Subsection (b), section 993 of act, added August 26, 1953, P. L. 1479, amended.

Section 15. Subsection (b) of section 993 of the act, added August 26, 1953 (P. L. 1479), is amended to read:

Section 993. Filling of Certain Vacancies in Public Office by Means of Nomination Certificates and Nomination Papers.—

*     *     *     *     *

(b) Said nomination certificates and nomination papers for State public offices and judges of courts of records shall be filed in the office of the Secretary of the Commonwealth at least [forty-five (45)] *fifty (50)* days prior to a general or municipal election, as the case may be. Nomination certificates and nomination papers for public offices in counties, cities, boroughs, towns, townships, wards and school districts and for the offices of aldermen and justices of the peace shall be filed in the office of the county board of elections at least [forty-five (45)] *fifty (50)* days prior to a municipal election.

*     *     *     *     *

Subsection (a), section 1002 of act, amended January 8, 1960, P. L. 2142, further amended.

Section 16. Subsection (a) of section 1002 of the act, amended January 8, 1960 (P. L. 2142), is amended to read:

Section 1002. Form of Official Primary Ballot.—

(a) At primaries separate official ballots shall be prepared for each party which shall be in substantially the following form:

Official .......................... Primary Ballot.
(Name of Party)
...... District, ...... Ward, City of ...............
County of ..................., State of Pennsylvania
..... Primary election held on the ...... day of .....,
19.......

Make a cross (**X**) or check ($\sqrt{}$) in the square to the right of each candidate for whom you wish to vote. If you desire to vote for a person whose name is not on the ballot, write, print or paste his name in the blank space provided for that purpose. [If you spoil your ballot do not erase but ask for a new ballot.] Mark ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink in fountain pen or ball point pen. Use the same pencil or pen for all markings you place on the ballot [; use the same mark either a cross (**X**) or check ($\sqrt{}$) for all markings].

#### President of the United States.
(Vote for one)

John Doe
Richard Roe
John Stiles

#### United States Senator.
(Vote for one)

John Doe
Richard Roe
John Stiles

#### Governor.
(Vote for one)

John Doe
Richard Roe
John Stiles

#### Representative in Congress ...... District.
(Vote for one)

John Doe
Richard Roe
John Stiles

#### Delegates at Large to National Convention.
(Vote for ......)

John Doe
  (Promises to support popular choice of party in the State for President.)
John Stiles
  (Does not promise to support popular choice of party in the State for President.)

  Delegate to National Convention ...... District.
(Vote for ......)

John Doe
  (Promises to support popular choice of party in ..... District for President.)

Ex. at 60

**722**    Act No. 379    LAWS OF PENNSYLVANIA,

John Stiles
(Does not promise to support popular choice of party
in ...... District for President.)
Senator in the General Assembly ...... District.
(Vote for one)

John Doe
Richard Roe
John Stiles

Member of State Committee.
(Vote for one)

John Doe
Richard Roe
John Stiles

Party Committeemen.
(Vote for ......)

John Doe
Richard Roe
John Stiles

\* \* \* \* \*

Section 1008,
subsection (a) of
act last amended
January 8, 1960
(1959) P. L.
2142, and sub-
sections (b) and
(d) of act last
amended April
24, 1947, P. L.
68, further
amended.
    Section 17.  Section 1003, subsection (a) of the act
as last amended January 8, 1960 (1959) (P. L. 2142)
and subsections (b) and (d) of the act as last amended
April 24, 1947 (P. L. 68), are amended to read:

    Section 1003.  Form of Official Ballot.—
(a) The official ballots for general, municipal and special
elections shall be in substantially the following form:

### OFFICIAL BALLOT

................ District,  ................ Ward,
City of ..............,  County of ............,
State of Pennsylvania ...........................
Election held on the ...... day of ..........., 19....

A cross (**X**) or check (√) mark in the square opposite
the name of any candidate indicates a vote for that
candidate.

    To vote a straight party ticket, mark a cross (**X**) or
check (√) in the square, in the Party Column, opposite
the name of the party of your choice.  To vote for an
individual candidate of another party after making a
mark in the party square, mark a cross (**X**) or check
(√) opposite his name.  For an office where more than
one candidate is to be voted for, the voter, after mark-
ing in the party square, may divide his vote by marking
a cross (**X**) or check (√) to the right of each candidate
for whom he or she desires to vote.  For such office votes
shall not be counted for candidates not individually
marked.

    To vote for a person whose name is not on the ballot,
write, print or paste his name in the blank space pro-
vided for that purpose.  A cross (**X**) or check (√) mark

in the square opposite the names of the candidates of
any party for President and Vice-President of the United
States indicates a vote for all the candidates of that
party for presidential elector. To vote for individual
candidates for presidential elector, write, print or paste
their names in the blank spaces provided for that pur-
pose under the title "Presidential Electors." Mark
ballot only in black lead pencil, indelible pencil or blue,
black or blue-black ink, in fountain pen or ball point
pen; use the same pencil or pen for all markings you
place on the ballot [; use the same mark either a cross
(**X**) or check (√) for all markings].

| Party Column | Presidential Electors |
|---|---|
| To Vote a Straight Party Ticket Mark a Cross (**X**) or Check (√) in this Column. | (Vote for the candidates of one party for President and Vice-President, or insert the names of candidates.) |
| | For |
| Democratic | John Stiles and Richard Doe, Democratic ............ |
| | For |
| Republican | John Doe and Richard Roe, Republican ............ |
| | For |
| Socialist | John Smith and William Jones, Socialist ............. |

Citizens

United States Senator.
(Vote for one)

Richard Roe ......................Democratic
John Doe ..........................Republican
Richard Stiles ....................Socialist

Governor.
(Vote for one)

Richard Roe ......................Democratic
John Doe ..........................Republican
Richard Stiles ....................Socialist

Representatives in Congress,
...... District.
(Vote for one)

Richard Roe ......................Democratic
John Doe ..........................Republican
Richard Stiles ....................Socialist

Senator in the General Assembly,
...... District.
(Vote for one)

John Doe ............................Democratic
Richard Roe ........................Republican

(b) On the back of each ballot shall be printed in prominent type the words "Official Ballot," followed by the designation of the election district for which it is prepared, the date of the election and the facsimile signatures of the members of the county board of elections. The names of candidates shall be arranged under the title of the office for which they are candidates, and shall be printed thereunder in the order of the votes obtained by the parties or bodies at the last gubernatorial election, beginning with the party obtaining the highest number of votes: Provided, however, That in the case of parties or bodies not represented on the ballot at the last gubernatorial election, the names of the candidates of such parties shall be arranged alphabetically, according to the party name or political appellation. In the case of offices for which two or more candidates are to be voted for, the candidates of each party shall be arranged together in the order of the number of votes obtained by them at the primary, beginning with the candidates obtaining the highest number of votes, and the candidates of each political body shall be arranged in the order in which their names were placed in their nomination paper. Opposite or under the name of each candidate shall be printed the name or appellation of the political party or political body nominating him, and at the right of such name or appellation there shall be a square of sufficient size for the convenient insertion of a cross *(X) or check (√)* mark.

\* \* \* \* \*

(d) Whenever any candidate shall receive more than one nomination for the same office, his name shall be printed once, and the names of each political party so nominating him shall be printed opposite the name of such candidate, arranged in the same order as candidates names are required to be arranged. At the right of every party name or appellation shall be a square of sufficient size for the convenient insertion of a cross *(X) or check (√)* mark.

\* \* \* \* \*

**Section 1007 of act, amended.**

Section 18. Section 1007 of the act is amended to read:

Section 1007. Number of Ballots to Be Printed; Specimen Ballots.—The county board of each county shall provide for each election district in which a primary is to be held, one book of fifty official ballots of each

party for every forty-five registered and enrolled voters of such party and fraction thereof, appearing upon the district register, and shall provide for each election district in which an election is to be held one book of fifty official ballots for every forty-five registered electors and fraction thereof appearing upon the district register. They [shall] *may* also, in addition to the number of ballots required to be printed for general distribution, have printed *for each election district in which a primary is to be held not less than one book of fifty official ballots of each party for the use of the absentee electors and for each election district in which an election is to be held not less than one book of official ballots for the use of the absentee electors. They shall also, in addition to the number of ballots required to be printed for general distribution, have printed* ten (10) per centum of such number, to be known as reserve official ballots, and, on tinted paper, two (2) per centum of such number to be known as reserve specimen ballots, which ballots shall be kept at the office of the county board for the use of any district, the ballots for which may be lost, destroyed or stolen. They shall also cause to be printed on tinted paper, and without the facsimile endorsements, permanent binding or stubs, copies of the form of ballots provided for each voting place at each primary or election therein, which shall be called specimen ballots, and which shall be of the same size and form as the official ballots, and at each election they shall deliver to the election officers, in addition to the official ballots to be used at such election, specimen ballots for the use of the electors equal in number to one-fifth of the number of official ballots delivered to such election officers. At each primary, specimen ballots of each party shall be furnished, equal in number to one-fifth of the number of official ballots of such party furnished to the election officers as above provided.

Section 19.   Subsection (a) of section 1223 of the act, amended January 8, 1960 (P. L. 2142), is amended to read:

Subsection (a), section 1223 of act, amended January 8, 1960, P. L. 2142, further amended.

Section 1223.   What Ballots Shall Be Counted; Manner of Counting; Defective Ballots.—(a) No ballot which is so marked as to be capable of identification shall be counted. Any ballot that is marked in blue, black or blue-black ink, in fountain pen or ball point pen, or black lead pencil or indelible pencil, shall be valid and counted: Provided, That all markings on the ballot are made by the same pen or pencil [and that all markings on the ballot are the same type of marking either a cross (X) or check (√)]. Any ballot marked by any other mark than an (X) or check (√) in the spaces provided for that purpose shall be void and not counted: Provided,

however, That no vote recorded thereon shall be declared void because a cross (X) or check (√) mark thereon is irregular in form. Any erasure, mutilation or defective marking of the straight party column at November elections shall render the entire ballot void, unless the voter has properly indicated his choice for candidates in any office block, in which case the vote or votes for such candidates only shall be counted. Any erasure or mutilation in the vote in any office block shall render void the vote for any candidates in said block, but shall not invalidate the votes cast on the remainder of the ballot, if otherwise properly marked. Any ballot indicating a vote for any person whose name is not printed on the ballot, by writing, stamping or sticker, shall be counted as a vote for such person, if placed in the proper space or spaces provided for that purpose, whether or not an (X) or check (√) is placed after the name of such person: Provided, however, That if such writing, stamping or sticker is placed over the name of a candidate printed on the ballot, it shall render the entire vote in said office block void. If an elector shall mark his ballot for more persons for any office than there are candidates to be voted for for such office, or if, for any reason, it may be impossible to determine his choice for any office, his ballot shall not be counted for such office, but the ballot shall be counted for all offices for which it is properly marked. Ballots not marked, or improperly or defectively marked, so that the whole ballot is void, shall be set aside and shall be preserved with the other ballots.

\* \* \* \* \*

**Article heading and sections 1301 and 1302 of act, added March 6, 1951, P. L. 3, amended.**

Section 20. The article heading and sections 1301 and 1302 of the act, added March 6, 1951 (P. L. 3), are amended to read:

### Article XIII

Voting By [Persons in Actual Military Service] *Qualified Absentee Electors*

Section 1301. [Qualified Electors in Actual Military Service.—Any qualified elector in actual military service may vote under the provisions of this act in any election held in this Commonwealth, regardless of whether at the time of voting he is present in the election district of his residence, or is within or without this Commonwealth, and regardless of whether he is registered or enrolled.] *Qualified Absentee Electors.—The following persons shall be entitled to vote by an official absentee ballot in any primary or election held in this Commonwealth in the manner hereinafter provided:*

*(a) Any qualified elector who is or who may be in the military service of the United States regardless of whether at the time of voting he is present in the election district of his residence or is within or without this Commonwealth and regardless of whether he is registered or enrolled; or*

*(b) Any qualified elector who is a spouse or dependent residing with or accompanying a person in the military service of the United States if at the time of voting such spouse or dependent is absent from the State or county of his residence: Provided, however, That the said elector has been registered or enrolled according to law or is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting; or*

*(c) Any qualified elector who is or who may be in the service of the Merchant Marine of the United States if at the time of voting he is absent from the State or county of his residence: Provided, however, That the said elector has been registered or enrolled according to law or is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting; or*

*(d) Any qualified elector who is a spouse or dependent residing with or accompanying a person who is in the service of the Merchant Marine of the United States if at the time of voting such spouse or dependent is absent from the State or county of his residence: Provided, however, That the said elector has been registered or enrolled according to law or is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting; or*

*(e) Any qualified elector who is or who may be in a religious or welfare group officially attached to and serving with the armed forces if at the time of voting he is absent from the State or county of his residence: Provided, however, That the said elector has been registered or enrolled according to law or is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting; or*

*(f) Any qualified elector who is a spouse or dependent residing with or accompanying a person in a religious or welfare group officially attached to and serving with the armed forces if at the time of voting such spouse or dependent is absent from the State or county of his*

Ex. at 66

*residence: Provided, however, That the said elector has been registered or enrolled according to law or is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting; or*

*(g) Any qualified elector who is or who may be a civilian employee of the United States outside the territorial limits of the several States of the United States and the District of Columbia, whether or not such elector is subject to civil-service laws and the Classification Act of 1949 and whether or not paid from funds appropriated by the Congress, if at the time of voting he is absent from the State or county of his residence: Provided, however, That said elector has been registered or enrolled according to law or is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting; or*

*(h) Any qualified elector who is a spouse or dependent residing with or accompanying a person who is a civilian employee of the United States outside the territorial limits of the several States of the United States and the District of Columbia, whether or not such person is subject to civil-service laws and the Classification Act of 1949 and whether or not paid from funds appropriated by the Congress, if at the time of voting such spouse or dependent is absent from the State or county of his residence: Provided, however, That the said elector has been registered or enrolled according to law or is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting; or*

*(i) Any qualified war veteran elector who is bedridden or hospitalized due to illness or physical disability if he is unavoidably absent from the Commonwealth or county of his residence and regardless of whether he is registered and enrolled; or*

*(j) Any qualified registered and enrolled elector who expects to be or is unavoidably absent from the Commonwealth or county of his residence during the entire period the polls are open for voting on the day of any primary or election; or*

*(k) Any qualified registered and enrolled elector who is unable to attend his polling place because of illness or physical disability;*

*(l) Any qualified registered and enrolled elector who is a spouse or dependent accompanying a person employed in the service of this Commonwealth or in the service of the Federal Government within the territorial limits*

*of the several States of the United States and the District of Columbia in the event the duties, profession or occupation of such person require him to be absent from the Commonwealth or county of his residence:*

*Provided, however, That the words "qualified absentee elector" shall in nowise be construed to include persons confined in a penal institution or a mental institution nor shall it in anywise be construed to include a person not otherwise qualified as a qualified elector in accordance with the definition set forth in section 102 (t) of this act.*

Section 1302.  Applications for Official [Military] *Absentee* Ballots.—(a) Any qualified elector [in actual military service] *defined in preceding section 1301, subsections (a) to (h), inclusive,* may apply at any time before any *primary or* election for any official [military] *absentee* ballot on [Form USWBC Form No. 1] *post card application* or any other form supplied by the Federal Government, or by post card, letter or other writing, addressed to the Secretary of the Commonwealth of Pennsylvania or the county board of election of the county in which his voting residence is located.

(b) The application shall contain the following information: [Residence] *Home residence* at the time of entrance into actual military service *or Federal employment,* length of time a citizen, length of residence in Pennsylvania, date of birth, length of time a resident of voting district, voting district *if known,* party choice in case of primary, name *and, for a military elector, his* rank or grade, military address, branch of service and serial number. *Any elector other than a military elector shall in addition specify the nature of his employment, the address to which ballot is to be sent, relationship where necessary, and such other information as may be determined and prescribed by the Secretary of the Commonwealth.* When such application is received by the Secretary of the Commonwealth it shall be forwarded to the proper county board of election.

(c) The application *of any qualified military elector, as defined in preceding section 1301 subsection (a),* for [a military] *an official absentee* ballot in any *primary or* election may be made or information supplied over the signature of any person who is familiar with the voting qualifications of the [military] elector, as required in the preceding subsection.

(d) [The various county boards of election, upon receipt of any application, shall ascertain from the information on such application, district register or from any other source that such applicant possessed all the qualifications of a qualified elector other than being registered or enrolled.]

*The application of any qualified elector, as defined in preceding section 1301, subsections (b) to (h), inclusive, for an official absentee ballot in any primary or election shall be signed by the applicant.*

*(e) Any qualified bedridden or hospitalized veteran unavoidably absent from the State or county of his residence, regardless of whether he is registered or enrolled, may apply at any time before any primary or election for an official absentee ballot by post card, letter or other writing, addressed to the Secretary of the Commonwealth of Pennsylvania or the county board of elections of the county in which his voting residence is located.*

*The application shall contain the following information: Residence at the time of becoming bedridden or hospitalized, length of time a citizen, length of residence in Pennsylvania, date of birth, length of time a resident in voting district, voting district if known, party choice in case of primary, name and address of present residence or hospital at which hospitalized. When such application is received by the Secretary of the Commonwealth, it shall be forwarded to the proper county board of elections.*

*The application for an official absentee ballot for any primary or election may be made or information supplied over the signature of any person who is familiar with the voting qualifications of the bedridden or hospitalized veteran as required in the preceding subsection (f). Any qualified registered elector, including a spouse or dependent referred to in subsection (l) of section 1301, who expects to be or is unavoidably absent from the Commonwealth or county of his residence on the day of any primary or election and any qualified registered elector who is unable to attend his polling place on the day of any primary or election because of illness or physical disability and any qualified registered bedridden or hospitalized veteran in the county of residence, may apply to the county board of elections of the county in which his voting residence is located for an Official Absentee Ballot. Such application or request may be made upon an application form supplied by the county board of elections. Such application form shall be determined and prescribed by the Secretary of the Commonwealth of Pennsylvania.*

*(1) The application of any qualified registered elector, including spouse or dependent referred to in subsection (l), who expects to be or is unavoidably absent from the Commonwealth or county of his residence on the day of any primary or election, shall be signed by the applicant and shall include the surname and christian name or names of the applicant, his occupation, date*

*of birth, length of time a resident in voting district, voting district if known, place of residence, post office address to which ballot is to be mailed, the reason for his absence, and such other information as shall make clear to the county board of elections the applicant's right to an official absentee ballot.*

*(2) The application of any qualified registered elector who is unable to attend his polling place on the day of any primary or election because of illness or physical disability and the application of any qualified registered bedridden or hospitalized veteran in the county of residence shall be signed by the applicant and shall include surname and christian name or names of the applicant, his occupation, date of birth, residence at the time of becoming bedridden or hospitalized, length of time a resident in voting district, voting district if known, place of residence, post office address to which ballot is to be mailed, and such other information as shall make clear to the county board of elections the applicant's right to an official ballot. In addition, the application of such electors shall include a declaration stating the nature of their disability or illness and the name of their attending physician, if any, together with a supporting declaration signed by such attending physician, or, if none, by a registered elector unrelated by blood or marriage of the election district of the residence of the applicant: Provided, however, That in the event any elector entitled to an absentee ballot under this subsection be unable to sign his application because of illness or physical disability, he shall be excused from signing upon making a statement which shall be witnessed by one adult person in substantially the following form: I hereby state that I am unable to sign my application for an absentee ballot without assistance because I am unable to write by reason of my illness or physical disability. I have made or have received assistance in making my mark in lieu of my signature.*

....................... ................. *(Mark)*
          *(Date)*

........................ .......................
*(Complete Address of          (Signature of Witness)*
     *Witness)*

Section 21.  The act is amended by adding, after section 1302, three new sections to read: Act amended by adding three new sections 1302.1, 1302.2, and 1302.3.

*Section 1302.1.  Date of Application for Absentee Ballot.—*

*Applications for absentee ballots unless otherwise specified shall be received in the office of the county board of elections not earlier than fifty (50) days before the primary or election and not later than five o'clock*

*P. M. of the first Tuesday prior to the day of any primary or election: Provided, however, That in the event any elector otherwise qualified who is so physically disabled or ill on or before the first Tuesday prior to any primary or election that he is unable to file his application or who becomes physically disabled or ill after the first Tuesday prior to any primary or election and is unable to appear at his polling place or any elector otherwise qualified who because of the conduct of his business, duties or occupation will necessarily be absent from the State or county of his residence on the day of the primary or election, which fact was not and could not reasonably be known to said elector on or before the first Tuesday prior to any primary or election, shall be entitled to an absentee ballot at any time prior to five o'clock P. M. on the day preceding any primary or election upon execution of an Emergency Application in such form prescribed by the Secretary of the Commonwealth.*

*In the case of an elector who is physically disabled or ill on or before the first Tuesday prior to a primary or election or becomes physically disabled or ill after the first Tuesday prior to a primary or election, such Emergency Application shall contain a supporting affidavit from his attending physician stating that due to physical disability or illness said elector was unable to apply for an absentee ballot on or before the first Tuesday prior to the primary or election or became physically disabled or ill after that period.*

*In the case of an elector who is necessarily absent because of the conduct of his business, duties or occupation under the unforeseen circumstances specified in this subsection, such Emergency Application shall contain a supporting affidavit from such elector stating that because of the conduct of his business, duties or occupation said elector will necessarily be absent from the State or county of his residence on the day of the primary or election which fact was not and could not reasonably be known to said elector on or before the first Tuesday prior to the primary or election.*

*Section 1302.2.    Approval of Application for Absentee Ballot.—*

*(a) The county board of elections, upon receipt of any application filed by a qualified elector not required to be registered under preceding section 1301, shall ascertain from the information on such application, district register or from any other source that such applicant possesses all the qualifications of a qualified elector other than being registered or enrolled. If the board is satisfied that the applicant is qualified to receive an official absentee ballot, the application shall be marked approved. When so approved, the county board of elections shall*

*cause the applicant's name and residence (and at a primary, the party enrollment) to be inserted in the Military, Veterans and Emergency Civilians Absentee Voters File as provided in section 1302.3, subsection (b): Providing, however, That no application of any qualified elector in military service shall be rejected for failure to include on his application any information if such information may be ascertained within a reasonable time by the county board of elections.*

*(b) The county board of elections, upon receipt of any application filed by a qualified elector who is entitled, under the provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting as provided under preceding section 1301, shall ascertain from the information on such application or from any other source that such applicant possesses all the qualifications of a qualified elector. If the board is satisfied that the applicant is entitled, under the provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting and that the applicant is qualified to receive an official absentee ballot, the application shall be marked "approved." When so approved, the county board of elections shall cause the applicant's name and residence (and at a primary, the party enrollment) to be inserted in the Military, Veterans and Emergency Civilian Absentee Voters File as provided in section 1302.3 subsection (b).*

*(c) The county board of elections, upon receipt of any application of a qualified elector required to be registered under the provisions of preceding section 1301, shall determine the qualifications of such applicant by comparing the information set forth on such application with the information contained on the applicant's permanent registration card. If the board is satisfied that the applicant is qualified to receive an official absentee ballot, the application shall be marked "approved." When so approved, the registration commission shall cause the applicant's permanent registration card to be removed from the district register and the county board of elections shall cause same to be inserted in the Registered Absentee Voters File as provided in section 1302.3 subsection (a):*

*Provided, however, That the duties of the county boards of elections and the registration commissions with respect to the removal of the original registration card of any elector from the district register as set forth in section 1305 shall include only such applications as are received on or before the first Tuesday prior to the*

*primary or election. In all cases where applications are received after the first Tuesday prior to the primary or election and before five o'clock P. M. on the day prior to the primary or election, the county board of elections shall determine the qualifications of such applicant by comparing the information set forth on such application with the information contained on the applicant's duplicate registration card on file in the General Register (also referred to as the Master File) in the office of the Registration Commission and shall cause the name and residence (and at primaries, the party enrollment) to be inserted in the Military, Veterans and Emergency Civilian Absentee Voters File as provided in section 1302.3, subsection (b). In addition, the county boards of elections shall, upon canvassing the official absentee ballots under section 1308, examine the voting check list of the election district of said elector's residence and satisfy itself that such elector did not cast any ballot other than the one properly issued to him under his absentee ballot application. In all cases where the examination of the county board of elections discloses that an elector did vote a ballot other than the one properly issued to him under the absentee ballot application, the county board of elections shall thereupon cancel said absentee ballot and said elector shall be subject to the penalties as hereinafter set forth.*

*(d) In the event that any application for an official absentee ballot is not approved by the county board of elections, the elector shall be notified immediately to that effect with a statement by the county board of the reasons for the disapproval.*

*Section 1302.3. Absentee Electors Files and Lists.— (a) The county board of elections shall maintain at its office a file containing the original registration cards of every registered elector to whom an absentee ballot has been sent. Such original registration cards shall be filed by election districts and within each election district in exact alphabetical order and indexed. The registration cards so filed shall constitute the Registered Absentee Voters File for the Primary or Election of (date of primary or election) and shall be kept on file for a period commencing the Thursday prior to the day of the primary or election until the third Monday following the primary or election or the day the county board of elections certifies the returns of the primary or election, whichever date is later. Such file shall be open to public inspection at all times subject to reasonable safeguards, rules and regulations.*

*(b) The county board of elections shall post in a conspicuous public place at its office a master list arranged in alphabetical order by election districts setting forth*

*the name and residence, and at primaries, the party enrollment, of (1) every military elector to whom an absentee ballot is being sent, each such name to be prefixed with an "M"; (2) every bedridden or hospitalized veteran outside the county of his residence who is not registered and to whom an absentee ballot is being sent, each such name to be prefixed with a "V"; and (3) every registered elector who has filed his application for an absentee ballot \*too late for the extraction of his original registration card and to whom a ballot is being sent and every qualified elector who has filed his application for an absentee ballot and is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting, each such name to be prefixed with a "C." This list shall be known as the Military, Veterans and Emergency Civilians Absentee Voters File for the Primary or Election of (date of primary or election) and shall be posted for a period commencing the day of the primary or election until the third Monday following the primary or election or the day on which the county board of elections certifies the returns of the primary or election, whichever date is later. Such file shall be open to public inspection at all times subject to reasonable safeguards, rules and regulations. This posted list shall not contain any military address or reference to any military organization.*

Section 22.  Sections 1303, 1304, 1305 and 1306 of the act, added March 6, 1951 (P. L. 3), are amended to read:

<div style="float:right">Sections 1303, 1304, 1305 and 1306 of act, added March 6, 1951, P. L. 3, amended.</div>

Section 1303.  Official [Military] *Absentee Voters* Ballots.—(a) [Ballots] *In districts in which ballots are used, the ballots* for use by such [military] *absentee* electors under the provisions of this act shall be [prepared sufficiently in advance by the county boards of election and] *the official ballots printed in accordance with sections 1002 and 1003: Provided, however, That the county board of elections when detaching the official ballots for absentee electors shall be required to indicate on the stub of each ballot so detached the name of the applicant to which that precise ballot is being sent. The county board of elections shall also be required to remove the numbered stub from each such ballot and shall thereupon print, stamp or endorse in red color upon such official ballots the words, Official Absentee Ballot. Such ballots* shall be distributed by such boards as hereinafter provided. [Such ballots shall be marked "Official Military Ballot" but shall not be numbered and shall otherwise be in substantially the form for ballots required by

\* "to" in original.

article ten of this act, which form shall be determined and prescribed by the Secretary of the Commonwealth.]

(b) *In districts in which voting machines are used and in those districts in which paper ballots are used and the county board of elections therein do not print official absentee ballots in accordance with sections 1002 and 1003, the ballots for use by such absentee electors under the provisions of this act shall be prepared sufficiently in advance by the county board of elections and shall be distributed by such boards as hereinafter provided. Such ballots shall be marked Official Absentee Ballot but shall not be numbered and shall otherwise be in substantially the form for ballots required by article ten of this act, which form shall be determined and prescribed by the Secretary of the Commonwealth.*

In cases where there is not time, in the opinion of the county boards of election, to print on said ballots the names of the various candidates for district, county, and local offices, the ballots shall contain blank spaces only under the titles of such offices in which electors may insert the names of the candidates for whom they desire to vote, and in such cases the county boards of election shall furnish to electors lists containing the names of all the candidates *named in nomination petitions* or who have been regularly nominated under the provisions of this act, for the use of such electors in preparing their ballots.

Section 1304.  Envelopes for Official [Military] *Absentee* Ballots.—

The county boards of election shall provide two additional envelopes for each official [military] *absentee* ballot of such size and shape as shall be prescribed by the Secretary of the Commonwealth, in order to permit the placing of one within the other and both within the mailing envelope. On the smaller of the two envelopes to be enclosed in the mailing envelope shall be printed, stamped or endorsed the words "Official [Military] *Absentee* Ballot," and nothing else. On the larger of the two envelopes, to be enclosed within the mailing envelope, shall be printed the [affidavit] *form of the declaration* of the elector, [together with the jurat of the person in whose presence, the ballot is marked and before whom the affidavit is made,] and the name and address of the county board of election of the proper county. Said [affidavit, jurat] *form of declaration* and envelope shall be [in the form] *as* prescribed by the Secretary of the Commonwealth and shall contain among other things a statement of *the* elector's qualifications, *together with a statement that such elector has not already voted in such primary or election.* The mailing envelope addressed to the elector shall contain the two

envelopes, the official [military] *absentee* ballot, lists of candidates when authorized by section 1303 *subsection (b)* of this act, the uniform instructions in form and substance as prescribed by the Secretary of the Commonwealth and nothing else: *Provided, however, That envelopes for electors qualified under preceding section 1301, \*subsections (a) to (h), inclusive, shall have printed across the face of each transmittal or return envelope two parallel horizontal red bars, each one-quarter inch wide, extending from one side of the envelope to the other side, with an intervening space of one-quarter inch, the top bar to be one and one-quarter inches from the top of the envelope and with the words "Official Election Balloting Material via Air Mail" between the bars; that there be printed, in the upper right corner of each such envelope in a box, the words "Free of U. S. Postage, Including Air Mail;" that all printing on the face of each such envelope be in \*\*red, and that there be printed in red, in the upper left corner of each such envelope, the name and address of the county board of elections of the proper county or blank lines for return address of the sender:*

*Provided further, That the aforesaid envelope addressed to the elector may contain absentee registration forms and instructions where required, together with return envelope upon which is printed the name and address of the registration commission of the proper county, which envelope shall have printed across the face two parallel horizontal red bars, each one-quarter inch wide, extending from one side of the envelope to the other side, with an intervening space of one-quarter inch, the top bar to be one and one-quarter inches from the top of the envelope and with the words "Official Election Balloting Material via Air Mail" between the bars; that there be printed in the upper right corner of each such envelope in a box the words "Free of U. S. Postage, Including Air Mail," and, in the upper left corner of each such envelope, blank lines for return address of the sender; that all printing on the face of each such envelope be in red.*

Section 1305. [Duties of County Boards] *Delivering or Mailing Ballots.—*

(a) The county boards of election *upon receipt of an application filed by any elector qualified in accordance with the provisions of section 1301, subsections (a) to (h), inclusive,* shall [at least twenty-five days prior to the election] *as soon as possible after the respective district ballots are printed and in no event later than the second Tuesday prior to the day of the primary or elec-*

---

\* "subsection" in original.
\*\* "read" in original.

*tion commence to* deliver or mail official [military] *absentee* ballots to all *such* electors whose [names and addresses] *applications* have been [ascertained] *approved;* as additional [names and addresses] *applications* of *such* electors are [ascertained] *received*, the board shall deliver or mail official [military] *absentee* ballots to such additional electors within forty-eight hours after [ascertaining] *approval of* their [names and addresses] *application.*

(b) [Each county board of election shall post in a conspicuous public place at its office a master list, arranged alphabetically by election districts, setting forth the name, residence and local voting district or ward of every elector to whom an official military ballot has been sent. This posted list shall not contain the elector's military address or military organization. This list shall be known as the "Military File" and shall be posted at least five days before the election day involved, and shall also set forth the total number of such ballots prepared for use in such election. Copies of such military files shall be furnished upon request to the county chairman of each political party and political body, and shall also be furnished to registration commissions.]

*The county board of elections upon receipt and approval of an application filed by any elector qualified in accordance with the provisions of section 1301, subsections (i) to (l), inclusive, shall commence to deliver or mail official absentee ballots on the second Tuesday prior to the primary or election. As additional applications are received and approved, the board shall deliver or mail official absentee ballots to such additional electors within forty-eight hours.*

Section 1306. Voting by *Absentee* Electors [in Actual Military Service].—*(a)* At any time after receiving an official [military] *absentee* ballot, but on or before the day of the *primary or* election, the elector [, for the purpose of voting, may appear before any person of this or any other state or territory of the United States authorized to administer oaths by Federal, State or military laws. The elector shall first display the ballot to such person as evidence that the same is unmarked, and then] shall, *in secret,* proceed to mark the ballot [with] *only in black lead* pencil, [crayon,] indelible pencil or *blue, black or blue-black* ink, *in fountain pen or ball point pen,* [in the presence of such person, but in such manner that the person administering the oath is unable to see how the same is marked,] and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed "Official [Military] *Absentee* Ballot." This envelope shall then be placed in the second one, on which is printed

the [affidavit] *form of declaration* of the elector, [the jurat of the person before whom the elector appears,] and the address of the elector's county board of election. The elector shall then fill out, [subscribe] *date* and [swear to] *sign* the [affidavit] *declaration* printed on such envelope [, and the jurat shall be subscribed and dated by the person before whom the affidavit was taken]. Such envelope shall then be securely sealed and the elector shall send same by mail *postage prepaid, except where franked, or deliver it in person or by representative* to said county board of election:

*Provided, however, That any elector, spouse of the elector or dependent of the elector, qualified in accordance with the provisions of section 1301, subsections (e), (f), (g) and (h) to vote by absentee ballot as herein provided, shall be required to include on the form of declaration a supporting declaration in form prescribed by the Secretary of the Commonwealth, to be signed by the head of the department or chief of division or bureau in which the elector is employed, setting forth the identity of the elector, spouse of the elector or dependent of the elector:*

*Provided further, That any elector who has filed his application in accordance with section 1302, subsection \*(f) (2), and is unable to sign his declaration because of illness or physical disability, shall be excused from signing upon making a declaration which shall be witnessed by one adult person in substantially the following form: I hereby declare that I am unable to sign my declaration for voting my absentee ballot without assistance because I am unable to write by reason of my illness or physical disability. I have made or received assistance in making my mark in lieu of my signature.*

...........................*(Mark)*

................................
*(Date)*

................................
*(Signature of Witness)*

................................
*(Complete Address of Witness)*

*(b) In the event that any such elector, excepting an elector in military service or any elector unable to go to his polling place because of illness or physical disability, entitled to vote an official absentee ballot shall be in the county of his residence on the day for holding the primary or election for which the ballot was issued, or in the event any such elector shall have recovered from his illness or physical disability sufficiently to permit him to present himself at the proper polling place for the purpose of casting his ballot, such absentee bal-*

---

\* "(g)" in original.

*lot cast by such elector shall, upon challenge properly sustained, be declared void.*

*However, any such elector referred to in this subsection, who is within the county of his residence, shall be permitted to vote upon presenting himself at his regular polling place in the same manner as he could have voted had he not received an absentee ballot: Provided, That such elector has first presented himself before the court of common pleas of his county between the hours of seven o'clock A. M. and five o'clock P. M. on the day of any primary or election and has procured an "Emergency Voting Form" signed by the court, which form entitles the elector to vote at his regular polling place upon the signing of a voter's certificate: Provided, however, That the court may require the surrender of said elector's absentee ballot where he has not already voted, which shall thereupon be marked "cancelled" by said court and transmitted to the county board of elections. In the event such elector has already voted, then the court shall direct the county board of elections to set such ballot aside unopened.*

**Act amended by adding a new section 1306.1.**        Section 23.  The act is amended by adding, after section 1306, one new section to read:

*Section 1306.1.  Assistance in Voting by Certain Absentee Electors.—*

*Any elector qualified to vote an official absentee ballot in accordance with the provisions of section 1301, subsection (k), may receive assistance in voting (1) if there is recorded on his registration card his declaration that he has a physical disability which renders him unable to see or mark the official absentee ballot, the exact nature of such disability being recorded on such registration card; (2) if such elector requiring assistance submits with his application for an official absentee ballot, a statement setting forth the precise nature of the disability which renders him unable to see or mark the official absentee ballot and that to the best of his knowledge and belief he will still suffer from the said physical disability at the time of voting his official absentee ballot. He shall acknowledge the same before an officer qualified to take acknowledgement of deeds. Such statement shall be in substantially the following form:*

*Statement of Absentee Elector Requiring Assistance*
*I, .................................., hereby state*
*    (Name of voter requiring assistance)*
*that I require assistance in marking the official absentee ballot for the primary or election held ..............,*
*                                                (Date)*

19..., that will be issued to me for the following reason:

..........................................
*(Insert nature of disability)*

..........................................
*(Signature or mark of elector)*

..........................................
*(Date of signature or mark)*

Commonwealth of Pennsylvania:}
County of ...................:} ss

On this ........ day of ........., 19..., before me,
.................., the undersigned officer personally
appeared .................., known to me (or satis-
factorily proven) to be the person whose signature or
mark appears on the within instrument and acknowl-
edged the same for the purposes therein contained.

In witness whereof, I have hereunto set my hand and
official seal

..........................................
*(Title of Officer)*

Upon receipt of the official absentee ballot, such elector
requiring assistance may select an adult person to assist
him in voting such assistance to be rendered in secret.
The adult person rendering the assistance in voting
should be required to fill out, date and sign the declara-
tion in such form approved by the Secretary of the Com-
monwealth, or substantially in the form as set forth be-
low, as he has caused the elector's ballot to be marked
in accordance with such elector's desires and instruc-
tion. Such declaration form shall be returned to the
county board of elections in the mailing envelope ad-
dressed to the county board of elections within which
the small "official absentee ballot" is returned.

Declaration of Person Rendering Assistance

I, .........................., an adult per-
*(Name of Person rendering assistance)*
son hereby declare that I have witnessed the aforesaid
elector's signature or mark and that I have caused the
aforesaid elector's ballot to be marked in accordance
with the desires and instructions of the aforesaid elector.

..........................................
*(Signature of Person Rendering Assistance)*

..........................................
*(Address)*

Section 24.  Sections 1307, 1308 and 1309 of the act, added March 6, 1951 (P. L. 3), are amended to read:

*Sections 1307, 1308 and 1309 of act, added March 6, 1951, P. L. 3, amended.*

Section 1307.  [Military] *Certain* Electors Voting in Districts of Residence.—

(a) Whenever any qualified elector in actual military service is present in his voting district of residence on any primary, *special,* municipal or general election day and has not already voted in such election, he may apply [to his district election board] *in person at the office of the county board of election of the county of his residence and he shall then and there execute his application* for an official *absentee* ballot [and vote it in such election].

(b) Each such application shall be in the form and shall contain the information required by this act together with a statement by the applicant that he has not already voted in the election. [All such applications shall be transmitted to the county board of election immediately upon the closing of the polls.]
*The county board of elections shall ascertain from the information on such application or from any other source that such applicant possesses all the qualifications of a qualified elector other than being registered or enrolled. If the board is satisfied that the applicant is qualified to receive an official absentee ballot, the application shall be marked "Approved." When so approved, the county board of elections shall cause the applicant's name and residence (and at primaries, the party enrollment) to be inserted in the "Military, Veterans and Emergency Civilian Absentee Voters File" as provided in section 1302.3 subsection (b).*

(c) Upon receiving an official *absentee* ballot and envelopes therefor, he shall, in secret, in the [polling place] *office of the county board of elections* vote the ballot and [prepare it for execution of the affidavit and jurat] *execute the declaration* as prescribed by this act. [The affidavit shall be executed before the judge or either inspector of election, and the jurat subscribed by the person before whom the affidavit is taken.] The [military] elector shall then securely seal the second envelope and hand it to the [judge] *chief clerk of the county board* of election *who shall securely keep same in accordance with the provisions of section 1308.* [The judge of election shall place all such envelopes in a container marked "Official Military Ballots" which shall be sealed immediately upon the closing of the polls and transmitted to the county board of election.

(d) Each district election board shall prepare a separate list of the names of all such voters, which shall be attached to the lists of voters required by the act to which this is an amendment.

(e) Each county board of election shall prepare and deliver to each district election board on such election days an adequate supply of official ballots, envelopes and other supplies as required by this act.

(f) Each county board of election, before the day fixed by this act for the canvassing of official ballots, shall post, attached to the "Military File," an alphabetically arranged list setting forth the name, residence, the local voting district and ward of every military elector voting under the provisions of this section. The list shall not contain the elector's military address or military organization. Copies of such lists may be furnished as in the case of copies of the military file.]

Section 1308.   Canvassing of Official [Military] *Absentee* Ballots.—

(a) The county boards of election, upon receipt of official [military] *absentee* ballots in such envelopes, shall safely keep the same *in sealed or locked containers* until they meet to canvass official [military] *absentee* ballots, which canvass shall begin immediately following the official civilian canvass for [all] *the* primary or [elections] *November election or the second Friday following the primary or November election, whichever date is later.* [After the November election, the canvass of official military ballots shall begin at ten o'clock A. M., Eastern Standard Time, on the second Friday following the election.] *Said canvass to commence at ten o'clock A. M., Eastern Standard Time.* No such ballots shall be counted which are received in their offices later than ten o'clock A. M., Eastern Standard Time, of the second Friday following the primary election or the November election. At such time the members of the return boards or the county boards of election shall in person dispose of official [military] *absentee* ballots in the manner hereinafter set forth. The county boards of election may designate a sufficient number of clerks to perform such duties. When it is determined that clerks shall be appointed, the total number shall in every case be in multiples of three, and each member of a county board of elections shall appoint an equal number thereof.

(b) Each candidate for nomination or election shall be entitled to appoint one watcher and each political party or body which has nominated candidates shall be entitled to appoint three watchers. Watchers shall be permitted to be present when the envelopes containing official [military] *absentee* ballots are opened and when such ballots are counted and recorded.

(c) In disposing of an official [military] *absentee* ballot the county return board or the county board of election shall examine the [affidavit and jurat] *declaration* and if the [jurat] *same* bears a date later than the date of [the] *such primary or* election, the envelope shall be set aside unopened.

(d) *Whenever it shall appear by due proof that any absentee elector who has returned his ballot in accordance with the provisions of this act has died prior to the opening of the polls on the day of the primary or election, the ballot of such deceased elector shall be rejected by the canvassers but the counting of the ballot of an elector thus deceased shall not of itself invalidate any nomination or election.*

(e) The board shall then further examine the [affidavit and jurat of] *declaration on* each envelope not so set aside and shall compare the information thereon with that contained in the "*Registered Absentee Voters File*" *and the* "*Military, Veterans and Emergency Civilians Absentee Voters File*" [military file]. If the board is satisfied that the [affidavit and jurat are] *declaration is* sufficient and that the elector has qualified, and the board has utilized the information contained in the [military] "*Registered Absentee Voters File*" *and the* "*Military, Veterans and Emergency Civilians Absentee Voters File*" [file] to verify his right to vote, the board shall announce the name of the elector and shall give any [person] *watcher* present an opportunity to challenge in like manner and for the same cause, except *the* failure *of qualified electors set forth in preceding section 1301,* *subsections (a) to (i), inclusive,* to register or enroll, as the elector could have been challenged had he presented himself in his own district to vote other than by official [military] *absentee* ballot: *Provided further, That any watcher may challenge any absentee elector upon the ground or grounds (1) that the absentee elector is not a qualified absentee elector as defined in this act; or (2) that the absentee elector was within the county of his residence on the day of the primary or election during the period the polls were open, except where he was in military service or except in the case where his ballot was obtained for the reason that he was unable to appear personally at the polling place because of illness or physical disability; or (3) that the absentee elector was able to appear personally at the polling place on the day of the primary or election during the period the polls were open in the case his ballot was obtained for the reason that he was unable to appear personally at the polling place because of illness or physical disability. Upon challenge of any absentee elector, the board shall mark "challenged" on the envelope together with the reason or reasons therefor, and the same shall be set aside unopened pending decision.* [If no challenges are sustained] *Thereupon,* the board shall open the envelope *of every unchallenged absentee elector* in such manner as not to destroy the [affidavit and jurat

---

* "subsection" in original.

printed] *declaration executed* thereon. All *of such en-*velopes on which are printed, stamped or endorsed the words "Official [Military] *Absentee* Ballot" shall be placed in one or more depositories at one time and said depository or depositories well shaken and the envelopes mixed before any envelope is taken therefrom. The board shall then break the seals of such envelopes, re-move the ballots and record the votes in the same manner as district election officers are required to record votes. *With respect to the challenged ballots, the board shall fix a time and place for a formal hearing of all such challenges and notice shall be given where possible to all absentee electors thus challenged and to every at-torney, watcher or candidate who made such challenge. The time for the hearing shall not be later than ten (10) days after the date of challenge. On the day fixed for said hearing, the board shall proceed without delay to hear said challenges and, in hearing the testimony, the board shall not be bound by technical rules of evidence. The testimony presented shall be stenographically re-corded and made part of the record of the hearing. The decision of the board in upholding or dismissing any challenge may be reviewed by the court of common pleas of the county upon a petition filed by any person ag-grieved by the decision of the county board. Such appeal shall be taken, within two (2) days after such decision shall have been made, whether reduced to writing or not, to the court of common pleas setting forth the ob-jections to the board's decision and praying for an order reversing same. Pending the final determination of all appeals, the board shall suspend any action in canvassing and computing all challenged ballots irrespective of whether or not appeal was taken from the board's de-cision.* Upon completion of the computation of the re-turns of the county, the votes cast upon the official [military] *absentee* ballots shall be added to the other votes cast within the county.

Section 1309.  Public Records.—

All official [military] *absentee* ballots, [military] files, applications for such ballots and envelopes on which the *executed* [jurats and affidavits] *declarations* appear, and all information and lists are hereby designated and de-clared to be public records and shall be safely kept for a period of two years, except that no information *con-cerning a military elector* shall be made public which is expressly forbidden by the War Department because of military security.

Section 25.  Section 1853 of the act, amended Janu-ary 8, 1960 (P. L. 2135), is amended to read:

Section 1853.  Violations of Provisions Relating to Absentee Electors Ballots.—If any person shall sign an

Section 1853 of act, amended January 8, 1960. P. L. 2135, further amended.

application for absentee ballot or declaration of elector on the [form] *forms* prescribed [by section 1302-B] knowing any matter declared therein to be false, or shall vote any ballot other than one properly issued to him, or vote or attempt to vote more than once in any election for which an absentee ballot shall have been issued to him, or shall violate any other provisions of Article XIII [-B] of this act, he shall be guilty of a misdemeanor, and, upon conviction, shall be sentenced to pay a fine not exceeding one thousand dollars ($1000), or be imprisoned for a term not exceeding one year, or both, at the discretion of the court.

If any chief clerk or member of a board of elections, member of a return board or member of a board of registration commissioners, shall neglect or refuse to perform any of the duties prescribed by Article XIII [-B] of this act, or shall reveal or divulge any of the details of any ballot cast in accordance with the provisions of Article XIII [-B] of this act, or shall count an absentee ballot knowing the same to be contrary to Article XIII [-B], or shall reject an absentee ballot without reason to believe that the same is contrary to Article XIII [-B], or shall permit an elector to cast his ballot at a polling place knowing that there has been issued to the elector an absentee ballot, he shall be guilty of a misdemeanor, and, upon conviction, shall be punished by a fine not exceeding one thousand dollars ($1000), or be imprisoned for a term of one year, or both, at the discretion of the court.

**Articles XIII-A and XIII-B of act repealed.**  Section 26.  Articles XIII-A and XIII-B of the act and its amendments are repealed.

All other acts or parts of acts are hereby repealed in so far as they are inconsistent with the provisions of this act.

**Cities of first class.**  Section 27.  Cities of the first class and counties are hereby authorized and empowered to appropriate the moneys necessary to carry out the provisions of this amendment.

**Effective date.**  Section 28.  This act shall take effect January 1, 1964.

APPROVED—The 13th day of August, A. D. 1963.

WILLIAM W. SCRANTON

———

No. 380

AN ACT

Amending the act of April 29, 1937 (P. L. 487), entitled, as amended, "An act to provide for the permanent personal registration of electors in cities of the second class, cities of the sec-

monwealth, subject to the limitations provided in any current capital budget, money not exceeding in the aggregate the sum of [twenty-four million one hundred seventy thousand dollars ($24,170,000)] <u>twenty-four million two hundred eighty-three thousand six hundred ninety dollars ($24,283,690)</u> as may be found necessary to carry out the acquisition and construction of transportation assistance projects heretofore specifically itemized in a capital budget.

Section 2.  This act shall take effect immediately.

APPROVED—The 11th day of December, A. D. 1968.

<div align="right">RAYMOND P. SHAFER.</div>

---

<div align="center">

No. 375

AN ACT

</div>

**HB 1908**

Amending the act of June 3, 1937 (P. L. 1333), entitled "An act concerning elections, including general, municipal, special and primary elections, the nomination of candidates, primary and election expenses and election contests; creating and defining membership of county boards of elections; imposing duties upon the Secretary of the Commonwealth, courts, county boards of elections, county commissioners; imposing penalties for violation of the act, and codifying, revising and consolidating the laws relating thereto; and repealing certain acts and parts of acts relating to elections," revising provisions relating to absentee voting and providing penalties.

The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows:

Section 1.  Subclauses (9) and (10) of clause (w) of section 102, act of June 3, 1937 (P. L. 1333), known as the "Pennsylvania Election Code," added or amended August 13, 1963 (P. L. 707), are amended, and section 102 is amended by adding after clause (a), [1] and clause (r) [2] respectively [3] new clauses, to read:

Section 102.  Definitions.—The following words, when used in this act, shall have the following meanings, unless otherwise clearly apparent from the context:

* * *

(a. 1) "Canvass" includes gathering the ballots after the election and counting, computing and tallying the votes.

---

[1] "and" not in original.
[2] "respectively" not in original.
[3] "and clause (z-2)" in original.

\* \* \*

(r. 1) "Public institution" means institutions primarily maintained by the Federal, State or local governments and includes but is not limited to veterans' hospitals and homes, State hospitals, poorhouses and county homes.

\* \* \*

(w) The words "qualified absentee elector" shall mean:

\* \* \*

(9) Any qualified war veteran elector who is bedridden or hospitalized due to illnes or physical disability if he is [unavoidably] absent from the Commonwealth or county of his residence and unable to attend his polling place because of such illness or physical disability regardless of whether he is registered and enrolled; or

(10) Any qualified, registered and enrolled elector who expects to be or is [unavoidably] absent from the Commonwealth or county of his residence because his duties, occupation or business require him to be elsewhere during the entire period the polls are open for voting on the day of any primary or election; or

\* \* \*

Section 2.    Clause (z-2) of section 102 of the act is repealed.

Section 8.    Section 102 of the act, amended August 13, 1968 (P. L. 707), is amended by adding at the end thereof, a new clause to read:

[1] Section 102. Definitions—The following words, when used in this act, shall have the following meanings, unless otherwise clearly apparent from the context:

\* \* \*

(z-8) The words "duties, occupation or business" shall include leaves of absence for teaching or education, vacations, sabbatical leaves, and all other absences associated with the elector's duties, occupation or business, and also include an elector's spouse who accompanies the elector.

Section 4.    Subsections (i) and (j) of section 1801 of the act, amended August 13, 1968 (P. L. 707), are amended to read:

Section 1301.    Qualified Absentee Electors.—The following persons shall be entitled to vote by an official absentee ballot in any primary or election held in this Commonwealth in the manner hereinafter provided:

---

[1] "Section 102. Definitions.—The following words, when used in this act, shall have the following meanings, unless otherwise clearly apparent from the context:" not in original.

SESSION OF 1968.                    Act No. 375        1185

        \* \* \*

(i) Any qualified war veteran elector who is bedridden or hospitalized due to illness or physical disability if he is [unavoidably] absent from the Commonwealth or county of his residence and unable to attend his polling place because of such illness or physical disability regardless of whether he is registered and enrolled; or

(j) Any qualified registered and enrolled elector who expects to be or is [unavoidably] absent from the Commonwealth or county of his residence because his duties, occupation or business require him to be elsewhere during the entire period the polls are open for voting on the day of any primary or election; or

        \* \* \*

Section 5.  Subsections (a), (b), (c) and (e) of section 1302 of the act, amended August 13, 1963 (P. L. 707), are amended to read:

Section 1302.  Applications for Official Absentee Ballots.—(a) Any qualified elector defined in preceding section 1301, subsections (a) to (h), inclusive, may apply at any time before any primary or election for any official absentee ballot in person, on [post card application or] any [other] form supplied by the Federal Government, or [by post card, letter or other writing,] on any official county board of election form addressed to the Secretary of the Commonwealth of Pennsylvania or the county board of election of the county in which his voting residence is located. An application shall be issued only to an elector who appears in person at the office of the county board of election and signs for the application, or who, by mail, requests an application with a written and signed communication. No more than one application for an absentee ballot shall be issued to any elector. A copy of the request for the application shall be kept on record at the office of the county board of election.

(b) The application shall contain the following information: Home residence at the time of entrance into actual military service or Federal employment, length of time a citizen, length of residence in Pennsylvania, date of birth, length of time a resident of voting district, voting district if known, party choice in case of primary, name and, for a military elector, his [rank or grade,] stateside military address, [branch of service] FPO or APO number and serial number. Any elector other than a military elector shall in addition specify the nature of his employment, the address to which ballot is to be sent, relationship where necessary, and such other information as may be

determined and prescribed by the Secretary of the Commonwealth. When such application is received by the Secretary of the Commonwealth it shall be forwarded to the proper county board of election.

(c) The application of any qualified military elector, as defined in preceding section 1801 subsection (a), for an official absentee ballot in any primary or election may not be made [or information supplied] over the signature of any person [who is familiar with the voting qualifications of the elector], other than the qualified elector or an adult member of his immediate family, as required in the preceding subsection.

\* \* \*

(e) Any qualified bedridden or hospitalized veteran [unavoidably] absent from the State or county of his residence and unable to attend his polling place because of such illness or physical disability, regardless of whether he is registered or enrolled, may apply at any time before any primary or election for an official absentee ballot [by post card, letter or other writing,] on any official county board of election form addressed to the Secretary of the Commonwealth of Pennsylvania or the county board of elections of the county in which his voting residence is located. The request for an application shall be in writing, signed and transmitted by mail.

The application shall contain the following information: Residence at the time of becoming bedridden or hospitalized, length of time a citizen, length of residence in Pennsylvania, date of birth, length of time a resident in voting district, voting district if known, party choice in case of primary, name and address of present residence or hospital at which hospitalized. When such application is received by the Secretary of the Commonwealth, it shall be forwarded to the proper county board of elections.

The application for an official absentee ballot for any primary or election [may] shall be made [or] on information supplied over the signature [of any person who is familiar with the voting qualifications] of the bedridden or hospitalized veteran as required in the preceding subsection [(f)]. Any qualified registered elector, including a spouse or dependent referred to in subsection [1](l) of section 1801, who expects to be or is [unavoidably] absent from the Commonwealth or county of his residence because his duties, occupation or business require him to be elsewhere on the day of any primary or election and any qualified registered elector who is unable to attend his polling place on the day of any primary or election because of illness or

[1] "(1)" in original.

physical disability and any qualified registered bedridden or hospitalised veteran in the county of residence, may apply to the county board of elections of the county in which his voting residence is located for an Official Absentee Ballot. Such application [or request may] shall be made upon an official application form supplied by the county board of elections. Such official application form shall be determined and prescribed by the Secretary of the Commonwealth of Pennsylvania. An application shall be issued only to an elector who appears in person at the office of the county board of election and signs for the application, or who, by mail, requests an application with a written and signed communication. A copy of the request for the application shall be kept on record at the office of the county board of elections.

(1) The application of any qualified registered elector, including spouse or dependent referred to in subsection [1](1) of section 1301, who expects to be or is [unavoidably] absent from the Commonwealth or county of his residence because his duties, occupation or business require him to be elsewhere on the day of any primary or election, shall be signed by the applicant and shall include the surname and christian name or names of the applicant, his occupation, date of birth, length of time a resident in voting district, voting district if known, place of residence, post office address to which ballot is to be mailed, the reason for [2]his absence, and such other information as shall make clear to the county board of elections the applicant's right to an official absentee ballot.

(2) The application of any qualified registered elector who is unable to attend his polling place on the day of any primary or election because of illness or physical disability and the application of any qualified registered bedridden or hospitalized veteran in the county of residence shall be signed by the applicant and shall include surname and christian name or names of the applicant, his occupation, date of birth, residence at the time of becoming bedridden or hospitalized, length of time a resident in voting district, voting district if known, place of residence, post office address to which ballot is to be mailed, and such other information as shall make clear to the county board of elections the applicant's right to an official ballot. In addition, the application of such electors shall include a declaration stating the nature of their disability or illness, and the name of their attending physician, if any, together with a supporting dec-

---

[1] "(1)" in original.
[2] "this" in original.

laration signed by such attending physician, or, if none, by a registered elector unrelated by blood or marriage of the election district of the residence of the applicant: Provided, however, That in the event any elector entitled to an absentee ballot under this subsection be unable to sign his application because of illness or physical disability, he shall be excused from signing upon making a statement which shall be witnessed by one adult person in substantially the following form: I hereby state that I am unable to sign my application for an absentee ballot without assistance because I am unable to write by reason of my illness or physical disability. I have made or have received assistance in making my mark in lieu of my signature.

. . . . . . . . . . . . . . . . . . . . . . . . . . .          . . . . . . . . . . . . . . . . . . . . . . (Mark)
             (Date)

. . . . . . . . . . . . . . . . . . . . . . . . . . .          . . . . . . . . . . . . . . . . . . . . . . . . .
(Complete Address of Witness)          (Signature of Witness)

No more than one application for an absentee ballot shall be issued to any elector. A copy of the request for the application shall be kept on record at the office of the county board of election.

Section 6.   Section 1302 of the act is amended by adding after subsection (e), three new subsections to read:

Section 1302.   Applications for Official Absentee [1] Ballots.—* * *

(f) The county chairman of each political party or the head of each political body shall designate one representative from his respective political party or body for each public institution. The representatives so appointed shall, at the same time on a date fixed by the county board of election visit every public institution situate in the county for the purpose of obtaining the names and addresses of public institution residents who desire to receive applications for absentee ballots and to act as an election board as provided in subsection (g) of this section. The list of names and addresses thus obtained shall then be submitted by said representatives to the board which shall furnish applications individually to those appearing in the written request. If the chairman or head of a political party or body fails to appoint a representative within fifteen days from written

---

[1] "Ballot" in original.

notice from the county board of election, the county board of election shall appoint a representative from the political party or body.

(g) The county board of election shall appoint teams of three members for each public institution that shall go to the public institutions and hold the election on the first Friday prior to election day. Each member of the board shall appoint one member on every team. After the votes are cast, the teams shall collect the ballots and return them to the county board of election where they shall be placed unopened in a secure, safe and sealed container in the custody of the board until they shall be distributed to the respective absentee voters' election district as provided in section 1308 of this act where they shall be counted with the other absentee ballots, if any.

(h) The county board of election shall number, in chronological order, the applications for an official absentee ballot, which number shall likewise appear on the official absentee ballot for the qualified elector. The numbers shall appear legibly and in a conspicuous place but before the ballots are distributed the number on the ballot shall be torn off by the county board of election. This number information shall be appropriately inserted and become a part of the Registered Absentee Voters File and the Military, Veterans and Emergency Civilian Absentee Voters File provided in section 1302.3 of this act.

Section 7. Sections 1302.1, 1302.2 and 1302.3 of the act, added August 13, 1963 (P. L. 707), are amended to read:

Section 1302.1. Date of Application for Absentee Ballot.—

Applications for absentee ballots unless otherwise specified shall be received in the office of the county board of elections not earlier than fifty (50) days before the primary or election and not later than five o'clock P. M. of the first Tuesday prior to the day of any primary or election: Provided, however, That in the event any elector otherwise qualified who is so physically disabled or ill on or before the first Tuesday prior to any primary or election that he is unable to file his application or who becomes physically disabled or ill after the first Tuesday prior to any primary or election and is unable to appear at his polling place or any elector otherwise qualified who because of the conduct of his business, duties or occupation will necessarily be absent from the State or county of his residence on the day of the primary or election, which fact was not and could not

reasonably be known to said elector on or before the first Tuesday prior to any primary or election, shall be entitled to an absentee ballot at any time prior to five o'clock P. M. on the [day] first Friday preceding any primary or election upon execution of an Emergency Application in such form prescribed by the Secretary of the Commonwealth.

In the case of an elector who is physically disabled or ill on or before the first Tuesday prior to a primary or election or becomes physically disabled or ill after the first Tuesday prior to a primary or election, such Emergency Application shall contain a supporting affidavit from his attending physician stating that due to physical disability or illness said elector was unable to apply for an absentee ballot on or before the first Tuesday prior to the primary or election or became physically disabled or ill after that period.

In the case of an elector who is necessarily absent because of the conduct of his business, duties or occupation under the unforeseen circumstances specified in this subsection, such Emergency Application shall contain a supporting affidavit from such elector stating that because of the conduct of his business, duties or occupation said elector will necessarily be absent from the State or county of his residence on the day of the primary or election which fact was not and could not reasonably be known to said elector on or before the first Tuesday prior to the primary or election.

Section 1302.2.   Approval of Application for Absentee Ballot.—

(a) The county board of elections, upon receipt of any application filed by a qualified elector not required to be registered under preceding section 1301, shall ascertain from the information on such application, district register or from any other source that such applicant possesses all the qualifications of a qualified elector other than being registered or enrolled. If the board is satisfied that the applicant is qualified to receive an official absentee ballot, the application shall be marked approved such approval decision shall be final and binding except that challenges may be made only on the ground that the applicant did not possess qualifications of an absentee elector. Such challenges must be made to the county board of elections prior to 5:00 o'clock P. M. on the first Friday prior to the election. When so approved, the county board of elections shall cause the applicant's name and residence (and at a primary, the party enrollment) to be inserted in the Military, Veterans and Emergency Civilians Absentee Voters File as provided in section 1302.3, subsection (b): Providing, however, That no application of any qualified elector in military service shall be rejected for failure to include on his application any information if such information may be ascertained within a reasonable time by the county board of elections.

(b) The county board of elections, upon receipt of any application filed by a qualified elector who is entitled, under the provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting as provided under preceding section 1301, shall ascertain from the information on such application or from any other source that such applicant possesses all the qualifications of a qualified elector. If the board is satisfied that the applicant is entitled, under the provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting and that the applicant is qualified to receive an official absentee ballot, the application shall be marked "approved." Such approval decision shall be final and binding except that challenges may be made only on the ground that the applicant did not possess the qualifications of an absentee elector prior to or concurrently with the time of voting. Such challenges must be made to the county board of elections prior to 5:00 o'clock P. M. on the first Friday prior to the election. When so approved, the county board of elections shall cause the applicant's name and residence (and [1] at a primary, the party enrollment) to be inserted in the Military, Veterans and Emergency Civilian Absentee Voters File as provided in section 1302.3 subsection (b).

(c) The county board of elections, upon receipt of any application of a qualified elector required to be registered under the provisions of preceding section 1301, shall determine the qualifications of such applicant by comparing the information set forth on such application with the information contained on the applicant's permanent registration card. If the board is satisfied that the applicant is qualified to receive an official absentee ballot, the application shall be marked "approved." Such approval decision shall be final and binding, except that challenges may be made only on the ground that the applicant did not possess the qualifications of an absentee elector. Such challenges must be made to the county board of elections prior to 5:00 o'clock P. M. on the first Friday prior to the election. When so approved, the registration commission shall cause [the applicant's permanent registration card to be removed from the district register and the county board of elections shall cause same to be inserted in the Registered Absentee Voters File as provided in section 1302.3 subsection (a):] an absentee voter's temporary registration card to be inserted in the district register on top of and along with the

---

[1] "at" not in original.

permanent registration card. The absentee voter's temporary registration card shall be in the color and form prescribed in subsection (e) of this section:

Provided, however, That the duties of the county boards of elections and the registration commissions with respect to the [removal] insertion of the [original] absentee voter's temporary registration card of any elector from the district register as set forth in section [1305] 1302.2 shall include only such applications and emergency applications as are received on or before the first Tuesday prior to the primary or election. In all cases where applications are received after the first Tuesday prior to the primary or election and before five o'clock P. M. on the [day] first Friday prior to the primary or election, the county board of elections shall determine the qualifications of such applicant by comparing the information set forth on such application with the information contained on the applicant's duplicate registration card on file in the General Register (also referred to as the Master File) in the office of the Registration Commission and shall cause the name and residence (and at primaries, the party enrollment) to be inserted in the Military, Veterans and Emergency Civilian Absentee Voters File as provided in section 1302.3, subsection (b). In addition, the [county] local district boards of elections shall, upon canvassing the official absentee ballots under section 1308, examine the voting check list of the election district of said elector's residence and satisfy itself that such elector did not cast any ballot other than the one properly issued to him under his absentee ballot application. In all cases where the examination of the [county] local district board of elections discloses that an elector did vote a ballot other than the one properly issued to him under the absentee ballot application, the [county] local district board of elections shall thereupon cancel said absentee ballot and said elector shall be subject to the penalties as hereinafter set forth.

(d) In the event that any application for an official absentee ballot is not approved by the county board of elections, the elector shall be notified immediately to that effect with a statement by the county board of the reasons for the disapproval.

(e) The absentee voter's temporary registration card shall be in duplicate and the same size as the permanent registration card, in a different and contrasting color to the permanent registration card and shall contain the absentee voter's name and address and shall conspicuously contain the words "Absentee Voter." Such card shall

also contain the affidavit required by subsection (b) of section 1306.

Section 1302.3.  Absentee Electors Files and Lists.—(a)  The county board of elections shall maintain at its office a file containing the [original] duplicate absentee voter's temporary registration cards of every registered elector to whom an absentee ballot has been sent. Such [original] duplicate absentee voter's temporary registration cards shall be filed by election districts and within each election district in exact alphabetical order and indexed.  The registration cards so filed shall constitute the Registered Absentee Voters File for the Primary or Election of (date of primary or election) and shall be kept on file for a period commencing the [Thursday] Tuesday prior to the day of the primary or election until the [third Monday] day following the primary or election or the day the county board of elections certifies the returns of the primary or election, whichever date is later.  Such file shall be open to public inspection at all times subject to reasonable safeguards, rules and regulations.

(b)  The county board of elections shall post in a conspicuous public place at its office a master list arranged in alphabetical order by election districts setting forth the name and residence, and at primaries, the party enrollment, of (1) every military elector to whom an absentee ballot is being sent, each such name to be prefixed with an "M"; (2) every bedridden or hospitalized veteran outside the county of his residence who is not registered and to whom an absentee ballot is being sent, each such name to be prefixed with a "V"; and (3) every registered elector who has filed his application for an absentee ballot too late for the extraction of his original registration card and to whom a ballot is being sent and every qualified elector who has filed his application for an absentee ballot and is entitled, under provisions of the Permanent Registration Law as now or hereinafter enacted by the General Assembly, to absentee registration prior to or concurrently with the time of voting, each such name to be prefixed with a "C."  This list shall be known as the Military, Veterans and Emergency Civilians Absentee Voters File for the Primary or Election of (date of primary or election) and shall be posted for a period commencing the Tuesday prior to the day of the primary or election until the [third Monday] day following the primary or election or the day on which the county board of elections certifies the returns of the primary or election, whichever date is later.  Such file shall be open to public inspection at all times subject to reasonable safeguards, rules and regulations.  This posted list shall not contain any military address or references to any military organization.  Upon written request, the county board shall furnish a copy of such list to any candidate or party county chairman.

(c) Not less than five days preceding the election, the chief clerk shall prepare a list for each election district showing the names and post office addresses of all voting residents thereof to whom official absentee ballots shall have been issued. Each such list shall be prepared in duplicate, shall be headed "Persons in (give identity of election district) to whom absentee ballots have been issued for the election of (date of election)," and shall be signed by him not less than four days preceding the election. He shall post the original of each such list in a conspicuous place in the office of the county election board and see that it is kept so posted until the close of the polls on election day. He shall cause the duplicate of each such list to be delivered to the judge of election in the election district in the same manner and at the same time as are provided in this act for the delivery of other election supplies, and it shall be the duty of such judge of election to post such duplicate list in a conspicuous place within the polling place of his district and see that it is kept so posted throughout the time that the polls are open. Upon written request, he shall furnish a copy of such list to any candidate or party county chairman.

Section 8.    Sections 1304 and 1306, subsection (b) of section 1307 and section 1308 of the act, amended August 13, 1963 (P. L. 707), are amended to read:

Section 1304.    Envelopes for Official Absentee Ballots.—

The county boards of election shall provide two additional envelopes for each official absentee ballot of such size and shape as shall be prescribed by the Secretary of the Commonwealth, in order to permit the placing of one within the other and both within the mailing envelope. On the smaller of the two envelopes to be enclosed in the mailing envelope shall be printed, stamped or endorsed the words "Official Absentee Ballot," and nothing else. On the larger of the two envelopes, to be enclosed within the mailing envelope, shall be printed the form of the declaration of the elector, and the name and address of the county board of election of the proper county. The larger envelope shall also contain information indicating the local election district of the absentee voter. Said form of declaration and envelope shall be as prescribed by the Secretary of the Commonwealth

and shall contain among other things a statement of the elector's qualifications, together with a statement that such elector has not already voted in such primary or election. The mailing envelope addressed to the elector shall contain the two envelopes, the official absentee ballot, lists of candidates when authorized by section 1303 subsection (b) of this act, the uniform instructions in form and substance as prescribed by the Secretary of the Commonwealth and nothing else: Provided, however, That envelopes for electors qualified under preceding section 1301, subsections (a) to (h), inclusive, shall have printed across the face of each transmittal or return envelope two parallel horizontal red bars, each one-quarter inch wide, extending from one side of the envelope to the other side, with an intervening space of one-quarter inch, the top bar to be one and one-quarter inches from the top of the envelope and with the words "Official Election Balloting Material via Air Mail" between the bars; that there be printed, in the upper right corner of each such envelope in a box, the words "Free of U. S. Postage, Including Air Mail;" that all printing on the face of each such envelope be in red, and that there be printed in red, in the upper left corner of each such envelope, the name and address of the county board of elections of the proper county or blank lines for return address of the sender:

Provided further, That the aforesaid envelope addressed to the elector may contain absentee registration forms [and instructions] where required, and shall contain detailed instructions on the procedures to be observed in casting an absentee ballot as prescribed by the Secretary of the Commonwealth, together with return envelope upon which is printed the name and address of the registration commission of the proper county, which envelope shall have printed across the face two parallel horizontal red bars, each one-quarter inch wide, extending from one side of the envelope to the other side, with an intervening space of one-quarter inch, the top bar to be one and one-quarter inches from the top of the envelope and with the words "Official Election Balloting Material via Air Mail" between the bars; that there be printed in the upper right corner of each such envelope in a box the words "Free of U. S. Postage, Including Air Mail," and, in the upper left corner of each such envelope, blank lines for return address of the sender; that all printing on the face of each such envelope be in red.

Section 1306.  Voting by Absentee Electors.—(a) At any time after receiving an official absentee ballot, but on or before [the day of] five o'clock P. M. on the Friday prior to the primary or election, the elector shall, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen, and then fold the ballot, enclose and securely seal the same in the envelope on which is

printed, stamped or endorsed "Official Absentee Ballot." This envelope shall then be placed in the second one, on which is printed the form of declaration of the elector, and the address of the elector's county board of election <u>and the local election district of</u>

<u>the elector.</u>   The elector shall then fill out, date and sign the declaration printed on such envelope. Such envelope shall then be securely sealed and the elector shall send same by mail, postage prepaid, except where franked, or deliver it in person [or by representative] to said county board of election:

Provided, however, That any elector, spouse of the elector or dependent of the elector, qualified in accordance with the provisions of section 1301, subsections (e), (f), (g) and (h) to vote by absentee ballot as herein provided, shall be required to include on the form of declaration a supporting declaration in form prescribed by the Secretary of the Commonwealth, to be signed by the head of the department or chief of division or bureau in which the elector is employed, setting forth the identity of the elector, spouse of the elector or dependent of the elector:

Provided further, That any elector who has filed his application in accordance with section 1302 [, subsection (f)] <u>subsection (e)</u>

<u>(2)</u>, and is unable to sign his declaration because of illness or physical disability, shall be excused from signing upon making a declaration which shall be witnessed by one adult person in substantially the following form: I hereby declare that I am unable to sign my declaration for voting my absentee ballot without assistance because I am unable to write by reason of my illness or physical disability. I have made or received assistance in making my mark in lieu of my signature.

.....................(Mark)

...................................
(Date)

...........................
(Signature of Witness)

...................................
(Complete Address of Witness)

(b) In the event that any such elector, excepting an elector in military service or any elector unable to go to his polling place because of illness or physical disability, entitled to vote an official absentee ballot shall be in the county of his residence on the day for holding the primary or election for which the ballot was issued, or in the event any such elector shall have recovered from his

illness or physical disability sufficiently to permit him to present himself at the proper polling place for the purpose of casting his ballot, such absentee ballot cast by such elector shall, [upon challenge properly sustained,] be declared void.

[However, any] Any such elector referred to in this subsection, who is within the county of his residence must present himself at his polling place and, shall be permitted to vote upon presenting himself at his regular polling place in the same manner as he could have voted had he not received an absentee ballot: Provided, That such elector has first presented himself [before the court of common pleas of his county between the hours of seven o'clock A. M. and five o'clock P. M. on the day of any primary or election and has procured an "Emergency Voting Form" signed by the court, which form entitles the elector to vote at his regular polling place upon the signing of a voter's certificate: Provided, however, That the court may require the surrender of said elector's absentee ballot where he has not already voted, which shall thereupon be marked "cancelled" by said court and transmitted to the county board of elections. In the event such elector has already voted, then the court shall direct the county board of elections to set such ballot aside unopened.] to the judge of elections in his local election district and shall have signed the affidavit on the absentee voter's temporary registration card, which affidavit shall be in substantially the following form:

I hereby swear that I am a qualified registered elector who has obtained an absentee ballot, however, I am present in the county of my residence and physically able to present myself at my polling place and therefore request that my absentee ballot be voided.

................................
(Date)                    (Signature of Elector)

................................
(Local Judge of Elections)

An elector who has received an absentee ballot under the emergency application provisions of section 1302.1, and for whom, therefore, no temporary absentee voter's registration card is in the district register, shall sign the aforementioned affidavit in any

case, which the local judge of elections shall then cause to be inserted in the district register with the elector's permanent registration card.

Section 1307.   Certain Electors Voting in Districts of Residence.—
* * *

(b) Each such application shall be in the form and shall contain the information required by this act together with a statement by the applicant that he has not already voted in the election.

The county board of elections shall ascertain from the information on such application or from any other source that such applicant possesses all the qualifications of a qualified elector other than being registered or enrolled.   If the board is satisfied that the applicant is qualified to receive an official absentee ballot, the application shall be marked "Approved," subject to the limitations set out in section 1302.2 of this act.   When so approved, the county board of elections shall cause the applicant's name and residence (and at primaries, the party enrollment) to be inserted in the "Military, Veterans and Emergency Civilian Absentee Voters File" as provided in section 1302.3 subsection (b).
* * *

Section 1308.   Canvassing of Official Absentee Ballots.—
(a) The county boards of election, upon receipt of official absentee ballots in such envelopes, shall safely keep the same in sealed or locked containers until they [meet to canvass official absentee ballots, which canvass shall begin immediately following the official civilian canvass for the primary or November election or the second Friday following the primary or November election, whichever date is later. Said canvass to commence at ten o'clock A. M., Eastern Standard Time.   No such ballots shall be counted which are received in their offices later than ten o'clock A. M., Eastern Standard Time, of the second Friday following the primary election or the November election.   At such time the members of the return boards or the county boards of election shall in person dispose of official absentee ballots in the manner hereinafter set forth.   The county boards of election may designate a sufficient number of clerks to perform such duties.   When it is determined that clerks shall be appointed, the total number shall in every case be in multiples of three, and each member of a county board of elections shall appoint an equal number thereof.] distribute same to the appropriate local election districts in a manner prescribed by the Secretary of the Commonwealth.

The county board of elections shall then distribute the absentee ballots, unopened, to the absentee voter's respective election dis-

trict concurrently with the distribution of the other election sup-
plies.   Absentee ballots shall be canvassed immediately and con-
tinuously without interruption until completed after the close of
the polls on the day of the election in each election district.   The
results of the [1] canvass of the absentee ballots shall then be in-
cluded in and returned to the county board with the returns of
that district.   No absentee ballot shall be counted which is received
in the office of the county board of election later than five o'clock
P. M. on the Friday immediately preceding the primary or Novem-
ber election.

(b) [Each candidate for nomination or election shall be entitled
to appoint one watcher and each political party or body which has
nominated candidates shall be entitled to appoint three watchers.]
Watchers shall be permitted to be present when the envelopes
containing official absentee ballots are opened and when such ballots
are counted and recorded.

[(c) In disposing of an official absentee ballot the county return
board or the county board of election shall examine the declaration
and if the same bears a date later than the date of such primary
or election, the envelope shall be set aside unopened.]

(d) Whenever it shall appear by due proof that any absentee
elector who has returned his ballot in accordance with the pro-
visions of this act has died prior to the opening of the polls on the
day of the primary or election, the ballot of such deceased elector
shall be rejected by the canvassers but the counting of the ballot
of an elector thus deceased shall not of itself invalidate any nomina-
tion or election.

(e) [The] At such time the local election board shall then further
examine the declaration on each envelope not so set aside and
shall compare the information thereon with that contained in
the "Registered Absentee Voters File," the absentee voters' list
and the "Military Veterans and Emergency Civilians Absentee
Voters File."   If the local election board is satisfied that the
declaration is sufficient [and that the elector has qualified,] and
[the board has utilized] the information contained in the "Registered
Absentee Voters File," the absentee voters' list and the "Military
Veterans and Emergency Civilians Absentee Voters File" [to verify]
verifies his right to vote, the local election board shall announce

---

[1] "canvas" in original.

the name of the elector and shall give any watcher present an opportunity to challenge [in like manner and for the same cause, except the failure of qualified electors set forth in preceding section 1301, subsections (a) to (i), inclusive, to register or enroll, as the elector could have been challenged had he presented himself in his own district to vote other than by official absentee ballot: Provided further, That any watcher may challenge] any absentee elector upon the ground or grounds (1) that the absentee elector is not a qualified [absentee] elector; [as defined in this act;] or (2) that the absentee elector was within the county of his residence on the day of the primary or election during the period the polls were open, except where he was in military service or except in the case where his ballot was obtained for the reason that he was unable to appear personally at the polling place because of illness or physical disability; or (3) that the absentee elector was able to appear personally at the polling place on the day of the primary or election during the period the polls were open in the case his ballot was obtained for the reason that he was unable to appear personally at the polling place because of illness or physical disability. Upon challenge of any absentee elector, as set forth herein the local election board shall mark "challenged" on the envelope together with the reason or reasons therefor, and the same shall be set aside for return to the county board unopened pending decision by the county board and shall not be counted. All absentee ballots not challenged for any of the reasons provided herein shall be counted and included with the general return of paper ballots or voting machines, as the case may be as follows. Thereupon, the local election board shall open the envelope of every unchallenged absentee elector in such manner as not to destroy the declaration executed thereon. All of such envelopes on which are printed, stamped or endorsed the words "Official Absentee Ballot" shall be placed in one or more depositories at one time and said depository or depositories well shaken and the envelopes mixed before any envelope is taken therefrom. If any of these envelopes shall contain any extraneous marks or identifying symbols other than the words "Official Absentee Ballot," the envelopes and the ballots contained therein shall be set aside and declared void. The local election board shall then break the seals of such envelopes, remove the ballots and record the votes in the same manner as district election officers are required to record votes. With respect to the challenged ballots, [the board] they shall be returned

to the county board with the returns of the local election district where they shall be placed unopened in a secure, safe and sealed container in the custody of the county board until it shall fix a time and place for a formal hearing of all such challenges and notice shall be given where possible to all absentee electors thus challenged and to every attorney, watcher or candidate who made such challenge. The time for the hearing shall not be later than [ten (10)] seven (7) days after the date of said challenge. On the day fixed for said hearing, the county board shall proceed without delay to hear said [1] challenges and, in hearing the testimony, the county board shall not be bound by technical rules of evidence. The testimony presented shall be stenographically recorded and made part of the record of the hearing. The decision of the county board in upholding or dismissing any [2] challenge may be reviewed by the court of common pleas of the county upon a petition filed by any person aggrieved by the decision of the county board. Such appeal shall be taken, within two (2) days after such decision shall have been made, whether reduced to writing or not, to the court of common pleas setting forth the objections to the county board's decision and praying for an order reversing same. Pending the final determination of all appeals, the county board shall suspend any action in canvassing and computing all challenged ballots irrespective of whether or not appeal was taken from the county board's decision. Upon completion of the computation of the returns of the county, the votes cast upon the challenged official absentee ballots shall be added to the other votes cast within the county.

(f) Any person challenging an application for an absentee ballot or an absentee ballot for any of the reasons provided in this act shall deposit the sum of ten dollars ($10.00) in cash with the local election board, in cases of challenges made to the local election board and with the county board in cases of challenges made to the county board for which he shall be issued a receipt for each challenge made, which sum shall only be refunded if the challenge is sustained or if the challenge is withdrawn within five

---

[1] "challenge" in original.
[2] "challenges" in original.

1202      Act Nos. 375-376          LAWS OF PENNSYLVANIA,

(5) days after the primary or election. If the challenge is dismissed by any lawful order then the deposit shall be forfeited. All deposit money received by the local election board shall be turned over to the county board simultaneously with the return of the challenged ballots. The county board shall deposit all deposit money in the general fund of the county.

Notice of the requirements of subsection (b) of section 1306 shall be printed on the envelope for the absentee ballot.

Section 9. The act is amended by adding after section 1330, a new section to read:

Section 1331. Violation of Provisions Relating to Absentee Voting. —Any person who shall violate any of the provisions of this act relating to absentee voting shall, unless otherwise provided, be subject to the penalties provided for in section 1850 of this act.

Section 10. This act shall take effect immediately.

APPROVED—The 11th day of December, A. D. 1968.

RAYMOND P. SHAFER.

---

## No. 376
## AN ACT

**SB 1086**

Prohibiting the interception and interference of certain police and fire radio broadcasts; regulating the manufacture, conversion, sale, possession and use of certain equipment adaptable for such purpose and prescribing penalties.

The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows:

Section 1. Police and Fire Radio Broadcasts.—(a) Police or fire radio broadcasts as used herein shall mean broadcasts on frequencies from one hundred fifty-four to one hundred fifty-six megacycles and four hundred fifty-three to four hundred fifty-nine megacycles only.

(b) No unauthorized person shall interfere with or broadcast on any police or fire radio broadcast. No person shall intercept any such broadcast for the purpose of aiding himself or others in the perpetra-

Ex. at 105