No. 25-1644

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

BETTE EAKIN, *et al.*,
    *Plaintiffs-Appellees*,

v.

ADAMS COUNTY BOARD OF ELECTIONS, *et al.*,
    *Defendants-Appellants*.

Appeal from the United States District Court for the Western District of Pennsylvania, Case No. 1:22-cv-00340 (Hon. Susan Paradise Baxter)

**MOTION FOR LEAVE TO PARTICIPATE AS AMICI CURIAE OF PENNSYLVANIA STATE CONFERENCE OF THE NAACP; LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA; BLACK POLITICAL EMPOWERMENT PROJECT; POWER INTERFAITH; COMMON CAUSE PENNSYLVANIA; AND MAKE THE ROAD PENNSYLVANIA**

Stephen Loney (PA 202535)
Kate Steiker-Ginzberg (PA 332236)
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA P.O. Box 60173
Philadelphia, PA 19102
sloney@aclupa.org

Ari J. Savitzky
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
asavitzky@aclu.org

*Counsel for Amici Curiae Continued on Inside Cover*

Witold J. Walczak (PA 62976)
AMERICAN CIVIL LIBERTIES UNION
OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
Tel: (412) 681-7736
vwalczak@aclupa.org

David Newmann (PA 82401)
Brittany C. Armour (PA 324455)
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4610
david.newmann@hoganlovells.com
brittany.armour@hoganlovells.com

Megan C. Keenan
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW
Washington, DC 10004
Tel: (202) 457-0800
mkeenan@aclu.org
acepedaderieux@aclu.org

*Counsel for Amici Curiae Pennsylvania State Conference of the NAACP, League of Women Voters of Pennsylvania, POWER Interfaith, Common Cause Pennsylvania, Black Political Empowerment Project, and Make the Road Pennsylvania*

## MOTION FOR LEAVE TO PARTICIPATE AS *AMICI*

Proposed *amici* the Pennsylvania State Conference of the NAACP, the League of Women Voters of Pennsylvania, Black Political Empowerment Project (B-PEP), POWER Interfaith, Common Cause Pennsylvania, and Make the Road Pennsylvania (collectively, the "*PA NAACP* Plaintiffs") are Pennsylvania non-partisan civic groups dedicated to safeguarding the right to vote for all and to promoting civic engagement and democratic participation across the Commonwealth, including for their many thousands of members and in traditionally disenfranchised communities:

- The **Pennsylvania State Conference of the NAACP** is a non-profit, non-partisan organization with thousands of members and multiple chapters across the Commonwealth that works to improve the political, educational, social, and economic status of African-Americans and other racial and ethnic minorities. Every election cycle, the State Conference engages in efforts to get out the vote, including by educating Black voters in Pennsylvania on different methods of voting, providing educational guides on local candidates to increase voter engagement, and focusing on

1

strategies to eliminate Black voter suppression both nationally and in Pennsylvania.

- The **League of Women Voters of Pennsylvania (LWVPA)** is a non-partisan grassroots civic organization with thousands of members committed to fostering an informed and active citizenry in government affairs. Rooted in the suffrage movement and affiliated with the national League of Women Voters, a nonpartisan, grassroots organization working to empower voters and defend democracy through advocacy, education, and litigation at the local, state, and national levels. LWVPA and its many local chapters play a pivotal role in civic engagement and serve as a catalyst for community organizing across the Commonwealth, including through voter registration, education, and engagement

- **Black Political Empowerment Project** is a non-profit, non-partisan organization that has worked since 1986 to ensure that the Pittsburgh African-American community votes in every election. B-PEP has numerous supporters, of various ages and races, throughout the Pittsburgh Region, working with numerous community organizations to empower Black and brown

communities. Each election cycle, B-PEP's work includes voter registration drives, get-out-the-vote activities, education and outreach about the voting process, and election-protection work in the Pittsburgh area.

- **POWER Interfaith** is a non-partisan faith-based community organizing network committed to building communities of opportunity that work for all. Founded in Philadelphia, POWER Interfaith represents more than 150 congregations working to bring about justice across Southeastern and Central Pennsylvania. POWER engages directly with voters across Pennsylvania, and its civic engagement efforts include voter education programs, voter registration drives, and "Souls to the Polls" efforts to encourage congregants to vote, including by mail.

- **Common Cause Pennsylvania** is a non-profit, non-partisan political advocacy organization and a chapter of the national Common Cause organization. With approximately 36,000 members and supporters in Pennsylvania, Common Cause Pennsylvania works to encourage civic engagement and public participation in democracy, to ensure that public officials and public institutions are

3

accountable to and reflective of all people, and to implement structural changes through the American democratic process, through grassroots mobilization, community education, coalition building, legislative advocacy, and litigation to ensure that voters in communities that vote at the lowest rates can have their vote counted.

- **Make the Road Pennsylvania** is a not-for-profit, member-led organization formed in 2014 that builds the power of the working-class in Latine and other communities to achieve dignity and justice through organizing, policy innovation, and education services. Make the Road PA's more than 10,000 members are primarily working-class residents of Pennsylvania, many in underserved communities. Make the Road PA's work includes voter protection, voter advocacy and voter education.

Consistent with their respective missions, proposed *amici* are the organizational plaintiffs in a companion case to this one, *Pennsylvania State Conference of the NAACP v. Schmidt*, No. 22 Civ. 339 (W.D. Pa.) ("*PA NAACP*"), challenging the disenfranchisement of voters for failure to comply with the meaningless envelope-dating requirement at issue

4

here. *Amici* previously sought intervention in this appeal, *see* Mot., Dkt. 62, and this Court denied intervention without prejudice to the *PA NAACP* Plaintiffs' participation as *amici curiae*, *see* Order, Dkt. 70.

A party may participate as an amicus "if all parties consent or if the court grants leave." *E.g.*, *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 130 (3d Cir. 2002); *see* Fed. R. App. P. 29(a)(2). Here, the Republican Party Intervenor-Appellants, the Commonwealth Intervenor-Appellants, the *Eakin* Plaintiffs-Appellees, and every county appellee to have responded to the *PA NAACP* Plaintiffs' request for consent have indicated that they do not oppose the *PA NAACP* Plaintiffs' participation as *amici*. However, because at least some county appellee parties have not responded to the request, *amici* seek leave from the Court to participate.

To obtain leave, proposed *amici* must show that they have some "interest" in the proceedings, that their participation would be "desirable," and that the matters to be asserted in their brief are "relevant to the disposition of the case." *Neonatology Assocs.*, 293 F.3d at 131. The *PA NAACP* Plaintiffs' interest in the case, and the desirability and relevance of their potential contributions to this appeal, were

discussed in their prior motion to intervene, which *amici* incorporate by reference here. As explained there and further set forth below, each of the requirements is met here.

The *PA NAACP* Plaintiffs' interests are deeply and directly implicated here. Consistent with their core missions as some of the pre-eminent non-partisan civic organizations in Pennsylvania, each of the *PA NAACP* Plaintiffs have a longstanding interest in safeguarding the fundamental right of their members and voters in the communities they serve to have their votes counted and not disqualified based on noncompliance with a vestigial paperwork requirement that does not serve any meaningful government interest. Indeed, the *PA NAACP* Plaintiffs' interests in this regard are so strong that they independently established Article III standing to litigate the underlying controversy (as they are doing in the companion *PA NAACP* case). Their standing is based on the direct harm that they experience when, in each and every election in which the envelope-date rule has been used to mass-disenfranchise thousands of voters, they have been forced to expend resources, including precious staff and volunteer time at the height of election season, on assisting voters who have already voted but face

6

disenfranchisement due to the envelope-date rule's enforcement, rather than on other priorities like turning out new and infrequent voters and increasing overall participation. *See, e.g.*, Pls.' MSJ at 12-18, *Pa. State Conf. of NAACP v. Schmidt*, No. 1:22-cv-339 (WD. Pa) ("*NAACP* Dkt."), ECF No. 402.

Moreover, as litigants in the *PA NAACP* case, where they are advancing an *Anderson-Burdick* claim identical to the one at issue in this appeal, *amici* have a direct interest in the outcome of this appeal, which will almost certainly control the result in *PA NAACP*, at least as to the *Anderson-Burdick* claim.

The desirability and relevance of the *PA NAACP* Plaintiffs' participation is similarly obvious. As plaintiffs in the *PA NAACP* litigation, *amici* obtained full discovery from the Commonwealth of Pennsylvania and all 67 county boards of elections, including through extensive written and document discovery and multiple depositions of local election officials. The discovery record developed by the *PA NAACP* Plaintiffs was then incorporated into the *Eakin* case by order of the district court, and thus served as the basis for the summary judgment records in both cases (and thus as the record in this appeal). *See* Case

Mgmt. Order at 2, , *Eakin v. Adams Cty. Bd. of Elections,* No. 22 Civ. 340 (W.D. Pa) ("*Eakin* Dkt.*"),* ECF No. 227 ("Defendants must send Plaintiffs all discovery materials produced in *NAACP v. Chapman*").

Because of their extensive work engaging and assisting Pennsylvania voters, including mail ballot voters, in election after election, *and* because of their leading role in developing the underlying record in this case, *amici* have a unique and profound understanding of the nature and extent of the burdens that rigid enforcement of the envelope-dating requirement places on voters, as well as the asserted government justifications for those burdens and the evidence that does (or does not) exist to support such justifications. Indeed, the *PA NAACP* Plaintiffs previously litigated, in this Court, a federal statutory claim against the rigid enforcement of the envelope-date requirement, resulting in a decision in which this Court, while reversing an earlier grant of summary judgment to the *PA NAACP* Plaintiffs on statutory interpretation grounds, acknowledged that the handwritten date "is immaterial" to a voter's qualifications and "serves little apparent purpose." *Pa. State Conf. of NAACP Branches v. Sec'y Commonwealth of Pa.*, 97 F.4th 120, 125, 129 (3d Cir. 2024).

8

The burden imposed on voters, and the state interests that may (or, as in this case, may not) justify those burdens, are of central relevance to the constitutional question now before the Court. *See Const. Party of Pa. v. Cortes*, 877 F.3d 480, 484 (3d Cir. 2017) (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983)); *see also Burdick v. Takushi*, 504 U.S. 428, 434 (1992). As set forth in the accompanying *amicus curiae* brief, the *PA NAACP* Plaintiffs' participation will help to elucidate the details in the underlying factual record (that they developed) regarding the burdens placed on voters and the potential government justifications for those burdens. Their participation as *amici* is thus desirable and will be relevant to the disposition of the appeal. Accordingly, the motion should be granted.

## CONCLUSION

The *PA NAACP* Plaintiffs respectfully request that this Court grant their motion to participate as *amici curiae* and that it accept the accompanying brief, which is timely submitted within the period supplied by the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 29(a)(6).

Dated: June 9, 2025									Respectfully submitted,

*/s/ Ari J. Savitzky*

| | |
|---|---|
| Stephen Loney (PA 202535) | Ari J. Savitzky |
| Kate Steiker-Ginzberg (PA 332236) | Sophia Lin Lakin |
| AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA P.O. Box 60173 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| Philadelphia, PA 19102 | 125 Broad Street, 18th Floor |
| sloney@aclupa.org | New York, NY 10004 |
| | Tel.: (212) 549-2500 |
| Witold J. Walczak (PA 62976) | asavitzky@aclu.org |
| AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA | slakin@aclu.org |
| P.O. Box 23058 | Megan C. Keenan |
| Pittsburgh, PA 15222 | Adriel I. Cepeda Derieux |
| Tel: (412) 681-7736 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| vwalczak@aclupa.org | 915 15th Street NW |
| David Newmann (PA 82401) | Washington, DC 10004 |
| Brittany C. Armour (PA 324455) | Tel: (202) 457-0800 |
| HOGAN LOVELLS US LLP | mkeenan@aclu.org |
| 1735 Market Street, 23rd Floor | acepedaderieux@aclu.org |
| Philadelphia, PA 19103 | |
| Tel: (267) 675-4610 | *Counsel for the Pennsylvania State Conference of the NAACP, League of Women Voters of Pennsylvania, POWER Interfaith, Common Cause Pennsylvania, Black Political Empowerment Project and Make the Road Pennsylvania* |
| david.newmann@hoganlovells.com | |
| brittany.armour@hoganlovells.com | |

# COMBINED CERTIFICATIONS

The undersigned is a member of the bar of this Court.

This motion complies with the word limit of Fed. R. App. P. 27(d)(2) because this document contains fewer than 5,200 words.

The text of this electronic brief is identical to the text in any paper copies that will be filed with the Court.

A virus detection program, Microsoft Word from the Microsoft Office Professional Plus 2010 suite, has been run on this electronic brief and no virus was detected.

Dated: June 9, 2025                                Respectfully submitted,

                                                                  /s/ Ari J. Savitzky
                                                                 Ari J. Savitzky

## CERTIFICATE OF SERVICE

I herby certify that on June 9, 2025, I caused a true and correct copy of the foregoing Motion to be served on all parties via the Court's CM/ECF system.

Dated: June 9, 2025                    Respectfully submitted,

                                       */s/ Ari J. Savitzky*
                                       Ari J. Savitzky