

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF Attorney General

DAVID W. SUNDAY, JR.
ATTORNEY GENERAL

September 30, 2025

Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (267) 530–0886
bgraham@attorneygeneral.gov

U.S. Court of Appeals, Third Circuit
Patricia S. Dodszuweit
Clerk of Court
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:　*Eakin v. Adams County Board of Elections et al.*, No. 25–1644

Dear Ms. Dodszuweit,

　　Pursuant to Rule 28(j), I write to advise the Court of a decision issued on September 26, 2025, in *Center for Coalfield Justice et al. v. Washington County Board of Elections et al.*, No. 28 WAP 2024 (Pa.).

　　The present case concerns the requirement that a mail-in or absentee voter sign *and date* the outer return envelope in which their ballot travels to a county board of elections. *See* ECF 149 at 1. As explained in the Commonwealth's *en banc* petition, the panel erred by treating it as "set in stone" that county boards need not provide voters any notice of such a defect so that they may still cast a ballot—an issue that had yet to be resolved by the Pennsylvania Supreme Court. *Id.* at 14–15.

　　In *Coalfield Justice*, the Pennsylvania Supreme Court concluded that the statutory right to cast a provisional ballot establishes a liberty interest protected by procedural due process. Slip op. at 24–27. Thus, when a county board of elections segregates a voter's return packet for a disqualifying error, it must "provide notice of [that error] to the impacted elector[] via the entry of accurate … codes in the [State Uniform Registry of Electors] system." *Id.* at 57, 61–62. Voters cannot correct the defective return packet, but may cast a provisional ballot. *Id.* at 66–67.

*Coalfield Justice* undermines the panel's reasoning in many ways. Initially, it moderates whatever minimal burden exists by giving voters another opportunity to cast a ballot. *Cf.* ECF 149 at 4–7, 10. Separately, it belies the panel's understanding that the result of failing to provide a handwritten date is "not speculative." *See id.* at 7, 13–15. It also reinforces the Commonwealth's invocation of federalism principles. *Id.* at 9–11. Finally, it refocuses attention on Pennsylvania's scheme as a whole, as well as the availability of political opportunity. *See id.* at 12–15; ECF 72 at 20; ECF 113 at 10–12.

The disposition in *Coalfield Justice* thus merits the *en banc* Court's attention.

Respectfully,

/s/ Brett Graham
Deputy Attorney General