UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1644
_____

BETTE EAKIN; DSCC; DCCC; AFT PENNSYLVANIA

v.

ADAMS COUNTY BOARD OF ELECTIONS; ALLEGHENY COUNTY BOARD OF ELECTIONS; BEAVER COUNTY BOARD OF ELECTIONS; BEDFORD COUNTY BOARD OF ELECTIONS; BERKS COUNTY BOARD OF ELECTIONS; BLAIR COUNTY BOARD OF ELECTIONS; BRADFORD COUNTY BOARD OF ELECTIONS; BUCKS COUNTY BOARD OF ELECTIONS; BUTLER COUNTY BOARD OF ELECTIONS; CAMBRIA COUNTY BOARD OF ELECTIONS; CAMERON COUNTY BOARD OF ELECTIONS; CARBON COUNTY BOARD OF ELECTIONS; CENTRE COUNTY BOARD OF ELECTIONS; CHESTER COUNTY BOARD OF ELECTIONS; CLARION COUNTY BOARD OF ELECTIONS; CLEARFIELD COUNTY BOARD OF ELECTIONS; CLINTON COUNTY BOARD OF ELECTIONS; COLUMBIA COUNTY BOARD OF ELECTIONS; CRAWFORD COUNTY BOARD OF ELECTIONS; CUMBERLAND COUNTY BOARD OF ELECTIONS; FULTON COUNTY BOARD OF ELECTIONS; HUNTINGDON COUNTY BOARD OF ELECTIONS; INDIANA COUNTY BOARD OF ELECTIONS; JEFFERSON COUNTY BOARD DAUPHIN COUNTY BOARD OF ELECTIONS; DELAWARE COUNTY BOARD OF ELECTIONS; ELK COUNTY BOARD OF ELECTIONS; FAYETTE COUNTY BOARD OF ELECTIONS; FOREST COUNTY BOARD OF ELECTIONS; FRANKLIN COUNTY BOARD OF ELECTIONS; OF ELECTIONS; JUNIATA COUNTY BOARD OF ELECTIONS; LACKAWANNA COUNTY BOARD OF ELECTIONS; LANCASTER COUNTY BOARD OF ELECTIONS; LAWRENCE COUNTY BOARD OF ELECTIONS; LEBANON COUNTY BOARD OF ELECTIONS; LEHIGH COUNTY BOARD OF ELECTIONS; LUZERNE COUNTY BOARD OF ELECTIONS; LYCOMING COUNTY BOARD OF ELECTIONS; MCKEAN COUNTY BOARD OF ELECTIONS; MERCER COUNTY BOARD OF ELECTIONS; MIFFLIN COUNTY BOARD OF ELECTIONS; MONROE COUNTY BOARD OF ELECTIONS; MONTGOMERY COUNTY BOARD OF ELECTIONS; MONTOUR COUNTY BOARD OF ELECTIONS; NORTHAMPTON COUNTY BOARD OF ELECTIONS; NORTHUMBERLAND COUNTY BOARD OF ELECTIONS; PERRY COUNTY BOARD OF ELECTIONS; PIKE COUNTY

BOARD OF ELECTIONS; POTTER COUNTY BOARD OF ELECTIONS; SNYDER COUNTY BOARD OF ELECTIONS; SOMERSET COUNTY BOARD OF ELECTIONS; SULLIVAN COUNTY BOARD OF ELECTIONS; TIOGA COUNTY BOARD OF ELECTIONS; UNION COUNTY BOARD OF ELECTIONS; VENANGO COUNTY BOARD OF ELECTIONS; WARREN COUNTY BOARD OF ELECTIONS; WAYNE COUNTY BOARD OF ELECTIONS; WESTMORELAND COUNTY BOARD OF ELECTIONS; WYOMING COUNTY BOARD OF ELECTIONS; ERIE COUNTY BOARD OF ELECTIONS; GREENE COUNTY BOARD OF ELECTIONS; PHILADELPHIA COUNTY BOARD OF ELECTIONS; SCHUYLKILL COUNTY BOARD OF ELECTIONS; SUSQUEHANNA COUNTY BOARD OF ELECTIONS; YORK COUNTY BOARD OF ELECTIONS; ARMSTRONG COUNTY BOARD OF ELECTIONS; WASHINGTON COUNTY BOARD OF ELECTIONS

REPUBLICAN NATIONAL COMMITTEE;
NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE;
REPUBLICAN PARTY OF PENNSYLVANIA,
(Intervenors in District Court)
　　　　　　　　　　　　　　　　　　　　　Appellants

_____

District Court No. 1:22-cv-00340
_____

SUR PETITION FOR REHEARING
_____

Before: CHAGARES, Chief Judge, HARDIMAN, SHWARTZ, KRAUSE, RESTREPO, BIBAS, PORTER, MATEY, PHIPPS, FREEMAN, MONTGOMERY-REEVES, CHUNG, BOVE, and SMITH,[*] Circuit Judges

---

[*] The vote of the Honorable D. Brooks Smith, Senior Judge of the United States Court of Appeals for the Third Circuit, is limited to panel rehearing.

The petition for rehearing filed by the Intervenor Appellant, the Commonwealth of Pennsylvania, and the petition for rehearing filed by the Intervenor Appellants, the Republican National Committee, the National Republican Congressional Committee, and the Republican Party of Pennsylvania, in the above-entitled case having been submitted to the judges who participated in the decision of this Court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the judges of the circuit in regular service not having voted for rehearing, the petitions for rehearing by panel and the Court en banc, are denied.[1]

                        BY THE COURT,

                        s/D. Brooks Smith
                        Circuit Judge

Dated: October 14, 2025
tmk/cc: all counsel of record

---

[1] Judges Hardiman, Bibas, Porter, Matey, Phipps, and Bove would grant the petitions for rehearing by the en banc court. Judge Phipps, joined by Judges Hardiman, Bibas, Porter, Matey and Bove, files the attached dissent sur denial of rehearing. Judge Bove will file a separate dissent sur rehearing on a later date.

*Eakin v. Adams County Board of Elections*, No. 25-1644

PHIPPS, *Circuit Judge*, joined by HARDIMAN, BIBAS, PORTER, MATEY, and BOVE, *Circuit Judges*, dissenting sur denial of rehearing *en banc*.

  The decision in this case declared unconstitutional the date requirement for mail-in ballots in Pennsylvania on the ground that its burden on voters outweighed the Commonwealth's interests in the orderly administration of elections, the solemnity of elections, and the prevention of election fraud. Central to this Court's analysis under that *Anderson-Burdick* balancing test[1] was the *Boockvar* decision from the Pennsylvania Supreme Court, which held that the Free and Equal Elections Clause of the Pennsylvania Constitution[2] did not require either notice to voters of the rejection of their mail-in ballots or the opportunity to correct ballot defects. *See Eakin v. Adams Cnty. Bd. of Elections*, 149 F.4th 291, 302, 309–10 (3d Cir. Aug. 26, 2025) (citing *Pa. Democratic Party v. Boockvar*, 238 A.3d 345, 374 (Pa. 2020)). A month after this Court's ruling, however, the Pennsylvania Supreme Court decided *Coalfield Justice*, which held that the Inherent Rights Clause of the Pennsylvania Constitution[3] requires that mail-in voters receive notice of the rejection of their ballots and the opportunity to correct ballot defects. *Ctr. for Coalfield Just. v. Wash. Cnty. Bd. of Elections*, 2025 WL 2740487, at *8, *25, *30 (Pa. Sept. 26, 2025). This Court's decision evaluated the prior scheme for mail-in voting, not the one now required by *Coalfield Justice*.

  As a legal matter, this Court's decision was already questionable because in its *Anderson-Burdick* balancing, it did not treat the date requirement for mail-in ballots as a

---

[1] *See generally Anderson v. Celebrezze*, 460 U.S. 780 (1983); *Burdick v. Takushi*, 504 U.S. 428 (1992).

[2] Pa. Const. art. 1, § 5.

[3] Pa. Const. art. 1, § 1; *see also R. v. Commonwealth, Dep't of Pub. Welfare*, 636 A.2d 142, 152 (Pa. 1994) ("Even though the term 'due process' appears nowhere in [Section 1 or 11 of Article I of the Pennsylvania Constitution], due process rights are considered to emanate from them.").

1

*de minimis* burden, *see Mazo v. N.J. Sec'y of State*, 54 F.4th 124, 138–39 (3d Cir. 2022), and because it substantially undervalued the Commonwealth's identified interests in the date requirement.[4] And that was before *Coalfield Justice* eliminated two of the key rationales for this Court's decision: the lack of notice of a rejected mail-in ballot and the absence of an opportunity to correct such a rejected ballot. So now as a practical matter, reconsideration of this Court's decision is especially needed because it is not clear that the ruling has any applicability going forward – it appears not to.[5]

In short, there are significant questions about this Court's decision, and as a matter of exceptional importance, it merits *en banc* reconsideration. I therefore vote for such review.

---

[4] *Cf. generally Daunt v. Benson*, 999 F.3d 299, 322–33 (6th Cir. 2021) (Readler, J., concurring) (identifying broader problems with the *Anderson-Burdick* balancing test and its application).

[5] *Cf. Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, 585 U.S. 33, 44 (2018) ("If the relevant state law is established by a decision of 'the State's highest court,' that decision is 'binding on the federal courts.'" (quoting *Wainwright v. Goode*, 464 U.S. 78, 84 (1983))).